http://71.41.121.151/BenchmarkWeb/CourtCase.aspx/Details/162752?digest=JrMGXlbE...

Best viewed in 1024x768 or higher resolution. Copyright 2008 - 2010 Pioneer Technology Group All Rights Reserved.
version 2.5.1.1

**Benchmark**

Print View

Search   Settings   Help

## Case Details - Summary
## 2009 CA 008077 CI - WELLS FARGO BANK, N.A. vs. TACORONTE, DANIELLE

Summary   History

**SUMMARY**

Judge: WALLER, MARGARET T    Case Type: CIRCUIT CIVIL    Status: CLOSED

Case Number: 2009 CA 008077 CI    Uniform Case Number: 492009CA008077CIXXXX

Clerk File Date: 7/15/2009    Status Date: 4/5/2012

Agency:    Total Fees Due: 0.00    Booking #:

Agency Report #:    Custody Location:

**PARTIES**

| TYPE | PARTY NAME | ATTORNEY |
|------|------------|----------|
| DEFENDANT | TACORONTE, DANIELLE | ANDREWS, TANNER |
| PLAINTIFF | WELLS FARGO BANK, N.A. | COHEN, JODI N. (Main Attorney) |

**EVENTS**

| DATE | EVENT | JUDGE | LOCATION | RESULT |
|------|-------|-------|----------|--------|
| 3/26/2012 8:30 AM | JURY TRIAL | WALLER, MARGARET T | COURTROOM 5D | CANCELLED - CANCELLED |
| 3/16/2012 11:00 AM | MOTION FOR SUMMARY JUDGMENT | WALLER, MARGARET T | COURTROOM 5D | HH - HEARING HELD |
| 2/15/2012 9:45 AM | PRE-TRIAL | WALLER, MARGARET T | COURTROOM 5D | HH - HEARING HELD |
| 10/12/2011 9:45 AM | STATUS HEARING | WALLER, MARGARET T | COURTROOM 5D | CANCELLED - CANCELLED |

**CASE DOCKETS**

| DATE | ENTRY |
|------|-------|
| 12/27/2012 | PAYMENT $4.00 RECEIPT #2012001678 |
| 12/27/2012 | COPIES CIRCUIT CIVIL ASSESSED $4.00 |
| 7/10/2012 | MEMORANDUM (REC) |
| 7/6/2012 | NOTICE OF APPEAL OF FINAL ORDER (REC) |

TECHNOLOGY GROUP

Dashboard
Court Docket
Recent Cases (2)
Recent Searches
Case #: 2009 CA 008077
Case #: 2009-CA-008077
Case #: 2009-CA-008077
CI
Name: TACORONTE

Exhibit A

IN THE CIRCUIT COURT OF THE
9TH JUDICIAL CIRCUIT IN AND FOR
OSCEOLA COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 09- CA8077


WELLS FARGO BANK, N.A.,
a national banking association,

        Plaintiff,

vs.

DANIELLE TACORONTE,

        Defendant.

_____/

## MOTION TO VACATE DISMISSAL

Plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), moves this Court for the entry of an Order Vacating the Court's Order Granting Motion to Dismiss dated November 5, 2009, and as grounds therefor alleges:

1.      On July 8, 2009, Wells Fargo filed a breach of contract action against Danielle Tacoronte for failure to pay under the terms of an EquityLine Account Agreement and Disclosure Statement.

2.      On August 25, 2009, Tacoronte filed her Motion to Dismiss the Complaint.

3.      On November 1, 2009, undersigned counsel's prior firm, Rothstein Rosenfeldt Adler's ("RRA") managing partner was accused of stealing $1.2 billion dollars from investors and law firm trust accounts.

Exhibit B

4.  As a result of the above allegations, on the evening of November 4, 2009, at approximately 6:30 p.m., the FBI raided the law firm of RRA and seized all computer servers.

