FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA      2013 MAR 15 PM 1:11
ORLANDO DIVISION

DANIELLE TACORONTE

    Plaintiff,

Case No. 6:13CV418-ORL-18GJK

-v-

MARC B. COHEN, INDIVIDUALLY,
JODI N. COHEN, INDIVIDUALLY,
GREENSPOON MARDER & ASSOCIATES, INC,
WELLS FARGO BANK, N.A.

    Defendants

_____/

## COMPLAINT

Plaintiff, Danielle Tacoronte, hereby sues Defendants, MARC B. COHEN, GREENSPAN MARDER, & ASSOCIATES, INC., JODI N. COHEN and WELLS FARGO BANK, N.A. and alleges:

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 et seq.; and the Florida Unfair and Trade Deceptive Practices

2. Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendant. Plaintiff intends to propound discovery to Defendant identifying these other individuals who have suffered similar violations.

1

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## DEMAND FOR JURY TRIAL

5. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## **PARTIES**

6. Plaintiff, DANIELLE TACORONTE, (Tacoronte) is a natural person and is a resident of the State of Florida.

7. Defendant, GREENSPOON MARDER, & ASSOCIATES, INC (Green) is a resident corporation authorized to do business in Florida with Colin Reece as their registered agent located at 2865 NW. 168th Terrace, Miami Gardens, FL 33056.

8. Defendant, JODI N. COHEN (J. Cohen) is a natural person and is a resident of the State of Florida with an address of 350 East Las Olas Boulevard, Las Olas Centre II, Suite 1150 Fort Lauderdale, FL 33301

9. Defendant, MARC B. COHEN, (M. Cohen) is a natural person and is a resident of the State of Florida with an address of 2865 NW. 168th Terrace, Miami Gardens, FL 33056.

10. Defendant, WELLS FARGO BANK, N.A. (Wells ) is a National Association authorized to do business in Florida which designates its main office as Sioux Falls, South Dakota having a mailing address of 464 California Street # 100 San Francisco, CA 94104-1227.

11. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

12. On or about July 8, 2009 the Plaintiff was served with a breach of contract action on behalf of Wells Fargo Bank, N.A. ("Wells" hereinafter), to wit: <u>Wells Fargo NA v. Danielle Tacoronte,</u> Case No. 2009-CA-008077 CI in the Circuit Court of Osceola County, FL and hereinafter referred to as the "State Case".

13. Rice, Purgatch, Robinson, & Schiller,PA . ("RPR&S" hereinafter), 101 NE 3RD AVE STE. STE 1800 FORT LAUDERDALE FL 33301 is the law firm of record in this State Case that was representing Wells Fargo, NA with attorney Jodi N. Cohen from the firm having signed the State complaint.

14. On November 5, 2009 there was a hearing held on Tacoronte's motion to dismiss Wells Fargo's complaint.

15. At the hearing Judge Kest granted Tacoronte's motion to dismiss in part because Wells Fargo failed to show and gave Wells Fargo 20 days to amend.

16. On December 18, 2009 J. Cohen filed a Motion to Vacate Dismissal which was well past the 20 days given by Judge Kest.

17. On February 2, 2010, J. Cohen appeared telephonically claiming (a) that her prior employers office had been raided by the FBI so she did not know about the hearing and (b) she called the JA that morning before the hearing and said she would not be attending due to the raid.

18. J. Cohen only appeared at the February 2, 2010 hearing, and still is indicated as of Mach 14, 2013 to be the attorney of record per the Osceola County Clerk of the Courts website, See Exhibit "A"

19. J.Cohen claims are contradictory, if J. Cohen claimed in her motion she had no access to the file, how did she in fact notify the J.A. asking for a continuance? See exhibit "B"

20. On February 15, 2012 there was a pre-trial conference and a mediation conference in which attorney Marc B. Cohen attended without filing or serving a notice of appearance as required by the Florida Judicial Rules of Administration.

21. At the hearing held February 15, 2012, Tacoronte's attorney of record, Tanner Andrews, P.A. asked the attorney M. Cohen if in fact he or his firm were the attorney of record. M. Cohen replied he was not on the record but it did not matter.

