## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIELLE TACORONTE,**

       **Plaintiff,**

**v.**                                                    **Case No. 6:13-cv-418-Orl-18GJK**

**MARC B. COHEN, GREENSPOON
MARDER & ASSOCIATES, INC,
WELLS FARGO BANK, N.A., JODI N.
COHEN,**

       **Defendants.**

_____

## ORDER

THIS CAUSE comes for consideration on Defendant Jodi N. Cohen's Motion to Dismiss Complaint (Doc. 14) to which Plaintiff Danielle Tacoronte filed no timely response in opposition. For the following reasons, Jodi Cohen's motion will be granted.

### I. BACKGROUND

This case arises out of Defendants' efforts to collect a debt from Tacoronte.  On July 8, 2009, Tacoronte was served a summons and complaint in a breach of contract action filed in the Ninth Circuit Court in and for Osceola County, Florida by Wells Fargo Bank, N.A. ("Wells Fargo").  (Doc. 1-3 at 3.)  Jodi Cohen, then with the law firm Rice, Purgatch, Robinson & Schiller, P.A., represented Wells Fargo and signed the complaint in the state-court action.  (Id.)  On the morning of February 2, 2010, Jodi Cohen telephoned the judicial assistant of the judge presiding in the state-court case to notify the court that she would be unable to attend the hearing because the

FBI had raided her law firm's office the prior evening and severed her access to case files. (Id. at 4.)

On February 15, 2010, Marc Cohen appeared at a pretrial and mediation conference in the state-court action without having first filing or serving a notice of appearance on behalf of Wells Fargo. (Id.)  Tacoronte's attorney objected to allowing Marc Cohen to represent Wells Fargo absent a notice of appearance; however, the judge overruled his objection and allowed Marc Cohen to proceed for Wells Fargo on the condition that Marc Cohen file a notice of appearance as soon as possible. (Id. at 4-5.)  On February 27, 2010, Marc Cohen filed a motion for summary judgment in the state-court action. (Id. at 5.)  On March 16, 2012, Marc Cohen appeared for Wells Fargo at another hearing in the state-court action despite the fact that he had still not filed a notice of appearance. (Id.)  Following that hearing, the presiding judge granted summary judgment in favor of Wells Fargo for $129,000.00 plus interest and attorney's fees. (Id. at 5, 7.)  Tacoronte alleges that Marc Cohen has not filed a notice of appearance in the state-court action through the date she filed her Complaint in this case. (Id. at 6-7.)  Tacoronte argues that by making "unauthorized appearances" on behalf of Wells Fargo, Marc Cohen and Greenspoon Marder & Associates, P.A. ("Greenspoon Marder") misrepresented their authority to collect a debt, used false pretenses to collect a debt, and used false, deceptive, or misleading means or representations in connection with debt collection. (Id. at 7.)

Upon later examination of her credit report, Tacoronte discovered that on January 26, 2012, Cohen, Conway, Copeland & Pavia, P.A. ("CCC&P"), representing that it was Tacoronte's creditor, obtained her credit report, allegedly without permissible purpose. (Id.)  However, the Florida Department of State listed CCC&P as having been administratively dissolved in 2007. (Id.

at 8.)  The phone number listed on Tacoronte's credit report for CCC&P was the business number for Marc Cohen at Greenspoon Marder.  (Id. at 7.)  Based on this information, Tacoronte concludes that defendants conspired "to engage in unlawful actions" for the common purpose of perpetuating fraud and obtaining an unlawful judgment against her.  (See id. at 9.)

Tacoronte brought her Complaint, asserting the following claims: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as to defendants Jodi Cohen, Marc Cohen, and Greenspoon Marder (Count I); violation of the Florida Consumer Collection Practices Act ("FCCPA"), sections 559.55-785, Florida Statutes, as to all defendants (Count II); conspiracy to defraud as to all defendants (Count III); and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., as to defendants Jodi Cohen, Marc Cohen, and Greenspoon Marder (Count IV mislabeled as Count VI).  Jodi Cohen now moves to dismiss Tacoronte's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Evaluation of a complaint requires a two-step inquiry: "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.  "'[D]etailed factual

allegations'" are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (quoting Twombly, 550 U.S. at 555). "[A]nalysis of a 12(b)(6) motion is limited . . . to the face of the complaint and attachments thereto." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1368 (11th Cir. 1997).

### III. ANALYSIS

*A. FDCPA & FCCPA Claims*

In Counts I and II, Tacoronte alleges that Jodi Cohen committed several violations of the FDCPA and FCCPA; however, Tacoronte's FDCPA claims must be dismissed because she fails to sufficiently allege that Jodi Cohen was a debt collector or that the debt Jodi Cohen attempted to collect was a debt as defined by the FDCPA. In order to state a claim for violation of the FDCPA, a plaintiff must allege that: "'(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.'" Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (quoting Kaplan v. Assetcare, Inc., 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000)). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). An attorney falls under the FDCPA's purview as a debt collector if he or she regularly engages in consumer-debt-collection activity, even if that activity consists of litigation. Heintz v. Jenkins, 514 U.S. 291, 299 (1995). The "term 'debt' means any obligation or alleged obligation of

a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The FCCPA borrows the FDCPA's definition of the term "debt." See id.; Fla. Stat. § 559.55(1).

