UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-CV-418-Orl-18GJK

DANIELLE TACORANTE

      Plaintiffs,

v.

MARC B. COHEN, Individually
JODI N. COHEN, Individually,
GREENSPOON MARDER & ASSOCIATES, INC.
and WELLS FARGO BANK, N. A.,

      Defendants.

_____/

**DEFENDANTS', MARC B. COHEN AND GREENSPOON MARDER, P.A.,
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b), Defendants, Marc B. Cohen and Greenspoon Marder,

P.A. ("Defendants")[1] move this Honorable Court for the entry of an Order dismissing Plaintiff's

Complaint with prejudice.  Plaintiff's, Danielle Tacorante ("Tacorante") Complaint fails to state

---

1.    Tacorante named "Greenspoon Marder & Associates, Inc.", a Florida corporation as a Defendant in this lawsuit. "Greenspoon Marder & Associates, Inc." is neither *a* law firm nor *the* law firm representing Wells Fargo Bank, N.A. in the state court collections case that is the basis for the claims being asserted here. In the state court lawsuit **Greenspoon Marder, P.A.** and one of its lawyers Defendant Marc B. Cohen represented Wells Fargo Bank. Plaintiff and her lawyers have been litigating the state court case with Greenspoon Marder, P.A. not Greenspoon Marder & Associates, Inc. since mid-year 2011. Hence Plaintiff and her lawyers are well aware that the entity Greenspoon Marder & Associates, Inc. – named as a Defendant here – had absolutely nothing to do with the state court case and certainly nothing to do with the claims asserted here. Despite this fact Tacorante had an alias summons issued against "Greenspoon Marder & Associates, Inc," and served it on Greenspoon Marder, P.A. Greenspoon Marder, P.A., however, will not challenge process or service of process. Thus, despite these defects Greenspoon Marder, P.A. makes its appearance and defends against the claims since the entity Plaintiff named, Greenspoon Marder & Associates, Inc. (an entity trying to play off of the name "Greenspoon Marder") has no connection with the law firm Greenspoon Marder, P.A. and never prosecuted the claims Wells Fargo asserted in the state court lawsuit.

a plausible claim for relief on at least five (5) separate bases:[2] (1) The issues Tacorante asserts in the Complaint here have already been fully litigated in a related State Court Action[3] for which there has been a judgment on the merits.   Tacorante, thus, is precluded from attempting to relitigate those issues here.   (2) Tacorante has waived her right to claim that Defendants' appearances, accounting or credit report inquiries were improper as a result of her attorney's conduct in the State Court Action.   Also, because Defendants' relied on this conduct to their detriment, the doctrine of equitable estoppel prevents Tacorante from raising an inconsistent position to form the basis of the Complaint.   (3) The FDCPA cause of action asserted by Tacorante was brought more than one-year after the alleged improper conduct occurred.   As a result, the cause of action is barred by FDCPA's one year statute of limitations.   (4) Tacorante's Complaint does not plead facts to support each of the elements necessary to sustain her various causes of action.   Because Tacorante fails to plead facts necessary to support the causes of action asserted, the pleadings are insufficient to show Defendants are debt collectors, the existence of a consumer debt, Defendants' knowledge that it was not legally entitled to pursue the subject debt or the purpose of obtaining Tacorante's credit report was improper.   (5) The causes of action contained in the Complaint were required to be raised as counterclaims in the State Court Action because the facts and issues related to the Complaint and State Court Action are inextricably intertwined.   As a result, Tacorante's causes of action are barred.

---

2.       Fed. R. Civ. P. 12(b)(6).

3.       *See* Docket Entry ("DE") 1 at 3, Para. 12 (On July 8, 2009, Tacorante was served with a Summons and Complaint in a breach of contract action filed in the Ninth Circuit Court in and for Osceola County, Florida, *Wells Fargo Bank, N.A.*, Case No. 09-CA-8077 ("State Court Action")).

Independently, Tacorante's Complaint must also be dismissed because complete relief cannot be afforded unless Equifax is joined as a party to this action.  The failure to join this party, indispensible to a complete and final resolution to this matter, is fatal to the Complaint.[4]

## I.   **INTRODUCTION**

In this lawsuit Tacorante attempts to collaterally attack various orders entered in the State Court Action Wells Fargo Bank, N.A. ("Wells Fargo") brought against Tacorante.[5]  These State Court Orders resolved issues based on facts inextricably intertwined with the claims being alleged in the instant matter. These Orders include a Final Summary Judgment, a Denial of an Appeal and a denial of a Tacorante's Motion for Relief From Final Judgment.[6]  Together, these Orders establish that Greenspoon Marder, P.A. and M. Cohen's appearance in the State Court Action was authorized, the accounting was true and that Tacorante's credit report was obtained for a proper purpose.[7]

In 2009, Wells Fargo sued Tacorante for breach of contract in the State Court Action.[8]  Mark Cohen ("M. Cohen") first appeared in the State Court Action on behalf of Wells Fargo on July 21, 2011.[9]  M. Cohen subsequently appeared on behalf of Wells Fargo in the State Court Action on multiple other occasions, including on June 21, 2011, September 14, 2011, September

---

4.       Fed. R. Civ. P. 12(b)(7).
5.       DE 32 (Defendants are requesting that this Court judicially notice the court orders, pleadings, filings and other documents from the State Court Action pursuant to Fed. R. Civ. P. 201).  A copy of Defendants' Request for Judicial Notice and documents referenced therein is attached as Exhibit "1"; DE 32 Attachment 23 (A copy of Marc B. Cohen's Declaration in Support of Defendants' Request for Judicial Notice.); *See* DE 1 at 3, para. 12 (On July 8, 2009, Tacorante was served with a Summons and Complaint in the State Court Action, a breach of contract action filed in the Ninth Circuit Court in and for Osceola County, Florida, *Wells Fargo Bank, N.A.*, Case No. 09-CA-8077.).
6.       DE 1 at 3; DE  32 Attachment 9, 16, 20 and 22.
7.       DE 1 at 3, Para. 1, 12, 29-34, 36-38, 46, 54, 56 and 61 (referring to Tacorante's unauthorized appearances, improper accounting and improper credit inquiry claims).
8.       DE 1 at 3, Para. 12.
9.       DE 32 Attachment 12 and 17.

