UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


DANIELLE TACORONTE                                  Case No. 6:13-CV-418-Orl-18GJK

          Plaintiff,

Vs.


MARC B. COHEN, INDIVIDUALLY,
GREENSPOON MARDER, P.A,

          Defendants

_____/


## **PLAINTIFFS FIRST AMENDED COMPLAINT**


Plaintiff, Danielle Tacoronte, hereby sues Defendants, MARC B. COHEN, AND GREENSPAN MARDER, P.A., and alleges:

1.    1. This is an action for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq.; Fair Credit Reporting Act, (FCRA) 15 U.S.C. § 1681 et seq., and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9) et seq.;

2. Upon belief and information, Plaintiff contends that many of these practices are widespread by the Defendant. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C. §1681p, Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## DEMAND FOR JURY TRIAL

5. Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## PARTIES

6. Plaintiff, DANIELLE TACORONTE, (Tacoronte) is a natural person and is a resident of the State of Florida.

7. Defendant, GREENSPOON MARDER, P.A. (Green) is a incorporated as a Florida Professional Association authorized to do business in Florida with Gerald Greenspoon as its registered agent. Green has appeared herein and filed its Motion to Dismiss and is before this court.

8. Defendant, MARC B. COHEN, (Cohen) is a natural person and is a resident of the State of Florida with an address of 100 WEST CYPRESS CREEK ROAD, SUITE #700, FT LAUDERDALE, FL 33309.

9. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

10. On or about July 8, 2009 the Plaintiff was served with a breach of contract action on behalf of Wells Fargo Bank, N.A. ("Wells" hereinafter), to wit: <u>Wells Fargo NA v. Danielle Tacoronte,</u> Case No. 2009-CA-008077 CI in the Circuit Court of Osceola County, FL and hereinafter referred to as the "State Case".

11. Rothstein, Rosenfeldt and Adler ( "RRA") was the law firm of record in this State Case that was representing Wells Fargo, NA with attorney Jodi N. Cohen from the firm having signed the State complaint as the initial individual attorney of record.

12. On August 25, 2009 Tacoronte filed a Motion to Dismiss in the State case which was set for hearing on November 5, 2009. This hearing was held but J. Cohen failed to appear allegedly due to the fact that RRA had been raided and shut down by the FBI on November 4, 2009 (see Jodi Cohen Motion, Doc 14, page 4). The motion to dismiss was granted at this hearing.

13. J. Cohen then moved to the law firm of Rice, Purgatch, Robinson, & Schiller, PA . ("RPR&S" hereinafter), 101 NE 3rd Ave Ste. 1800 Fort Lauderdale FL 33301 and then, continuing as the attorney of record for Defendant, filed on December 18, 2009 a Motion to Vacate the dismissal order.

14. J. Cohen only appeared at the February 2, 2010 hearing on the motion to vacate at which time the dismissal order entered November 5, 2009 was vacated. Jodi Cohen was still listed in the State case clerk's docket as the only attorney of

      record for Wells Fargo, NA until March 14, 2013( See Exhibit "A") and has actually never filed a Motion to Withdraw or Substitute out of the case .

15. On February 15, 2012 there was a pre-trial conference and a mediation conference in the State case in which attorney Marc Cohen attended without filing or serving a notice of appearance as required by the Florida Judicial Rules of Administration 2.505(e).

16. At the hearing held February 15, 2012, Tacoronte's attorney of record, Tanner Andrews, P.A. ( " Andrews" hereinafter) asked the attorney Marc Cohen if in fact he and his firm was the attorney of record for Wells Fargo, NA.   Cohen replied he was not on the record but that did not matter.

17. Tanner Andrews then objected to Judge Waller at the hearing that Cohen had not filed any notice of appearance and that no other requirement of Florida Judicial Rules of Administration, Paragraph 2.505 had been complied with.

18. Andrews made it clear that the court should rule for Defendant on Defendant's Motion as the Plaintiff had defaulted by not appearing in person or by attorney of record and that the hearing should not proceed.

19. At this point Andrews filed in open court a Notice of Non Appearance, see Exhibit "C"

20. Judge Waller then instructed Cohen to formally file a notice of appearance in the case as soon as possible and allowed the hearing to continue over Andrews's objections.

21. Andrews again, objected to the hearing going forward as there was a Notice of Dispute filed into the court record that Wells had failed to answer.

22. Marc Cohen made it clear that Wells did not have to answer as Wells Fargo was not a debt collector and not subject to the Federal Debt Collection Practices Act, but described himself as being a debt collector because he collects debts on behalf of others.