5.  RRA was a complete paperless firm that did not maintain any hard copies of files. Rather all pleadings were stored on the firm's servers under each individual file.

6.  As a result of the FBI raiding the firm on the evening of November 4, 2009, upon undersigned counsel's arrival at RRA on the morning of November 5, 2009, she was informed that the computer servers were down and that she was unable to gain access to the computer file that was needed for the hearing in this action.  Immediately upon being informed of this information, undersigned counsel's assistant contacted Judge Kest's Judicial Assistant informing her of the situation and the Judicial Assistant said that the hearing would be continued.

7.  On November 5, 2009, despite the Judicial Assistant's response, this Court held a hearing and granted Tacoronte's Motion to Dismiss, after only hearing argument by Tacoronte's counsel and ordered Wells Fargo to amend its complaint within 20 days.

8.  Despite the fact that undersigned counsel was unable to attend the hearing, even if she did attend the hearing via telephone, she would not have been able to adequately represent her client because the FBI seized the servers containing the information she needed for the hearing.

9.  Further, undersigned counsel did not know the name of opposing counsel because this information was also on the servers, and therefore was unable to contact him and inform him of her inability to attend the hearing.  Additionally, undersigned counsel was not informed that she lacked access to the servers until she arrived at the office on the morning of November 5, 2009, which was approximately 30 minutes prior to the time of the hearing.

2

CASE NO. 09-CA8077

hearing on Tacoronte's Motion to Dismiss and grant all other relief as this Court deems just and

appropriate.

RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 NE Third Avenue, Suite 1800
Fort Lauderdale, Florida 33301
Telephone (954) 462-8000
Telecopier (954) 462-4300

By:_____
    Jodi N. Cohen
    Florida Bar No. 590231

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

mail this 15th day of December, 2009, upon: Tanner Andrews, P.O. Box 1208, Deland, FL

32721.

_____
Jodi N. Cohen

J:\Wpdocs\Wells Fargo Bank\Tacoronte\Motion to Vacate.docx

4

IN THE CIRCUIT COURT
OF THE 9th JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

WELLS FARGO BANK, N.A.
Plaintiff

) OTHER CIVIL
)
)
v. )
) case # 2009-CA-008077-CI
DANIELLE TACORONTE ) The Hon. **Margaret Waller**
Defendant )
)
)
)
_____ )

## NOTICE of NON-APPEARANCE

Defendant, **Danielle Tacoronte**, gives notice as follows:

1.   Fla.R.Jud.Adm. 2.505(e) provides three ways in which an attorney may appear in a proceeding.

2.   The attorney who is here for Plaintiff has done none of these three things. Counsel of record for Plaintiff is Jodi Cohen, a fact reflected in the Clerk's web-accessible public docket.

3.   Accordingly the plaintiff has failed to show up for the pre-trial conference.

### Certificate of Service

I certify that a copy hereof has been furnished to all parties listed below by the method indicated for each party.

Done this __15__ day of ___February___ ,    __2012__    .

**Wells Fargo Bank, N.A.**        (by mail)
Jodi N. Cohen, Esq.,
Rice Purgatch Robinson & Schiller P.A.,
101 NE 3rd Ave., #1800,
Ft Lauderdale, FLA   33301.

Respectfully submitted,

Tanner Andrews
Fla. Bar #21426
Counsel for Mrs. Tacoronte
Tanner Andrews, P.A.
112 W. New York Ave., #203
P.O. Box 1208
DeLand, FLA   32721
pho +1 386 490 1128
fax +1 386 734 2116
e-mail tanner@sunshine-lawyer.com



Filed in Open Court this
__15__ day of __Feb.__
A.D. __2012__
MALCOM THOMPSON, CLERK
By _____ D.C.

@(#)7056-tac-w09-1205.txt 1.0 14-Feb-2012

(mac la3 base(30i, 08-Nov-2011): krgal(10p, 19-Aug-2010), cite(3.1, 26-Mar-2005)



Case: 2009 CA 008077 CI
Dkt: .FFIOPEN                                                                 page 1

Exhibit C

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA
CASE NO.: 09CA8077

WELLS FARGO BANK, N.A.,

       Plaintiff,

vs.