22. Tanner Andrews then objected to Judge Waller at the hearing that M. Cohen had not filed any notice of appearance and that no other requirement of Florida Judicial Rules of Administration, Paragraph 2.505 had been complied with and

    made it clear that the court should rule for Defendant on Defendant's Motion as the Plaintiff had defaulted by not appearing in person or by attorney of record and that the hearing should not proceed.

23. At this point Tanner Andrews filed in open court a Notice of Non Appearance, see Exhibit "C"

24. Judge Waller then instructed M. Cohen to formally file an appearance in the case as soon as possible and allowed the hearing to continue over Andrews's objections.

25. Andrews again, objected to the hearing going forward as there was a Notice of Dispute filed into the court record that Wells had failed to answer.

26. M. Cohen made it clear that Wells did not have to answer as Wells was not a debt collector and not subject to the Federal Debt Collection Practices Act but described himself as being a debt collector because he collects debts on behalf of others.

27. On February 27, 2012, M. Cohen filed a Motion For Summary Judgment signed by him and listing him in the Motion as the attorney for Wells.

28. On March 16, 2012 M. Cohen again appeared for a hearing attempting to get a final summary judgment against Tacoronte, and again Andrews made it clear that M. Cohen had not filed a Notice of Appearance as instructed by Judge Waller a month earlier and had failed to file a Notice of Appearance. Therefore, Wells again failed to appear in person or to have its attorney of record appear to present and argue its Motion which should have then been denied.

29. Again, Judge Waller in spite of M. Cohen not following her direct order to file a Notice of Appearance in compliance with Florida Judicial Rules of Administration 2.505(e), allowed the hearing to continue. As a result of the appearance, actions, argument, unauthorized pleadings filed and presented by Defendants M. Cohen and Green the Plaintiff had a summary judgment granted against her. See exhibit "D".

30. The Osceola County Clerk of the Court's website will reveal that M. Cohen is not currently or ever has been the attorney of record, has not filed a Notice of Appearance, has not appeared as co-council, nor has Jodi Cohen filed a notice of withdrawal or substitution.

31. The Judicial Rules of Administration section 2.505(e) require attorneys to appear in one of three ways:

    (1) By serving and filing, on behalf of a party, the
    party's first pleading or paper in the proceeding.

    (2) By substitution of counsel, but only by order of
    court and with written consent of the client, filed with the
    court. The court may condition substitution upon payment
    of, or security for, the substituted attorney's fees and
    expenses, or upon such other terms as may be just.

    (3) By filing with the court and serving upon all
    parties a notice of appearance as counsel for a party
    that has already appeared in a proceeding pro se or as
    co-counsel for a party that has already appeared in a
    proceeding by non-withdrawing counsel.

32. Neither M. Cohen nor Green ever served or filed on behalf of Wells in the State Case or filed with the State court or with any parties involved, a Notice of Appearance, nor has there been a Notice of Substitution of Counsel by J. Cohen

filed and approved by the Court. Therefore neither M. Cohen nor Green ever appeared as counsel of record for Wells in keeping with the Florida Rules of Judicial Administration 2.505.

33. Although duly served with notice of the time, place and purpose of the hearings, Wells failed to appear in person or by its attorney of record at the hearing.

34. By the unauthorized appearances and actions to collect a debt acting as debt collectors, Defendants M. Cohen and Green have misrepresented their authority to collect an alleged debt, used false pretenses to collect a debt and used false, deceptive, or misleading representation or means in connection with the debt collection.

35. These acts alleged in Paragraph 28, supra, by M. Cohen, J. Cohen and Green have caused the Plaintiff undue stress, public humiliation, high blood pressure, stomach problems, anxiety, further expenses, a judgment against her in the amount of $129,000.00 plus interest, and attorney's fees.

36. Upon examination of the Plaintiff's credit reports, it was discovered that on January 26, 2012 someone alleging itself to be "Cohen, Conway, Copeland & Pavia P.A.", ( hereinafter referred to as "CCC&P") made in an inquiry, purporting to be a "creditor", into the Plaintiffs credit report without a permissible purpose, obtaining Plaintiff's credit report under false pretenses and during litigation. See Exhibit "E"

37. The credit report shows Cohen, Conway, Copeland & Pavia P.A. as making the inquiry as an alleged "creditor" but the phone number shown on the report reflects M. Cohen and Green's office phone number. See Exhibit "E"

38. The Florida Department of State shows Cohen, Conway, Copeland & Pavia P.A. as being administratively dissolved in 2007 but the inquiry was falsely attributed by M. Cohen and Green to be from a "creditor" by the name of the dissolved CCC&P entity. M. Cohen and Green therefore conspired to make such unlawful inquiry.