In Count I, Tacoronte alleges, in a conclusory fashion, that Jodi Cohen is a debt collector under the FDCPA. (See Doc. 1-3 at 10.) However, Count I contains no factual allegation in support this conclusion. Therefore, Tacoronte fails to sufficiently allege that Jodi Cohen is a debt collector as defined by the FDCPA. See Cyrus v. Wells Fargo Bank, N.A., Civil Action No. 1:12-CV-01156-TWT-LTW, 2013 WL 869398, at *4 (N.D. Ga. Feb. 7, 2013), adopted, 2013 WL 870075, at *1 (N.D. Ga. Mar. 7, 2013) (FDCPA claim dismissed for failure to allege facts plausibly stating that defendants were debt collectors under the FDCPA); Correa v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL1176701, at *12 (M.D. Fla. Apr. 9, 2012) (plaintiff's conclusory allegation that defendants were debt collectors and recital of language from statutory definition were insufficient to establish that defendants were debt collectors under the FDCPA). Similarly, Tacoronte fails to allege facts in Count I and Count II that plausibly state that the debt Jodi Cohen attempted to collect arose out of a transaction that was primarily for Tacoronte's personal, family, or household purposes. See Mediterranean Villas Condo. Ass'n, Inc. v. Moors Master Maint. Ass'n, Inc., No. 11-23302-Civ., 2012 WL 882508, at *4 (S.D. Fla. Mar. 14, 2012) (FDCPA claim dismissed for failure to allege facts plausibly stating that the debt was incurred primarily for personal, family, or household purposes). Therefore, Tacoronte fails to state claims for violations of the FDCPA and FCCPA as to defendant Jodi Cohen. Accordingly, Count I

and Count II must be dismissed as to Jodi Cohen for failure to state a claim upon which relief can be granted.

   *B. FCRA Claim*

   In Count IV, Tacoronte alleges that defendants Marc Cohen and Greenspoon Marder obtained Tacoronte's credit report by using the name of a dissolved corporate entity, CCC&P. (Doc. 1-3 at 13.)  The FCRA provides:

> A person shall not use or obtain a consumer report for any purpose unless—
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

15 U.S.C. § 1681b(f).  Tacoronte flatly alleges that Jodi Cohen conspired with Marc Cohen; however, she does not explain how or to what end Jodi Cohen conspired with Marc Cohen. Tacoronte alleges that Jodi Cohen knew that Marc Cohen was using CCC&P's name to unlawfully obtain Tacoronte's credit report, that Jodi Cohen hoped to gain "some unknown litigation advantage" from the report, and that Jodi Cohen knew that Marc Cohen and Greenspoon Marder had willfully obtained Tacoronte's credit report under false pretenses.  (Id. at 14-15.)  However, nowhere in Count IV does Tacoronte allege facts plausibly stating that Jodi Cohen obtained Tacoronte's credit report without permissible purpose.  Therefore, Count IV must be dismissed as to Jodi Cohen for failure to state a claim upon which relief can be granted.

   *C. Conspiracy to Defraud*

   In Count III, Tacoronte claims that defendants conspired to defraud her when they conspired to pull her credit report without permissible purpose.  A claim for conspiracy to defraud must meet the heightened pleading standard set out in Rule 9(b) of the Federal Rules of Civil

Procedure. <u>Sultan v. Safeco Surplus Lines Ins. Co.</u>, No. 10-60561-CIV, 2010 WL 9489974, at *10

(S.D. Fla. Dec. 17, 2010) (citing <u>Principal Life Ins. Co. v. Mosberg</u>, No. 09-22341-CIV, 2010 WL

473042, at *6 (S.D. Fla. Feb. 5, 2010)); <u>see also</u> <u>Am. United Life Ins. Co. v. Martinez</u>, 480 F.3d

1043, 1064 (11th Cir. 2007) (claim for conspiracy to commit fraud must conform to the

requirements of Rule 9(b)). "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what

statements were made in what documents or oral representations or what omissions were made,

and (2) the time and place of each such statement and the person responsible for making (or, in the

case of omissions, not making) same, and (3) the content of such statements and the manner in

which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the

fraud.'" <u>Ziemba v. Cascade Int'l, Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting <u>Brooks v.</u>

<u>Blue Cross & Blue Shield of Fla., Inc.</u>, 116 F.3d 1364, 1371 (11th Cir. 1997)).

In Count III, Tacoronte fails to allege facts sufficient to meet Rule 9(b)'s heightened

pleading standard. Tacoronte does not allege what statements Jodi Cohen made, the time and

place of the statement, the specific content of the statement, or what Jodi Cohen obtained as a

result of her allegedly fraudulent statement or statements. Therefore, Tacoronte fails to satisfy

Rule 9(b)'s heightened pleading standard, and Count III must be dismissed as to Jodi Cohen for

failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, Defendant Jodi N. Cohen's Motion to Dismiss Complaint (Doc.

14) is **GRANTED**. Plaintiff Danielle Tacoronte's Complaint (Doc. 1-3) is **DISMISSED without**

**prejudice** as to Defendant Jodi N. Cohen. The Clerk of the Court is directed to **TERMINATE**

Jodi N. Cohen as a party to this case.

      **DONE** and **ORDERED** in Orlando, Florida on this ____ day of June, 2013.

                         **G. KENDALL SHARP**
                         SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record