23, 2011, January 12, 2012, January 26, 2012, February 15, 2012 and March 28, 2013.[10] Importantly, during each such appearance during the State Court Action, the Court, as well as Tacorante's attorney, treated M. Cohen as the attorney of record on behalf of Wells Fargo.[11]

On March 29, 2012, a Final Summary Judgment Order in the State Court Action ("SJ Order") was entered.[12]  This Order was copied to only two attorneys, M. Cohen and Tacorante's attorney, Tanner Andrews ("T. Andrews").[13]  The SJ Order states that the court reviewed the motion for summary judgment, supporting affidavits and Tacorante's responsive papers.[14]  The State Court found that "no material issue of fact exists in this cause and that Plaintiff [Wells Fargo] is entitled to entry of Final Summary Judgment."[15]  The State Court also discussed the propriety of the accounting.  It stated that it reviewed Wells Fargo's affidavit in support of the motion and thirty-six (36) account statements indicating Tacorante's indebtedness and that Plaintiff did "not challenge nor question the accuracy of any of these account statements."[16] Tacorante subsequently sought to appeal this decision, which was denied by the Florida's 5th Circuit Court of Appeal.[17]

On June 18, 2013, Tacorante's State Court Action motion for relief from final judgment was heard and denied ("Relief Motion").[18]  Importantly, the Relief Motion was based on a

---

10.     DE 32 Attachment 1-8, 12-13 and 17-18 (Includes a variety of court filings that specifically reference Defendants as Plaintiff's attorney in the State Court Action.); DE 1, Exhibit "D" (Final Summary Judgment copied to Defendants).

11.     DE 32 Attachment 4-8 (The only two attorneys copied on, and repeatedly referred to in the Orders were M. Cohen, on behalf of Wells Fargo, and Tanner Andrews ("T. Andrews"), on behalf of Tacorante.); DE 32 Attachment 9.

12.     DE 32 Attachment 9.

13.     DE 32 Attachment 9.

14.     DE 32 Attachment 9.

15.     DE 32 Attachment 9.

16.     DE 32 Attachment 9.

17.     DE 32 Attachment 20 and 22.

18.     DE 32 Attachment 16.

4

singular contention.   That is, Tacorante's belief that relief was required because M. Cohen's appearance was not authorized.[19]

Tacorante now seeks to collaterally attack the State Court Action by alleging that Defendants appearance was not authorized, that the accounting was not true and that Defendants did not have a valid purpose for obtaining Tacorante's credit report.  Issue preclusion, however, prevents this exercise and, as a result, Tacorante's causes of action for violations of the FDCPA, FCCPA or the FCRA, as well as her conspiracy to defraud cause of action, are entirely implausible.

Tacorante's desperation and the implausibility of the facts underlying the causes of action asserted are equally evident for several additional reasons.  Specifically, the Complaint is further invalidated through the use of irrelevant facts, the assertion of untimely claims and pleadings insufficient to support the elements of the causes of action alleged.   Initially, Tacorante Complaint unnecessarily seeks to defame the Defendants.[20]   Additionally, Tacaronte includes a cause of action alleging a violated on the FDCPA, which is clearly time-barred, thus serving only to cloud other flaws fatal to the Complaint.[21]   Moreover, Tacorante's Complaint does not allege facts to support each required element of the various causes of action asserted.  As a result of the

---

19.     DE 32 Attachment 11 and 16.
20.     DE 1 at 3, Para. 39 ( Plaintiff's Complaint states that "M. Cohen has a pattern of felony criminal history and is currently on a second term of probation with the Florida Bar Association for threatening a Defendant."); DE 1 at 1, Exhibit "F" (Exhibit "F" to Tacorante's Complaint reveals that the bar complaint arose from a DUI, and that his previous disciplinary history involves an admonishment for *minor* misconduct by the grievance committee for threatening to present criminal charges).
21.     DE 1 at 3, Count 1, Para. 49-54.

aforementioned deficiencies, the Complaint includes not a single plausible fact to support an entitlement to relief and thus fails to satisfy the federal pleading requirements.[22]

## II.   STATE COURT ORDERS AND RECORDS ARE CENTRAL TO TACORANTE'S CLAIMS, THUS, THIS COURT MAY TAKE JUDICIAL NOTICE OF THEM, SINCE THE RECORDS OF THE STATE COURT ARE INDISPUTABLE

The issues Tacorante pursues in this case have already been fully resolved as the records in the State Court Action and resulting appeal ("State Court Appeal") demonstrate.  This Court may take judicial notice of, and thus consider, the pleadings, rulings and additional litigation activity by the parties in the State Court Action and State Court Appeal in resolving this motion to dismiss.[23]  The records from the State Court Action and State Court Appeal are "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be in question.[24]  Further, the district court is not precluded from considering other types of documents created by the parties if they are "central to the claims" in Plaintiffs' complaint.[25]  As was the

---

[22]     Fed. R. Civ. P. 8(a)(2) ((requiring "a short and plain statement of the claim showing that the pleader is entitled to relief…"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), *quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (Initially, a court should assume the veracity of well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief.[22]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged.").