23. Marc Cohen failed to address that under the FCCPA, Wells must respond to the debt validation request as the Act applies to original creditors as well as debt collectors.

24. On February 27, 2012, Wells Fargo filed a Motion for Summary Judgment signed by Marc Cohen as the attorney for Wells Fargo.

25. On March 16, 2012 Marc Cohen again appeared for a hearing attempting to get a final summary judgment against Tacoronte, and again Andrews made it clear that Marc Cohen had not filed a Notice of Appearance as instructed by Judge Waller a month earlier. Jodi Cohen was still listed at the only attorney of record for Wells Fargo.

26. Therefore, Wells Fargo again failed to appear in person or to have its attorney of record appear to present and argue its Motion which should have then been denied.

27. Again, Judge Waller in spite of Marc Cohen not following her direct order to file a Notice of Appearance in compliance with Florida Judicial Rules of Administration 2.505(e), allowed the hearing to continue.

28. As a result of the appearance, actions, argument, unauthorized pleadings filed and presented by Defendants Cohen and Green the Plaintiff had a summary judgment granted against her.  See exhibit "D".

5

29. Plaintiff was injured by having the action prosecuted by Cohen who despite having a pending motion to compel, filed 14-Mar-2012 could not produce a witness for deposition before judgment despite the fact that Wells Fargo had offices in the area.

30. As of March 16, 2012, the Osceola County Clerk of the Court's website reveals that Cohen was not or ever had been the attorney of record, had not filed a Notice of Appearance, had not appeared as co-council, nor had Jodi Cohen filed a notice of withdrawal or substitution.

31. Jodi Cohen, and RPR&S, the attorney and firm of record stated, "J. Cohen has never met Marc Cohen, practices law with Marc Cohen or Greenspoon Marder, P.A., or spoken with Marc Cohen" in their proposed Motion to Dismiss ( Doc 14) and can testify to those facts.

32. J. Cohen states that she left the firm and Wells Fargo was a client of RPR&S.

33. M. Cohen then not file a Notice of Co-Council with RPR&S.  Plaintiff contends it's because RPR&S did not know who Cohen was and like, J. Cohen has never had any contact with him or Green.

34. Jodi Cohen, the RPR&S make it painfully obvious why Cohen and Green did not file a notice of co-council with the attorneys of record, but chose rather an attorney and firm who had been off the record, out of business, and in jail only a few months after the inception of the case.

35. The Judicial Rules of Administration  section 2.505(e) require attorneys to appear in one of three ways;

   (1) By serving and filing, on behalf of a party, the

>party's first pleading or paper in the proceeding.
>
>(2) By substitution of counsel, but only by order of court and with written consent of the client, filed with the court. The court may condition substitution upon payment of, or security for, the substituted attorney's fees and expenses, or upon such other terms as may be just.
>
>(3) By filing with the court and serving upon all parties a notice of appearance as counsel for a party that has already appeared in a proceeding pro se or as co-counsel for a party that has already appeared in a proceeding by non-withdrawing counsel.

36. Neither Marc Cohen nor Green ever served or filed on behalf of Wells Fargo in the State Case or filed with the State court or with any parties involved as ordered by the court, a Notice of Appearance, a notice of Co-Council nor a Notice of Substitution of Counsel by J. Cohen filed and approved by the Court until March 14, 2013.

37. The present Fla. R. Jud. Adm. 2.505(e) and the older Fla. R. Jud. Adm. 2.060(j) used the same permissive language, ''may'', specifying how attorneys may appear.

38. This local rules of court for Orange County which is in the same judicial district as Osceola County, the count that the Stat case was filed in provide that 2.505(e) must be strictly complied with, although the local rules of Orange County are not binding on Osceola County Local rule , Section 6. Appearance and Withdrawal of Attorneys, Orange County Local Rules.

39. Although duly served with notice of the time, place and purpose of the hearings, Wells failed to appear in person or by its attorney of record at the hearing for Summary Judgment held March 16, 2012.

40. Therefore neither Marc Cohen nor Green ever appeared as counsel of record for Wells Fargo in keeping with the Florida Rules of Judicial Administration 2.505(e).

41. Not until the Plaintiff's attorney filed a Motion to Vacate Judgment on March 14, 2013 did Marc Cohen attempt to make an appearance on the record.

42. Marc Cohen attempted to "un-ring the bell" by filing a notice of co-council for Wells Fargo *nunc pro tunc* on March 28, 2013 just days before the hearing.