DANIELLE TACORONTE,

       Defendant.

_____/

## FINAL SUMMARY JUDGMENT

THIS CAUSE came on to be heard upon Plaintiff's, WELLS FARGO BANK, N.A., Motion for Summary Judgment on the 16th day of March, 2012. The Court has reviewed Plaintiff's Motion and supporting Affidavits, Defendant's Affidavit in Opposition to Motion for Summary Judgment and the various authorities provided by the parties to the Court in connection with this Motion. The Court also heard extensive argument of counsel for the respective parties. The Court finds that no material issues of fact exists in this cause and that Plaintiff is entitled to the entry of Final Summary Judgment. Plaintiff's Affidavit in Support of Motion for Summary Judgment attached 36 account statements indicating the indebtedness owed by Defendant to Plaintiff, the payments made by Defendant and the default in payment of said obligation by Defendant. Defendant's Affidavit in Opposition to Plaintiff's Motion for Summary Judgment did not challenge nor question the accuracy of any of these account statements. During the hearing, Plaintiff agreed to limit the amount of Plaintiff's recovery to $129,000.00 in order to avoid a factual issue dispute as to whether or not Defendant was entitled to a $1,000.00 set-off from the indebtedness owed by Defendant to Plaintiff. In light of there being no material issues of fact to be determined in this cause, and the Court being otherwise advised in the premises, it is

ORDERED and ADJUDGED as follows:

1.    Plaintiff's, WELLS FARGO BANK, N.A., Motion for Summary Judgment be and the same is hereby granted.

2.    Plaintiff, WELLS FARGO BANK, N.A., shall have and recover of and from said Defendant, DANIELLE TACORONTE, the sum of $129,000.00 that shall bear interest at the rate of 4.75% per year, all for which let execution issue.

DONE AND ORDERED in Chambers at Kissimmee, Osceola County, Florida this _29th_ day of _March_, 2012.

MARGARET WALLER
Circuit Court Judge

cc:    Marc B. Cohen, Esq., 250 S. Australian Avenue, Suite 700, West Palm Beach, FL 33401
Tanner Andrews, Esq., P.O. Box 1208, DeLand, FL 32721

Exhibit D

| Comments: | Account closed at consumers request |
|---|---|

81-Month Payment History

No 81-Month Payment Data available for display.

# Other Accounts

These are all accounts that do not fall into the other categories and can include 30-day accounts such as American Express.

**You have no accounts classified as "Other" on file**

# Payment History Key

| Meaning | Symbol | | Meaning | Symbol |
|---|---|---|---|---|
| Pays or Paid as Agreed: | | | 180+ Days Past Due: | 180 |
| 30-59 Days Past Due: | 30 | | Collection Account: | CA |
| 60-89 Days Past Due: | 60 | | Foreclosure: | F |
| 90-119 Days Past Due: | 90 | | Voluntary Surrender: | VS |
| 120-149 Days Past Due: | 120 | | Repossession: | R |
| 150-179 Days Past Due: | 150 | | Charge Off: | CO |

# Inquiries

A request for your credit history is called an inquiry. Inquiries remain on your credit report for two years. There are two types of inquires - those that may impact your credit rating and those that do not.