39. M. Cohen has a pattern of felony criminal history and is currently on a second term probation with the Florida Bar Association for threatening a Defendant. See Exhibits "F".

40. At all times herein Defendants M. Cohen, J. Cohen, and Green were acting as the duly authorized agents for Wells.

### IMPERMISSABLY OBTAINING PLAINTIFF'S CREDIT REPORT

41. Plaintiff realleges paragraphs 1 to 40 above.

42. The FCRA prohibits any person from using or obtaining a consumer report other than with permissible purposes 1681b(f).

43. Tacoronte has never given the Defendants any permission to pull her credit.

44. It is well established that there is no legitimate business need to obtain a credit report to prepare for litigation and it's improper to get a credit report to discover information which might be used in litigation and extra-judicial investigations.

45. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, and/or imprisoned (up to 2 years) or both. 15 U.S.C. §1681q.

46. Defendants obtained and made inquiries into Plaintiff's credit records in violation of 1681b(f) by pulling said credit records without permission, without a permissible purpose and through the use of false means by representing themselves to be a "creditor" and falsely using a defunct corporations name- CCC&P- to do so.

47. Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs.

48. At all times material hereto, all Defendants agreed, between and among themselves and in combination with each other and various agents, as to each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose, to wit: to perpetrate a fraud and obtain an unlawful judgment against Tacoronte.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANTS GREEN, MARK COHEN and JODI COHEN

49. Plaintiff alleges and incorporates the information in paragraphs 1 through 40.

50. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

51. Defendant Green is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

52. Defendant M. Cohen is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

53. Defendant J. Cohen is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

54. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the debt, by filing a lawsuit against Tacoronte with supporting affidavit of Nicole Berrens attempting to collect $139,281.00 without a true accounting. See exhibit "G"

(b) Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by filing a lawsuit against Tacoronte with supporting affidavit of Nicole Berrens attempting to collect $139,281.00 without a true accounting See exhibit "G"

(c) Defendants violated 15 U.S.C. § 1692 d any conduct the natural consequence of which is to harass, oppress, or abuse any person. Defendants conspired to make it appear to Tacoronte that in fact there was a legitimate court proceeding when in fact the defendants knew or should have known there was not.

(d) Defendants violated 15 U.S.C.§ 1692 e Any other false, deceptive, or misleading representation or means in connection with the debt collection. Defendants attempted to collect the alleged debt by having unauthorized attorneys at the hearings.

(e) Defendants violated 15 U.S.C.§ 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer, by conspiring to unlawfully gain further information about Tacoronte by making unlawful credit inquiries, without permissible purpose or reason.

(f) Defendants violated 15 U.S.C.§ 1692 f Any unfair or unconscionable means to collect or attempt to collect the alleged debt, by making unlawful credit inquiries, without permissible purpose or reason. By attempting to collect more than is allowed by the alleged agreement and by representing to Tacoronte that they had the authority to purse the action.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, for actual or statutory damages, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II

### VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS WELLS, GREEN, M. COHEN, AND J. COHEN

55. Plaintiff alleges and incorporates the information in paragraphs 1 through 40 above.

56. Plaintiff is a consumer within the meaning of §559.55(2).

57. Wells is a debt collector within the meaning of §559.55(6).

58. Green is a debt collector within the meaning of §559.55(6).

59. M. Cohen is a debt collector within the meaning of §559.55(6).

60. J. Cohen is a debt collector within the meaning of §559.55(6).

61. Defendants violated Fla. St. §559.72. Defendant's violations include, but are not limited to, the following:

    (a) 559.72 (9) by asserting the existence of some other legal right when such person knows that the right does not exist; hence.