[23]     *Horne v. Potter*, 392 Fed.Appx. 800 (11th Cir. 2010) (Taking judicial notice of the state court action giving rise to the matter and considering exhibits attached to Defendants' Motion to Dismiss is appropriate.); Fifth District Court of Appeal of the State of Florida, *Danielle Tacorante v. Wells Fargo Bank, N.A.* ("State Court Appeal"), Case No. 5D12-1815; DE 32 Attachment 19.

[24]     *Id., citing* Fed. R. Evid. 201(b); *See also Universal Express, Inc. v. U.S. SEC*, 177 Fed. Appx. 52, 53 (11th Cir. 2006) (per curiam), *citing Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003); *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).

[25]     *Horne*, 392 Fed.Appx. 800; *See Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir.2005) (holding that the district "court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed"); *SFM Holdings, Ltd. v. Banc of Amer. Secs., LLC,* 600 F.3d 1334 1337 (11th Cir.2010) (a district court may consider extrinsic evidence

case in *Day v. Taylor*, the Court Orders and documents from the State Court Action and State Court Appeal are clearly "(1) central to the plaintiff's claim," considering the extensive reference to the State Court Action in the Complaint, and "(2) undisputed."[26]

Tacorante's claims are entirely based on what she perceives to be improper conduct by the Defendants in the State Court Action, including making unauthorized appearances, attempting to collect a debt without a true accounting and obtaining Tacorante's credit report without a proper purpose.[27]   However, the facts and issues forming the basis for Tacorante's Complaint are inextricably intertwined with the facts and issues that were litigated and decided in the State Court Action and State Court Appeal.[28]   Failing to consider the State Court Action and State Court Appeal records while considering the instant Motion to Dismiss ignores the sovereignty of the Florida state judiciary and the full faith and credit its decisions deserve.[29]

---

in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."); *see also Trustmark Ins. Co. v. ESLU, Inc.,* 299 F.3d 1265, 1267–68 (11th Cir.2002); *Hammond v. Anderson,* No. 8:10–CV–1557–T–30EAJ, 2010 WL 2836716, at *2 n. 1 (M.D.Fla. July 19, 2010) (court takes judicial notice of state court clerk's Internet website to determine that state court proceedings are currently pending in considering applicability of *Younger* abstention); *York v. Hoskins,* No. 8:08–cv–106–T–24TGW, 2008 WL 784999, at *2 (M.D.Fla. March 20, 2008) (in finding *Younger* abstention applies, court takes judicial notice of state court clerk's online docket which shows that state criminal proceeding is pending).

26.     400 F.3d 1272 (11th Cir. 2005).

27.     DE 1 at 3, Para. 1, 12, 29-34, 36-38, 46, 54, 56 and 61 (referring to Tacorante's unauthorized appearances, improper accounting and improper credit inquiry claims).

28.     DE 1 at 3; RJN Exhibit "B" (State Court Action Complaint); DE 32 Attachment 9 (State Court Action Final Summary Judgment Motion copied to Defendants, referencing the propriety of the accounting and implying the validity of Defendants' credit report inquiries); DE 32 Attachment 11 and 14-16 (discussing Defendants' appearance in the State Court Action and ruling that the appearance was authorized).

29.     *Waggoner v. R.J. Reynolds Tobacco Co.*, 835 F.Supp.2d 1244, 1260 (M.D. Fla. 2011) (The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that a federal court 'give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered.'"), *citing Brown v. R.J. Reynolds Tobacco Co.*, 611 F.3d 1324, 1331 (2010).

### III.   ARGUMENTS

**1. Issue Preclusion Prevents Tacorante From Re-Litigating Whether Defendants' Appearances, Accounting and Credit Report Inquiry Was Proper Because The Same Issues Were Raised and Decided During the State Court Action.**

The Complaint does not include a single issue that was not determined with finality in the State Court Action and State Court Appeal.  During the State Court Action and appeal, multiple orders were entered that established authorization for Defendants' appearances, proper accounting and a proper purpose for obtaining Tacorante's credit report.[30]  All of these rulings contradict Tacorante current position and the plausibility of the facts Tacorante now uses to support the Complaint.  Because the Orders in the State Court Action are adverse to Tacorante's current position, issue preclusion prevents Tacorante from asserting plausible facts to support the causes of action contained in the Complaint.[31]  Although Tacorante would like to think so, "[t]he federal courts are not a forum for appealing state court decisions."[32]

Previous litigation of the issues presented in the Complaint is revealed by the Orders entered during the State Court Action.  As mentioned above, M. Cohen represented Wells Fargo when it sued Tacorante for breach of contract in the State Court Action.[33]  M. Cohen first appeared in the State Court Action on behalf of Wells Fargo on July 21, 2011.[34]  This was

---

30.   DE 32 Attachment 4-8 (included Order in the State Court Action copied to Defendants' as Wells Fargo's attorney; DE 32 Attachment 9, 16, 20 and 22 (Determining that the accounting was true, that Defendants' appearances were authorized and that Defendants' obtained Tacorante's credit report for a valid purpose).

31.   *Cooper*, 2007 WL 4326800 (M.D. Fla. 2007), *citing Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1059 (11th Cir. 1987); DE 32 Attachment 9, 16, 20 and 22.

32.   *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S.Ct. 1303, 1315-17, 75 L.Ed.2d 206 (1983).

33.   DE 1 at 3, Para. 12; DE 32 Attachment 1-2; DE 32 Attachment 4-8 (The only two attorneys copied on, and repeatedly referred to in, the Order were M. Cohen, on behalf of Wells Fargo, and T. Andrews, on behalf of Tacorante.); DE 32 Attachment 9.

34.   DE 32 Attachment 11.

followed by multiple additional appearances by M. Cohen in the State Court Action, including

on June 21, 2011, September 14, 2011, September 23, 2011, January 12, 2012, January 26, 2012,

February 15, 2012 and March 28, 2013.[35]   Furthermore, when the parties were required to

execute Court Orders in the State Court Action following M. Cohen's initial appearance, only

two attorneys were mentioned, M. Cohen and Tacorante's attorney, Tanner Andrews ("T.