43. The belated appearance as co-counsel with the Rothstein firm is ineffective as an attempt to backdate his appearance to 2011as the Rothstein firm was administratively dissolved in 2010, following bankruptcy in 2009 and attorney Rothstein, with whom Cohen attempts to align himself, was disbarred in 2009, and is now a long-term guest of the U.S. Government.

44. By the repeated unauthorized appearances, repeated unauthorized actions to collect a debt, and acting as self-admitted debt collectors, Defendants Cohen and Green have misrepresented their authority to collect the debt, used false pretenses to collect a debt and used false, deceptive, or misleading representation or means in connection with the debt collection.

45. These egregious acts perpetrated by Cohen and Green have caused the Plaintiff undue stress, public humiliation, high blood pressure, stomach problems, anxiety, further expenses, and judgment against her in the amount of $129,000.00 plus interest, and attorney's fees.

## IMPERMISSABLY OBTAINING PLAINTIFF'S CREDIT REPORT BY DEFENDANTS

46. Upon examination of the Plaintiff's credit reports, it was discovered that on January 26, 2012 someone outside and foreign to the State court litigation and alleging itself to be "Cohen, Conway, Copeland & Pavia P.A.", ( hereinafter referred to as "CCC&P")  made in an unauthorized inquiry,  purporting to be a "creditor", into the Plaintiffs credit report without a permissible purpose, obtaining Plaintiff's credit report under false pretenses and during litigation. See Exhibit "E"

47. The credit report shows Cohen, Conway, Copeland & Pavia P.A. as making the inquiry as an alleged "creditor" but the phone number shown on the report reflects Cohen and Green's office phone number. See Exhibit "E"

48. The Florida Department of State shows Cohen, Conway, Copeland & Pavia P.A. as being administratively dissolved in 2007 but the inquiry was falsely attributed by Cohen and Green to be from a "creditor" by the name of the dissolved CCC&P entity.   Cohen and Green therefore jointly obtained and conspired to make such unlawful inquiry.

49. The FCRA prohibits any person from using or obtaining a consumer report other than with permissible purposes under 1681b(f).

50. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

51. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may  obtain a consumer credit report.

52. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

53. CCC&P met none of the requirements under 15 U.S.C. § 1681b.

54. Plaintiff has never given the Defendants or CCC&P any permission to obtain her credit report.

55. It is well established that there is no legitimate business need to obtain a credit report to prepare for litigation and it's improper to get a credit report to discover information which might be used in litigation and extra-judicial investigations.

56. In addition, any person who knowingly obtains a credit report under false pretenses shall be fined, and/or imprisoned (up to 2 years) or both. 15 U.S.C. §1681q.

57. Defendants obtained and made inquiries into Plaintiff's credit records in violation of 1681b(f) by pulling said credit records without permission, without a permissible purpose and through the use of false means by representing themselves to be a "creditor" and falsely using a defunct corporations named- CCC&P- to do so.

58. Any person who willfully or negligently fails to comply with any requirement of the Act with respect to any consumer is liable to that consumer for actual damages, attorneys' fees and costs.

59. At all times material hereto, all Defendants agreed, between and among

themselves and in combination with each other and various agents, as to each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose, to wit: to appear in court without authority, to take unauthorized actions to collect a debt, to appear in court multiple times without legal authority and represent that they were the legally authorized attorney collecting a debt, to obtain Plaintiff's credit report with a proper purpose, and to perpetrate a fraud and obtain an unlawful judgment against Tacoronte.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 BY DEFENDANTS GREEN and COHEN

60. Plaintiff alleges and incorporates the information in paragraphs 1 through 59.

61. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

62. The debt in question was for personal, family or house hold purposes.

63. Defendant Green is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as part of their firm regularly collects debts of behalf of others.

64. Defendant Cohen is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as M.Cohen regularly collects debts on behalf of others.

65. Defendants violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, of the debt overcharging $9000.00 over the agreement limit.

(b) Defendants violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt.

(c) Defendants violated 15 U.S.C.§ 1692 e Any other false, deceptive, or misleading representation or means in connection with the debt collection. Defendants attempted to collect the alleged debt by having unauthorized attorneys at the hearings up and through March 16, 2012.

(d) Defendants violated 15 U.S.C.§ 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer, by conspiring to unlawfully gain further information about Tacoronte by making unlawful credit inquiries, without permissible purpose or reason.

(e) Defendants violated 15 U.S.C.§ 1692 f Any unfair or unconscionable means to collect or attempt to collect the alleged debt, by making unlawful credit inquiries, without permissible purpose or reason. By attempting to collect more than is allowed by the alleged agreement and by representing to Tacoronte that they had the authority to pursue the action.