**Inquiries that may impact your credit rating**

These inquires are made by companies with whom you have applied for a loan or credit.

| Name of Company | Date of Inquiry |
|---|---|
| COHEN, CONWAY, COPELAND & | 01/26/12 |

| Creditor Contact Information |
|---|

COHEN, CONWAY, COPELAND &
10 CENTRAL PARKWY STE 400
PAIVA, PA

STUART, FL 34995-0259
(561) 227-2370

| WELLS FARGO | 01/27/12 |
|---|---|

| Creditor Contact Information |
|---|

WELLS FARGO
18700 NW Walker Rd
Beaverton, OR 970062950
(800) 842-4720

**Inquiries that do not impact your credit rating**
These inquires include requests from employers, companies making promotional offers and your own requests to check your credit. These inquiries are only viewable by you.

| Company Information | Date of Inquiry |
|---|---|
| PRM-AT&T WIRELESS | 08/30/12, 06/28/12, 05/23/12, 10/26/11 |
| PRM-DMI FINANCIAL, INC. | 09/04/12 |

Exhibit E

# Supreme Court of Florida

## TUESDAY, JANUARY 24, 2012

CASE NO.: SC11-2385
Lower Tribunal No(s).: 2011-50,543(19B)

THE FLORIDA BAR                    vs.    MARC B. COHEN

_____

Complainant(s)                                      Respondent(s)

The conditional guilty plea and consent judgment for discipline are approved and respondent is placed on probation for three years under the terms and conditions set forth in the consent judgment, effective immediately.

Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Marc B. Cohen in the amount of $1,879.12, for which sum let execution issue.

Not final until time expires to file motion for rehearing, and if filed, determined. The filing of a motion for rehearing shall not alter the effective date of this probation.

A True Copy
Test:

Thomas D. Hall
Clerk, Supreme Court

kb
Served:

KENNETH LAWRENCE MARVIN
JAN K. WICHROWSKI ✓
MICHAEL K. SPOTTS

JAN 26 2012

Exhibit F

IN THE SUPREME COURT OF FLORIDA

                                                                    NOV 2 1 2011

THE FLORIDA BAR,

              Complainant,                    Case No. _____
                                              [TFB File No. 2011-50,543(19B)]

v.

MARC B. COHEN,

              Respondent.
_____/

## CONDITIONAL GUILTY PLEA FOR CONSENT JUDGMENT

COMES NOW, the undersigned respondent, Marc B. Cohen, and files this

Conditional Guilty Plea pursuant to R. Regulating Fla. Bar 3-7.9(a).

    1.    Respondent is, and at all times mentioned herein was, a member of

The Florida Bar, subject to the jurisdiction of the Supreme Court of Florida.

    2.    The respondent is currently the subject of a Florida Bar disciplinary

matter which has been assigned The Florida Bar File No. 2011-50,543(19B).

    3.    As to The Florida Bar File No. 2011-50,543(19B), respondent has

waived a finding of probable cause. The respondent is acting freely and

voluntarily in this matter, and tenders this plea without fear or threat of coercion.

Respondent is represented in this matter.

    4.    The disciplinary measures to be imposed upon the respondent are as

follows:

A.    A three year period of probation with the following

conditions:

1.    Respondent will participate actively in the program offered by Florida Lawyers Assistance, Inc., by signing a rehabilitation contract with that organization within thirty (30) days of the order of the Supreme Court of Florida. Respondent shall follow all recommendations by Florida Lawyers Assistance, Inc., during the entire probation period.

2.    Respondent will pay a Florida Lawyers Assistance, Inc., registration fee of $250.00 and a probation monitoring fee of $100.00 a month to The Florida Bar's headquarters office. All monthly monitoring fees must be remitted no later than the end of each respective month in which the monitoring fee is due. All fees must be paid to the bar's headquarters office in Tallahassee. Failure to pay shall be deemed cause to revoke probation.

B.    Payment of the disciplinary costs.

5.    This plea is based upon the following factual scenario:  On or about October 5, 2010, respondent was arrested for DUI regarding an offense that had occurred on September 4, 2010. On January 14, 2011, respondent entered a plea of no contest to a reduced charge of reckless driving. The court ordered a one-year period of probation, 50 hours of community service, a $500 fine, and court costs. Respondent has completed all terms and conditions of probation and has moved for early termination of probation.

6.    The respondent admits that by reason of the foregoing he has violated the following Rules Regulating The Florida Bar:  3-4.3 The commission by a

2

lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline; and, 4-8.4(b) A lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects.