    (b) 559.72 (10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(c) 559.72 (15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III

### CONSPIRACY TO DEFRAUD
### Plaintiff Tacoronte v. All Defendants

54. Plaintiff alleges and incorporates the information in paragraphs 1 through 40.

55. Defendants Wells and J. Cohen directed and controlled the conduct of defendants M. Cohen, and Green, who made the subject false statements with the specific intent that Tacoronte could rely thereon and with the separate specific intent, which separate specific intent was unknown to Tacoronte at the time, to defraud Tacoronte.

56. Defendants M. Cohen, and Green, had no legitimate business need to obtain Plaintiffs credit report. M. Cohen, and Green had no legitimate business need to obtain Plaintiffs credit report to prepare for litigation. M. Cohen, Green, and knew it was improper to get the Plaintiffs credit report to discover information which might be used in litigation and extra-judicial investigation by attorneys is improper and with the separate specific intent, which separate specific intent was unknown to Tacoronte at the time, to defraud Tacoronte.

57. As a direct and proximate result of the overt, concerted, and conspiratorial actions of the Defendants, Plaintiff has suffered significant damages well in excess of the summary judgment falsely obtained by Defendants.

58. The conspiracy to defraud and convert engaged in by the Defendants constitutes a separate and distinct independent tort which is separate and apart from any breach of any contract.

59. The deliberate and concerted actions engaged in by the Defendants as set forth above and under the circumstances set forth above constitutes the type of fraud for which attorneys' fees are awarded, and as such, Plaintiff demands the assessment of attorneys' fees against the Defendants. <u>Baya v. Central and Southern Florida Flood Control District,</u> 184 So.2d 501 (Fla. 2d DCA 1966)

## COUNT VI

## VIOLATIONS OF FAIR CREDIT REPORTING ACT, (FCRA) 15 U.S.C. § 1681 et seq. BY DEFENDANTS M. COHEN, GREEN and J. COHEN

60. Plaintiff alleges and incorporates the information in paragraphs 1 through 38.

61. On January 26, 2012 Defendants, M. Cohen and Green using the name of the dissolved corporate entity, "Cohen, Conway, Copeland & Pavia P.A." made in inquiry into the Plaintiffs credit report without a permissible purpose and under false pretense.

62. The FCRA prohibits any person from using or obtaining a consumer report other than with permissible purposes 1681b(f).

63. Defendants had no legitimate business need to obtain Plaintiffs credit report to prepare for litigation.

64. Defendants knew at all times it was improper to obtain a credit report to discover information which might be used in litigation and extra-judicial investigation by attorneys is improper; no privilege.

65. At very early stages of the underlying litigation, M. Cohen and his co-conspirator's set out upon a course of conduct, which willfully violated both the spirit and the letter of the Fair Credit Reporting Act by trampling recklessly upon the Plaintiffs rights.

66. The gravamen of an action for the invasion of the right to privacy is "the injury to the feelings of the plaintiff, mental anguish and distress."

67. Defendants, M. Cohen and Green, conspired to use the knowledge gleaned from the Plaintiffs credit report against the Plaintiff during litigation.

68. M. Cohen used "CCC&P", the name of a dissolved corporation, in an attempt to hide the true name, Greenspoon Marder, from the Plaintiff.

69. Defendants provided false information to the credit reporting agencies in order to unlawfully obtain Plaintiffs credit reports.

70. M. Cohen and Green hoped that the Plaintiff would not recognize who CCCP was if the Plaintiff ran across the name while looking over the credit report.

71. Defendant Green and J. Cohen co-conspired with M. Cohen and knew at all times that M. Cohen was using CCCP in order to unlawfully obtain Plaintiffs credit report.

72. Plaintiff believes that this is a common practice between the Defendants.

73. Defendants, Green, J. Cohen, , and M. Cohen hoped to gain some unknown litigation advantage from the unlawfully obtained credit report.

74. Defendants, Green, J. Cohen, and Wells knew that M. Cohen and Green willfully, negligently, and under false pretense obtained the Plaintiff's Credit Report.

**WHEREFORE,** Plaintiff demands the entry of Final Judgment against the Defendants for statutory and compensatory damages, interest, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 15th of March, 2013.

Respectfully submitted,

J. Marshall Gilmore, Esq.
Counsel for Plaintiff
FL Bar NO 840181
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone 407 629-7322
Fax    407 599-3801
mgilmore@mgilmorelaw.com