Andrews").[36]

The State Court, in entering final judgment in Wells Fargo's favor, found that Tacorante

did not "question the accuracy of any of these account statements," which contradicts

Tacorante's position that Defendants failed to provide a "true accounting."[37]   Furthermore,

Tacorante's subsequent attempts to attack the propriety of Defendants' appearances during the

State Court Action and undo Final Summary Judgment via appeal failed, which also contradicts

Tacorante's claims for relief.[38]   Otherwise, by rendering summary judgment in favor of Wells

Fargo in the State Court Action, it becomes obvious that Tacorante's credit report was obtained

for a valid purpose.[39]   Taken together, Tacorante cannot plausibly claim that Defendants' State

Court Action appearance was not authorized, that the accounting was not true or that a valid

reason for obtaining Tacorante's credit report did not exist.

"[I]ssue preclusion arises in a second action on the basis of a prior decision when the

same 'issue' is involved in both actions; the issue was 'actually litigated' in the first action, after

---

35.   DE 1 at 3, Para. 12; DE 32 Attachment 1-2; DE 32 Attachment 3-8, 12-13 and 17-18 (Includes a variety of court filings that specifically reference Defendants as Plaintiff's attorney in the State Court Action.); DE 1, Exhibit "D" (Final Summary Judgment copied to Defendants).

36.   *Id.*

37.   DE 32 Attachment 9; DE 1 at 3, Para. 54(a-b) (alleging a violation of the FDCPA because there was no "true accounting").

38.   DE 32 Attachment 16, 20 and 22; DE 1 at 3, Para. 34, 54(c) and 61(b).

39.   DE 32 Attachment 9 (State Court Summary Judgment Order validating Wells Fargo's right to collect the debt owned); DE 1 at 3, Para. 56 and 61.

a full and fair opportunity for litigation; the issue was 'actually decided' in the first action by a disposition that is sufficiently 'final,' 'on the merits,' and 'valid'; it was necessary to decide the issue in disposing of the first action…"[40]  Here, the appearances, accounting and justification for obtaining Tacorante's credit report are the same issues that were involved in the State Court Action.[41]  All of these issues were "actually litigated" in the State Court Action, as evidenced by, at a minimum, the SJ Order and the Order denying Relief From Final Judgment.[42]  Additionally, the first action is "final," "on the merits" and "valid" by way of the SJ Order and the Orders denying Tacorante's appeal of the SJ Order.[43]

In *Cooper v. F.A. Management Solutions, Inc.*,[44]  the Middle District of Florida dealt with a scenario remarkably similar to the instant matter.  Specifically, the plaintiff claimed the enforcement of the debt violated F.S. 559.72(9) of the FCCPA because the defendant did not have the right to enforce the debt.  The Court explained that this argument was rejected by the state court, as was the case in the instant matter, and as a result, the issue was precluded in federal court.[45]  The Middle District of Florida also stated that when "the requirements for issue preclusion are met, the parties may be prevented from re-litigating issues actually decided in a prior action."[46]  The subject matter of the Complaint "arises out of the same nucleus of operative

---

40.    *Cooper v. F.A. Management Solutions, Inc.*, 2007 WL 4326800 (M.D. Fla. 2007).

41.    DE 32 Attachment 1, 9, 16, 20 and 22 (including Court Orders from the State Court Action that ruled that the Defendants' appearance was authorized and the accounting performed was proper, as well as indicating that a valid purpose existed to obtain Tacorante's credit report).

42.    DE 32 Attachment 9 and 16.

43.    DE 32 Attachment 8, 20 and 22.

44.    2007 WL 4326800 (M.D. Fla. 2007).

45.    *Id.*; *See Migra v. Warren City School Dist. Bd. Of Educ.*, 465 U.S. 75, 77 n.1 (1984) ("Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.").

46.    *Cooper,* 2007 WL 4326800 (M.D. Fla. 2007), *citing Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1059 (11th Cir. 1987)

fact," or at the very least, it is "based upon same factual predicate," as the State Court Action.[47] The "points and questions" common to both the instant matter and the State Court Action cannot now be re-litigated.[48]

Tacorante claims Defendants violated the FDCPA, FCCPA and FCRA, and engaged in a conspiracy to defraud.[49] As revealed above, these claims are implausibly based Plaintiff's position that Defendants' appearance in the State Court Action was not authorized, the failure to perform an accounting in connection with debt collection and a misrepresentation regarding the purpose for obtaining Tacorante's credit report.[50] Because "federal review of state court decisions is entrusted solely to the Supreme Court, [the lower federal courts] may not decide federal issues that are raised in state proceedings and 'inextricably intertwined' with the state court's judgment."[51] All of the issues Tacorante now seeks to use to establish her various causes of action were heard and denied during the State Court Action, destroying the foundation for Tacorante's Complaint.

### 2. Waiver and Estoppel Prevent Plaintiff From Asserting the Issues Now Raised in Support of the Complaint

By repeatedly acknowledging the Defendants' appearances in the State Court Action without objection and failing to object to the accounting, Tacorante waived the right to assert

---

47. *Madura v. Countrywide Home Loans, Inc.*, 344 Fed.Appx. 509 (11th Cir. 2009), *citing Citybank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990).

48. *Madura*, 344 Fed.Appx. 509 (The Court also explained that to the extent there were slight variations to the claim, the matter was barred because Plaintiff could have, but did not raise the issue in the state court proceeding.).