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants, for actual or statutory damages, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT II

**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(Part VI) BY DEFENDANTS WELLS, GREEN and COHEN,**

66. Plaintiff alleges and incorporates the information in paragraphs 1 through 59 above .

67. Plaintiff is a consumer within the meaning of §559.55(2).

68. The debt in question was for personal, family or house hold purposes.

69. Green is a debt collector within the meaning of §559.55(6) as part of their firm regularly collects debts of behalf of others .

70. Cohen is a debt collector within the meaning of §559.55(6) as M. Cohen regularly collects debts on behalf of others.

71. Defendants violated Fla. St. §559.72. Defendant's violations include, but are not limited to, the following:

    (a) 559.72 (9) by asserting the existence of some other legal right when such person knows that the right does not exist; hence,

    (b) 559.72 (10)  Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

    (c) 559.72 (15)  Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

**WHEREFORE,** Plaintiff demands judgment for damages against Defendants,  for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. §559.77.

## COUNT III

### VIOLATIONS OF FAIR CREDIT REPORTING ACT, (FCRA) 15 U.S.C. § 1681 et seq. BY DEFENDANTS COHEN and GREEN

72. Plaintiff alleges and incorporates the information in paragraphs 1 through 59.

73. On January 26, 2012 Defendants, M. Cohen and Green, using the name  of the dissolved corporate entity, "Cohen, Conway, Copeland & Pavia P.A." made an

inquiry into the Plaintiffs credit report without a permissible purpose and under false pretense.

74. The FCRA prohibits any person from using or obtaining a consumer report other than with permissible purposes 1681b(f).

75. Defendants had no legitimate business need to obtain Plaintiffs credit report to prepare for litigation since the credit inquiry was done during litigation and from any party outside the litigation.

76. Defendants knew at all times it was improper to obtain a credit report to discover information which might be used in litigation and extra-judicial investigation by attorneys is improper; no privilege.

77. At very early stages of the underlying litigation, Cohen and his co-conspirator's set out upon a course of conduct, which willfully violated both the spirit and the letter of the Fair Credit Reporting Act by trampling recklessly upon the Plaintiffs rights and invading her rights to privacy the FCRA was designed to protect.

78. The gravamen of an action for the invasion of the right to privacy is "the injury to the feelings of the plaintiff, mental anguish and distress."

79. Defendants, Cohen and Green, conspired to use the knowledge gleaned from the Plaintiffs credit report against the Plaintiff during litigation.

80. Cohen used "CCC&P", the name of a dissolved corporation, in an attempt to hide the true name, Greenspoon Marder, from the Plaintiff and the Plaintiffs council.

81. Defendants provided false information to the credit reporting agencies in order to unlawfully obtain Plaintiffs credit reports.

82. 15 U.S.C. § 1681b(a)(3)(A) refers to the consumer reporting agency and its reason to believe the person making the request for the consumer report "*intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer.*"

83. 15 U.S.C. § 1681b(a)(3)(A) does not refer to an entity claiming to have a permissible purpose.

84. Under 15 U.S.C. § 1681e(a), the procedures for certification to the Credit Reporting Agency in regard to obtaining an individual's credit report *require that prospective users of the information identity themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose.*"

85. Cohen and Green hoped that the Plaintiff would not recognize who CCCP was if the Plaintiff ran across the name while reviewing the credit report.

86. Defendant Green and J. Cohen co-conspired with Cohen and knew at all times that Cohen was using CCCP in order to unlawfully obtain Plaintiffs credit report.

87. Plaintiff believes that this is a common practice between the Defendants and plans to identify other possible victims through discovery.

88. Defendants, Green and Cohen hoped to gain some unknown litigation advantage from the unlawfully obtained credit report.

89.     Defendants, Green and Wells knew that Cohen and Green willfully, negligently, and under false pretense obtained the Plaintiff's Credit Report.

**WHEREFORE,** Plaintiff demands the entry of Final Judgment against the Defendants for statutory and compensatory damages, interest, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this _15th__ of August, 2013.

Respectfully submitted,

___s/ J. Marshall Gilmore_____
J. Marshall Gilmore, Esq.
Counsel for Plaintiff
FL Bar NO 840181
1936 Lee Road, Suite 100
Winter Park, FL  32789
Phone 407 937-8675
Fax     407 599-3801
mgilmore@mgilmorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on August 15th, 2013, via the Court Clerk's CM/ECF system which will provide notice to the following: all record parties of record.

*s/ J. Marshall Gilmore,*
_____
J. Marshall Gilmore, Attorney for Plaintiff