7.    Factors and considerations of mitigation relevant to the discipline include the following: Respondent suffers from alcoholism [9.32(c) and (h)]; respondent has taken voluntary steps on his own accord to seek counseling and treatment, and he has currently completed the conditions of his criminal probation [9.32(j)]; respondent has been sanctioned by the criminal court for his misconduct [9.32(k)]; and he has expressed remorse [9.32(l)].

8.    Respondent has the following disciplinary history:

A.    Respondent received a 90 day suspension and a 3 year period of FLA, Inc. probation by Court order dated November 23, 2005, for criminal misconduct involving felony drug possession and DUI. Respondent successfully completed the FLA, Inc. probation.

B.    Respondent received an admonishment for minor misconduct by the grievance committee in *TFB File No. 2005-30,627(19B)* for

3

threatening to present criminal charges to obtain an advantage in a civil matter.

9.     If this plea is not finally approved by the referee and the Supreme Court of Florida, then it shall be of no effect and may not be used by the parties in any way.

10.     If this plea is approved, then the respondent agrees to pay all reasonable costs associated with this case pursuant to R. Regulating Fla. Bar 3-7.6(q) in the amount of $1,879.12. These costs are due within 30 days of the Court order.   Respondent agrees that if the costs are not paid within 30 days of this Court's order becoming final, the respondent shall pay interest on any unpaid costs at the statutory rate.   Respondent further agrees not to attempt to discharge the obligation for payment of the bar's costs in any future proceedings, including but not limited to, a petition for bankruptcy.  Respondent shall be deemed delinquent and ineligible to practice law pursuant to R. Regulating Fla. Bar 1-3.6 if the cost judgment is not satisfied within 30 days of the final Court order, unless deferred by the Board of Governors of The Florida Bar.

11.     The respondent acknowledges his obligation to pay the costs of this proceeding and that payment is evidence of strict compliance with the conditions of any disciplinary order or agreement, and is also evidence of good faith and fiscal responsibility.   Respondent understands that failure to pay the costs of this

4

proceeding will reflect adversely on any reinstatement proceedings or any other bar disciplinary matter in which the respondent is involved.

12.   This Conditional Guilty Plea for Consent Judgment fully complies with all requirements of The Rules Regulating The Florida Bar.

Dated this 15th day of _November_, 2011.

MARC B. COHEN
Respondent
Greenspoon, Marder
250 S. Australian Avenue, Suite 700
West Palm Beach, Florida 33401-5007
(561) 227-2370
Attorney No. 251062

Dated this 15th day of _November_, 2011.

MICHAEL K. SPOTTS
Counsel for Respondent
Spotts Law Office
300 Colorado Avenue, Suite 203
Stuart, Florida 34994-2103
(772) 781-7878
Attorney No. 747955

5

11/08/2011  14:23    4078   83                    THE FLORIDA BAR

Dated this __15__ day of ___December___, 2011.


                                                 _____

JAN K. WICHROWSKI
Bar Counsel
The Florida Bar
1000 Legion Place, Suite 1625
Orlando, Florida 32801-1050
(407) 425-5424
Attorney No. 381586

6

IN THE CIRCUIT COURT
OF THE 9th JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

WELLS FARGO BANK, N.A.     ) OTHER CIVIL
    Plaintiff     )
    )
    v.     )   case # 2009-CA-008077-CI
    )   The Hon. Margaret Waller
DANIELLE TACORONTE     )
    Defendant     )
    )
    )

## DEFENDANT's AFFIDAVIT #1

**Danielle Tacoronte**, after first being duly sworn, says:

1.   I am over twenty-one years of age and under no legal disability. If called to testify, I could and would testify, based on my own personal knowledge except as indicated otherwise, to the following facts.