49. DE 1 at 3, Counts I, II, III and IV.

50. DE 1 at 3, Para. 1-40.

51. *Wood v. Orange County,* 715 F.2d 1543, 1546 (11th Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984).

these issues as the factual support for her causes of action.[52]   Furthermore, because Defendants

relied upon Tacorante's seeming acquiescence of Defendants' appearances and accounting in the

State Court Action, equitable estoppels prevents Tacorante from asserting the claims now being

alleged.[53]

> a.   <u>Waiver</u>

As previously stated, Tacorante failed to object to Defendants' appearances on behalf of

Wells Fargo in the State Court Action on multiple occasions and made no objection to the

accounting.   This fact is evidenced by multiple court orders, as well as discovery served on

behalf of Tacorante during the State Court Action.[54]   Tacorante also repeatedly treated the

Defendants as the attorney of record in the State Court Action, serving documents on Defendants

to the exclusion of co-defendant, Jodi Cohen.[55]   As a result, Tacorante by her conduct, waived

---

52. *Kontrick v. Ryan*, 540 U.S. 443 (2004); *Hecht v. Harris, Upham & Co.*, 430 F.2d 1202, 1208 (9th Cir.1970) (waiver is the voluntary or intentional relinquishment of a known right); DE 32 Attachment 4-5 and 7-8 (Court Orders from the State Court Action executed by all parties and naming Defendants as Wells Fargo's attorney); DE 32 Attachment 18 (Request for Admissions from the State Court Action served on behalf of Tacorante on Wells Fargo and naming Defendants as Wells Fargo's attorney).

53. *DeShong v. Seaboard Coast Line R.R.*, 737 F.2d 1520, 1522 (11th Cir.1984) (Equitable estoppel "is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result."). *Major League Baseball v. Morsani*, 790 So.2d 1071, 1076-77 (Fla. 2001) ("Equitable estoppels is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position…Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct," and it "bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct.")

54. DE 32 Attachment 4-8 (The only two attorneys copied on, and repeatedly referred to in, the Order were M. Cohen, on behalf of Wells Fargo, and T. Andrews, on behalf of Tacorante.); DE 32 Attachment 18 (Request for Admissions from the State Court Action served on behalf of Tacorante on Wells Fargo and naming Defendants as Wells Fargo's attorney.); DE 32 Attachment 20 and 22.

55. DE 32 Attachment 13 and 17 (Filing by Defendants during the State Court Action including discovery, orders and additional material evidencing the fact that Defendants were treated by Tacorante as Wells Fargo's attorney); DE 32 Attachment 18 (Request for Admissions

the argument that Defendants' appearance was not authorized or the accounting performed was not true.[56]

A party can either expressly waive its rights or a waiver can be implied by a party's conduct.[57]   Here, Tacorante's both expressly and impliedly waived her right to raise any objection to Defendants' appearance or accounting related to the State Court Action because of the following developments: (1) No recorded objection following Defendants' initial appearance were made on behalf of Tacorante, despite multiple opportunities to do so during the State Court Action; (2)  Multiple Court Orders in the State Court Action were signed by all parties and named M. Cohen as Wells Fargo's attorney;[58] (3) Tacorante served Defendants with pleadings and discovery to the exclusion of Jodi Cohen in the State Court Action.[59]

      b.   Equitable Estoppel

Because of the same three (3) developments mentioned above, Tacorante's causes of action are barred by the doctrine of equitable estoppel.[60]  The action taken on behalf of Tacorante during the State Court Action represented her acquiescence of Defendants' appearances, accounting and credit inquiries in the State Court Action.   Based, in part, upon these

---

from the State Court Action served on behalf of Tacorante on Wells Fargo and naming Defendants as Wells Fargo's attorney.).

56.     Kontrick, 540 U.S. 443 (2004); Hecht, 430 F.2d 1202, 1208 (9th Cir.1970) (waiver is the voluntary or intentional relinquishment of a known right);

57.     In re Calore Exp. Co., Inc., 288 F.3d 22, 38 (1st Cir. 2002).

58.     DE 32 Attachment 4-9 and 16.

59.     DE 32 Attachment 17-18.

60.     *DeShong v. Seaboard Coast Line R.R.,* 737 F.2d 1520, 1522 (11th Cir.1984) (Equitable estoppel "is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result."). *Major League Baseball v. Morsani*, 790 So.2d 1071, 1076-77 (Fla. 2001) ("Equitable estoppels is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position…Equitable estoppel presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct," and it "bars the wrongdoer from asserting that shortcoming and profiting from his or her own misconduct.")

representations, Defendants took no additional action to perfect the appearances in the State Court Action, prove the propriety of the accounting or justify the basis for obtaining Tacorante's credit report in the State Court Action.   Rather, Defendants continued to operate as Wells Fargo's attorney as a matter of course, submitted no additional proof regarding the accounting and took no action in relation to perceived improper credit report inquiries during the State Court Action.   Thus, all the elements of equitable estoppel are met, including: (1) a representation of fact by one party contrary to a later asserted position;[61] (2) good faith reliance by another party upon the representation;[62] and (3) a detrimental change in position by the later party due to the reliance.[63]

### 3.   Tacorante's FDCPA Claim is Time-Barred

The FDCPA, 15 U.S.C. 1692k(d), has a one (1) year statute of limitations period. Because Plaintiffs' claims pursuant to the FDCPA allegedly arise from the alleged unauthorized appearances by the Defendants, the claim is barred by the applicable statute of limitations. Specifically, Defendants initially appeared in the State Court Action on July 21, 2011 and subsequently appeared on Wells Fargo's behalf of multiple occasions throughout 2011 and

---

61.     DE 32 Attachment 4-8 (Court Orders signed by Tacorante's attorney and naming Defendants as Wells Fargo's attorney); DE 32 Attachment 18 (discovery naming Defendants Wells Fargo's attorney); DE 1 at 3 (implausibly pleading that because the Defendants' appearance was not authorized, the accounting not true and the credit report inquiry not valid, Tacorante is entitled to relief).