2.   I have examined the complaint filed in this matter. Attachment 'A' to the complaint, § 30, provides that the agreement, security instrument, and closing documents together constitute the agreement of the parties. There was no security instrument attached to the complaint; neither were there any other closing documents.

3.   In the affidavit of Nicole Berrens, Plaintiff offers the conclusion that, as of 13-Feb-2012, I owe a total of $139281. I do not owe this sum of money to Plaintiff.

4.   I received the Rothstein letter furnished with Plaintiff's affidavit. It does not provide notice and an opportunity to cure. Neither does it identify the alleged debt in any useful way: it shows no account number, mortgage recording information, or pledged property. I had my attorney send a dispute letter on 11-May-2009.

5.   Prompted by obvious errors in the affidavit, I searched out the affiant's job description, and found the information posted on a job search site. A copy is attached as app. 'G' to this affidavit. I observed that the job description has no mention of dealing in any wise with billing, payments, or sending statements. From this I conclude that affiant almost certainly lacks any personal knowledge relevant to this case.

_(Danielle Tacoronte)_      3-13-12
(Danielle Tacoronte)      (date)

State of Florida     )
    )
County of Osceola     )

Sworn to and subscribed before me on _13 March 2012_ by Danielle Tacoronte who produced FLA D/L as identification.

_Richard M. Quint_      _Richard M. Quint_      3/13/12
(notary sign)      (notary name)      (date notarized)

Notary Public State of Florida
Richard M Quint
My Commission EE001691
Expires 06/16/2014

©(#)7056-tac-w09-1212.txt 1.0 12-Mar-2012
tmac.ta3: base(3.0), 08-Nov-2011); legal(3.0); 18-Aug-2009)

Exhibit G

IN THE CIRCUIT COURT
OF THE 9th JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

**WELLS FARGO BANK, N.A.**
Plaintiff

v.

**DANIELLE TACORONTE**
Defendant

) OTHER CIVIL
)
)
)
)
)   case # 2009-CA-008077-CI
)   The Hon. **Margaret Waller**
)
)
)
)

## DEFENDANT's AFFIDAVIT #1

**Danielle Tacoronte**, after first being duly sworn, says:

1.   I am over twenty-one years of age and under no legal disability. If called to testify, I could and would testify, based on my own personal knowledge except as indicated otherwise, to the following facts.

2.   I have examined the complaint filed in this matter. Attachment 'A' to the complaint, §30, provides that the agreement, security instrument, and closing documents together constitute the agreement of the parties. There was no security instrument attached to the complaint; neither were there any other closing documents.

3.   In the affidavit of Nicole Berrens, Plaintiff offers the conclusion that, as of 13-Feb-2012, I owe a total of $139281. I do not owe this sum of money to Plaintiff.

4.   I received the Rothstein letter furnished with Plaintiff's affidavit. It does not provide notice and an opportunity to cure. Neither does it identify the alleged debt in any useful way: it shows no account number, mortgage recording information, or pledged property. I had my attorney send a dispute letter on 11-May-2009.

5.   Prompted by obvious errors in the affidavit, I searched out the affiant's job description, and found the information posted on a job search site. A copy is attached as app. 'G' to this affidavit. I observed that the job description has no mention of dealing in any wise with billing, payments, or sending statements. From this I conclude that affiant almost certainly lacks any personal knowledge relevant to this case.

_(Danielle Tacoronte)_   3-13-12
(Danielle Tacoronte)      (date)

State of Florida      )
County of Osceola     )

Sworn to and subscribed before me on *13 March 2012* by Danielle Tacoronte who produced FLA D/L as identification.

_Richard M. Quint_   Richard M. Quint   3/13/12
(notary sign)        (notary name)      (date notarized)

Notary Public State of Florida
Richard M Quint
My Commission EE001691
Expires 06/16/2014

@(#)7056-tac-w09-1212.txt 1.0 12-Mar-2012

tmac.ta3: base(3.0i, 08-Nov-2011); legal(3.0p, 19-Aug-2010)

page 1

Exhibit G