62.     DE 1, Exhibits "A-F"; DE 32 Attachment 9 and 16.

63.     *See Irvine v. Cargill Investor Servs., Inc.,* 799 F.2d 1461, 1463 (11th Cir.1986) (applying Florida law and citing *Department of Revenue v. Anderson,* 403 So.2d 397, 400 (Fla.1981)); *Department of Labor & Employment Sec. v. Little,* 588 So.2d 281, 283 (Fla. 1st DCA 1991) (citing *Anderson,* 403 So.2d at 400).

2012;[64] however, the subject Complaint was not filed until March 15, 2013, more than one year later.  As a result, Plaintiff's FDCPA claim is time barred and must be dismissed.

**4.   Tacorante Fails to Plead Facts to Support the Elements Necessary to Maintain the Various Causes of Action**

     **a.   Plaintiff's FDCPA and FCCPA Claims Fail to State a Claim**

Tacorante failed to set forth a plausible basis for each of the necessary elements of a FDCPA claim, which include that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[65]

Plaintiff's FDCPA claim does not include any of the elements necessary to sustain it.[66] The FDCPA specifically defines "debt collector" as "any person who uses any instrumentality of interstate commence or the mail in any business the principal purpose of which is the collection of any debts, or who <u>regularly</u> collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." (emphasis added).[67]  An attorney falls under this definition if he or she <u>regularly</u> engages in consumer-debt-collection activity, even if that activity consists of litigation.[68]  Additionally, the "term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance,

---

64.    DE 32 Attachment 4-8 (Court Orders signed by Tacorante's attorney and naming Defendants as Wells Fargo's attorney); DE 32 Attachment 12 and 17.

65.    *Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000), *citing Sibley v. Firstcollect, Inc.*, 913 F.Supp. 469, 470 (M.D. La. 1995); *Fuller v. Becker & Poliakoff, P.A.,* 192 F.Supp.2d 1361, 1366 (M.D. Fla. 2002).

66.    DE 1 at 3, Para. 1-40 and Count 1.

67.    15 U.S.C. 1692a(6).

68.    *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment."[69]

Pleading a claim under the FCCPA requires the Plaintiff to first allege that a "legal right that did not exist was asserted" against a party by the purported debt collector.[70]  Plaintiff is then required to identify "knowledge or intent by the debt collectors in order to state a cause of action."[71]  Also, the FCCPA definition of "debt" mirrors the definition under the FDCPA.[72]

Tacorante's FDCPA and FCCPA causes of action self-servingly suggest Defendants are debt collectors based solely on a purported statement by M. Cohen that he has collected debts.[73]  However, the counts contain no factual allegation in support of the conclusion that Defendants underline regularly collect debts.[74]  Furthermore, the Complaint fails to identify a consumer debt, rather describing a breach of contract action and a line of credit.  Along these same lines, the Complaint makes no attempt to plead Defendants were attempting to collect a debt arising from a transaction that was primarily for Tacorante's personal, family or household purposes.[75]

---

69. 15 U.S.C. 1692a(5).

70. *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167, at 9 (S.D. Fla. 2009).

71. *Reese v. JP Morgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D. Fla. 2009), *citing Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000).

72. *Id*; Fla. Stat. 559.55(1).

73. DE 1 at 3, Para. 26.

74. *Correa v. BAC Home Loans Servicing LP*, No. 6:11-cv-1197-Orl022DAB, 2012 WL 1176701, at 12 (M.D. Fla. 2012) (a conclusory allegation that defendants were debt collectors with recital of the statutory definition was insufficient to establish defendants were debt collections under the FDCPA).

75. *Mediterranean Villas Condo. Ass'n, Inc. v. Moors Master Maint. Ass'n, Inc.*, No. 11-23302-Civ., 2012 WL 882508, at 4 (S.D. Fla. 2012) (dismissing the FDCPA claim for failure to allege facts plausibly stating the debt involved personal, family or household purposes); DE 1 at 3, Para. 12.

A simple pleading that a defendant had knowledge is not enough for Tacorante's FCCPA claim to survive this Motion to Dismiss.[76]   Like the factual scenario explained in *Reese v. JP Morgan Chase & CO.*, no plausible facts are plead herein regarding Defendants knowledge it was not legally entitled to pursue the subject debt, that the legal right to pursue the debt did not exist, and no facts are alleged identifying the threats of adverse action that defendant would take if the debt was not satisfied.[77]   Moreover, the Complaint remains silent to the fact that at no time did the Defendants refuse to identify themselves or who they represent.

Otherwise, it must be repeated that the underpinning of both the FDCPA and FCCPA causes of action is the alleged "unauthorized appearances" argument and "accounting" argument. Both of these arguments have been dismissed by court order in the State Court Action. However, assuming this Court finds otherwise, case law establishes that Defendants' appearances in the State Court Action were authorized.

Plaintiff's Complaint portrays Fla. R. Jud. Admin. 2.505(e) to "require" attorneys to appear in only one of three ways.  However, no such "requirement" exists.  Rather, Rule 2.505(e) is not mandatory but permissive in enumerating the ways in which an attorney "may" appear, which must be distinguished from the former rule controlling attorney appearances, which ceased to exist in 2006.[78]   Specifically, the former rule regulating attorney appearances, Rule 2.060, provided that "[n]o substitute attorney <u>shall</u> be permitted to appear in the absence of an order.[79]   Rule 2.060 also stated that additional attorneys appearing after proceedings have been filed in a court, "<u>shall</u> file a notice of appearance with the court and <u>shall</u> serve a copy of the

---

76.     *Reese v. JP Morgan Chase & Co.*, 686 F.Supp.2d 1291, 1309 (S.D. Fla. 2009), *citing Kaplan v. Assetcare, Inc.*, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000).

77.     *Id.*

78.     Fla.R.Jud.Admin. 2.505, Renumbered from Rule 2.060 Sept. 21, 2006 (939 So.2d 966).

79.     Fla.R.Jud.Admin 2.060(i) (emphasis added).

notice of appearance on all parties.[80]  This more restrictive Rule, which was not effective during the subject time frame, was the basis for the opinion in *Bortz v. Bortz*.[81]

Even if Plaintiff's dream that a notice of appearance was required were true, as was seemingly the case before 2006 when Rule 2.060(i) was in effect, case law analyzing Rule 2.060(i) tells a different story.

In *Hicks v. Hicks,* the Fifth District Court of Appeal ruled that even if an Order had not been obtained by a substitute attorney to appear in an action, the pleadings filed by the attorney were <u>not</u> a legal nullity.[82]  The Fifth District Court of Appeal opined:

> "we do not think that Rule 2.060(i) should be interpreted to mean that a substituted attorney's pleadings filed on behalf of the client before full compliance with that Rule, makes a pleading so filed, a legal nullity.  Rather, we think failure to comply with Rule 2.060(i) makes pleadings filed by an attorney voidable and subject to a motion to strike.  However, once full compliance with the Rule has been accomplished, as in this case it was, a better view of the situation would be to hold the pleadings filed on the client's behalf as legally effective, retroactively or nunc pro tunc."[83]

Mr. Cohen filed a Notice of Appearance as Co-Counsel on March 28, 2013, nunc pro tunc to June 20, 2011.[84]  The ruling in *Hicks*, coupled with the fact that Plaintiff never filed a Motion to Strike, provides justification for the legal effectiveness of the pleadings filed by Defendants in the State Court Action on any level or based on any interpretation of the rule.[85]

---

80.    Fla.R.Jud.Admin 2.060(k) (emphasis added).

81.    675 So.2d 622 (Fla. 1st DCA 1996).

82.    *Hicks v. Hicks*, 715 So.2d 304 (Fla. 5th DCA 1998).

83.    *Id.* at 305.

84.    DE 32 Attachment 12 and 17.

85.    *See Pasco County v. Quail Hollow Properties, Inc.*, 693 So.2d 82 (Fla. 2nd DCA 1997) (The court explained that a Notice of Appearance was necessary to allow the Court to rely on the representation of attorneys who file pleadings before it, to protect clients bound by the representations and to assure rights of other parties to know who they are dealing within in the lawsuit.  The Court cautioned that the initial attorney of record is still in the case, such as the

*Paul v. Paul* provides even more context to the rationale for the Rule 2.060(i) protocol, which alone vitiates Plaintiff's "unauthorized appearances" argument.[86]   In *Paul*, an attorney's repeated involvement in litigation was deemed to constitute an appearance of that attorney in the action.   Dealing with facts remarkably similar to that of this case, the Court noted that the attorney had appeared at a status conference, continued to represent the party and attended the mediation conference on behalf of the party, in addition to filing pleadings and participating in the litigation.   The Court then explained:

> "[A]lthough counsel did not file a formal notice of appearance, an appearance may be found even in the absence of any filings when an attorney shows up for a hearing and participates in the proceedings.  *A notice of appearance is merely a convenient way of placing counsel's name and address on the record*."[87]

If the more restrictively worded rule (i.e. Rule 2.060(i)) has been construed to allow an appearance in the absence of a Notice of Appearance, it appears only natural that the more liberally worded rule (i.e. Rule 2.505(e)) would, as well.   In light of the foregoing, Mr. Cohen's and Greenspoon Marder P.A.'s appearance in the State Court Action was anything but unauthorized.   Because the appearance was authorized, those aspects of Plaintiff's claims that rely upon the unauthorized appearance arguments fail to state a claim upon which relief may be granted.

---

case here, and can be counted on to alert the Court if there is any impropriety in the addition of a new attorney.).

86.     807 So.2d 191 (Fla. 3d DCA 2002).

87.     *Id.* at 193. (emphasis supplied).

    **b.**   <u>Plaintiff's Conspiracy to Defraud and FCRA Claim Fail to State a
Claim</u>

Plaintiff's conspiracy to defraud allegation fails to meet the heightened pleading standard set out by Fed. R. Civ. P. 9(b).[88]  "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omission, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."[89]

To the extent the false statement remains based on Plaintiff's "unauthorized appearances," respectfully, the Court should remain mindful of the inaccuracy of this position. To the extent the allegation relies on an impermissible credit report inquiries; there is nothing in the Complaint to suggest how or why the purpose was impermissible.[90]  Further, any error regarding the fact that the wrong law firm is mentioned on the report cannot be borne by the Defendants because no facts are alleged to suggest the Defendants created the report or the error.[91]

As an additional point, the alleged conspiracy to defraud is inadequately plead and is impossible to plead because another party necessary for the conspiracy to occur has been

---

88.    *Sultan v. Safeco Surplus Lines Ins. Co.*, No. 10-60561-CIV, 2010 WL 9489974, at 10 (S.D. Fla. 2010), *citing Principal Life Ins. Co. v. Mosberg*, No. 09-22341-CIV, 2010 WL 473042, at 6 (S.D. Fla. 2010).

89.    *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2011), *quoting Brooks v. Blue Cross & Blue Shield of Fla, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997).

90.    15 U.S.C. 1681b (enumerating permissible purposes for obtaining a credit report, including, but not limited to, in connection with an assessment of the credit or prepayment risks associated with, an existing credit obligation or to review an account to determine whether the consumer continues to meet the terms of the account.).

91.    Fed. R. Evid. 802. Because this document is hearsay, it must be excluded by this Court, and not considered in connection with Defendants' Motion to Dismiss.

dismissed from this action.[92]  Specifically, Tacorante alleges that the Defendants conspired with

Jodi Cohen, but she has been dismissed from the case.  Furthermore, because of the previously

mentioned State Court Action Orders, Plaintiff cannot plausible plead that Defendants engaged

in any unlawful conduct that would support the existence of a conspiracy.

### 5. The Causes of Action Should Have Been Previously Asserted As Compulsory Counter Claims.

Each cause of action contained in the Complaint should have been raised as a compulsory

counterclaim.  Specifically, each cause of action asserted by Tacorante arises out of the "same

aggregate of operative facts" as the State Court Action.[93]

In determining whether a claim is compulsory, Florida courts apply the "logical

relationship test."[94]  Pursuant to the "logical relationship test," "[a] claim has a logical

relationship to the original claim if it arises out of the same aggregate of operative facts as the

original claim in two senses: (1) that the same aggregate of operative facts serves as the basis for

both claims; or (2) that the aggregate core of facts upon which the original claim rests activates

additional legal rights in a party defendant that would otherwise remain dormant."[95]  Because

Tacorante's causes of action for violations of the FDCPA, FCCPA and FCRA, as well as the

conspiracy to defraud claim, arise out of the same aggregate of operate facts (i.e. appearances,

---

92.    *Clark v. Hernandez*, 2006 WL 3333708 (M.D. Fla. 2006) (Conspiracy requires an agreement between two or more parties).

93.    *Tessie M. Robb v. Rahi Real Estate Holding LLC*, No. 10-81474, 2011 U.S. Dis. LEXIS 55119, at 25 (S.D. Fla. 2011), *citing Londono v. Turkey Creek, Inc.*, 609 So.2d 14, 19 (Fla. 1992).

94.    *Tessie M. Robb v. Rahi Real Estate Holding LLC*, No. 10-81474, 2011 U.S. Dis. LEXIS 55119, at 25 (S.D. Fla. 2011), *citing Londono v. Turkey Creek, Inc.*, 609 So.2d 14, 19 (Fla. 1992).

95.    *Id., quoting Neil v. S. Fla. Auto Painters, Inc.*, 397 So.2d 1160, 164 (Fla. 3d DCA 1981).

accounting, credit report inquiry), they were required to be raised during the State Court Action and are now barred.[96]

### 6.    Tacorante Failed to Join an Indispensible Party, Equifax.

Tacorante's failure to name Equifax as a Defendant in this lawsuit is an additional ground to dismiss the Complaint.[97]   Specifically, Tacorante argues that Defendants' are liable as a result of obtaining Tacorante's credit report for an improper purpose.[98]   Apparently, she bases this allegation, in part, on a credit report by Equifax, a third-party over which Defendants have no semblance of control.

Rule 12(b)(7) of the Federal Rules of Civil Procedure explains that a failure to join a party represents an additional ground for dismissal of a Complaint.[99]   In turn, Rule 19(a) explains that a party is required to be joined if "the court cannot accord complete relief among existing parties" in the person's absence.[100]

Here, the purported improper credit report was provided by a party not currently associated with the lawsuit.  Because the alleged impropriety could not have occurred if not for the credit reporting agency, Equifax, the court cannot effectuate complete relief in Equifax's absence.  Further, inclusion of the reporting agency as a party-defendant, would be valuable to the court as it shapes and fashions relief.[101]   In order for Mr. Cohen to properly advance some of

---

96.     *Urfirer v. Cornfeld*, 408 F.3d 710, n.1 (11th Cir. 2005) (Issue preclusion applies even when the parties are not the same so long as one of the parties to the subsequent action is attempting to re-litigate an issue determined in the first action.).

97.     Fed. R. Civ. P. 12(b)(7).

98.     It should be noted that the result of the State Court Action establishes that the credit report was not obtained for impermissible purposes. DE 32 Attachment 9, 16, 20 and 22.

99.     Fed. R. Civ. P. 12(b)(7).

100.     Fed. R. Civ. P. 19(a)(1)-(2); *Dr. Fred Hatfield's Sportsstrength Training Equip. Co. v. Balik*, 174 F.R.D. 496, 499 (M.D. Fla. 1997).

101.     Fed. R. Civ. P. 19 (Committee Notes).

his defenses to liability, particularly that Equifax failed to update his information, Equifax's absence from this action could impede its ability to protect its interests.[102]

While "[t]here is no prescribed formula for determining whether a party, an individual, or a corporation, is an indispensable party or just a necessary party,…[i]t has often been held that joint obligees are indispensable parties when suing an obligor."[103]   Here, Defendants and Equifax have joint obligations towards the Plaintiff, making Equifax an indispensible party.

## IV.   **CONCLUSION**

For the foregoing reasons, Tacorante fails to state a plausible claim for relief and her Complaint should be dismissed with prejudice.

Respectfully submitted,

*s/Richard W. Epstein*
Richard W. Epstein
Florida Bar No. 229091
richard.epstein@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954. 343.6956 (Facsimile)
*Attorneys for Defendants Marc B. Cohen and Greenspoon Marder, P.A.*

---

102.   Fed. R. Civ. P. 19(a)(1)(B)(i).
103.   *Bry-Man's, Inc. v. State,* 312 F.2d 585, 586 (5th. Cir. 1963) (*citing Niles- Bement-Pond Co. v. Iron Moulders Union,* 254 U.S. 77 (1920)).

13899692v1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification to the parties below on this 8th day of July, 2013:

J. Marshall Gilmore, Esq.
1936 Lee Road
Suite 100
Winter Park, FL 32789
407/629-7322
Fax: 407/599-3801
Email: mgilmore@mgilmorelaw.com

*s/ Richard W. Epstein*
RICHARD W. EPSTEIN