# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-CV-418-GKS-GJK

DANIELLE TACORONTE

     Plaintiff,

v.

MARC B. COHEN, individually,
GREENSPOON MARDER, P.A.,

     Defendants.

_____/

## DEFENDANT GREENSPOON MARDER, P.A.'S
## FIRST REQUEST FOR ADMISSIONS TO
## <u>PLAINTIFF DANIELLE TACORONTE</u>

Defendant Greenspoon Marder, P.A., pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, requests that Plaintiff Danielle Tacoronte ("Plaintiff" or "Tacoronte") answer, under oath the following requests for admission within the time prescribed by law.

### <u>REQUEST FOR ADMISSIONS</u>

1.    Admit that you did not repay Wells Fargo Bank, N.A. ("Wells Fargo") in accordance with the terms of the EquityLine Account Agreement and Disclosure Statement (the "Agreement"), which you signed on May 10, 2006 for a $130,000 line of credit.

2.    Admit that your failure to repay Wells Fargo resulted in an unpaid debt.

3.    Admit that Wells Fargo is entitled to collect upon unpaid debts owed to it.

4.    Admit that Wells Fargo was entitled to collect upon the unpaid debt you owed to it under the Agreement.

5.    Admit that in July 2009 you were served with the lawsuit for breach of the Agreement by Wells Fargo, Case No. 2009 CA 008077 CI in the Circuit Court of Osceola County, Florida (the "Wells Fargo Case").

6.    Admit that 15 U.S.C. § 1681(a)(3)(A) states that a credit report may be furnished for use "in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review *or collection of an account* of, the consumer[.]" Emphasis added.

7.    Admit that, for the purposes of collecting an unpaid debt owed to it by you under the Agreement, Wells Fargo was entitled to pull your credit report.

8.    Admit that Greenspoon Marder, P.A. represented Wells Fargo in the collection of the unpaid debt you owed to it under the Agreement.

9.    Admit that Marc B. Cohen represented Wells Fargo in the collection of the unpaid debt you owed to it under the Agreement.

10.    Admit that Final Summary Judgment was entered against you in the Wells Fargo Case on March 29, 2012 in the amount of $129,000.

11.    Admit that in your Affidavit, which you filed in Opposition to Wells Fargo's Motion for Summary Judgment, you did not challenge or question the validity of the account statements indicating your indebtedness to Wells Fargo.

12.    Admit that you attempted to appeal the March 29, 2012 Final Summary Judgment order by mailing a Notice of Appeal to the Court which was filed on May 1, 2012.

13.    Admit that Florida's Fifth District Court of Appeal ultimately dismissed your appeal as untimely on June 6, 2012.

14.     Admit that, in the Wells Fargo Case, you filed a Motion for Relief from [the Final Summary] Judgment on March 13, 2013.

15.     Admit that your Motion for Relief from Judgment was based on your assertions that "[t]he motion leading to the order here was filed by Marc Cohen, who had neither appeared nor been substituted. At hearing, only Marc Cohen and not counsel of record, was present for Plaintiff here. Accordingly, both the advocacy and the motion itself were nullities, id, and the court cannot grant a null motion."

16.     Admit that papers filed in both support of and in opposition to the Motion for Relief from Judgment focused primarily on the issues of: 1) whether Marc B. Cohen properly appeared in the Wells Fargo Case; and 2) whether the filings of, and appearances of, Marc B. Cohen on Wells Fargo's behalf, and Orders entered by the Circuit Court as a result of same, were null and/or void.

17.     Admit that at the hearing on the Motion for Relief from Judgment, argument of counsel focused primarily on the issues of: 1) whether Marc B. Cohen properly appeared in the Wells Fargo Case; and 2) whether the filings of, and appearances of, Marc B. Cohen on Wells Fargo's behalf, and Orders entered by the Circuit Court as a result of same, were null and/or void.

18.     Admit that the Circuit Court, after hearing argument of counsel and reviewing the various memoranda of law submitted by the parties, denied your Motion for Relief from Judgment on or about June 26, 2013.

19.     Admit that Marc B. Cohen served a Notice of Hearing on behalf of Wells Fargo in the Wells Fargo Case dated July 21, 2011.

20.     Admit that the Circuit Court entered an Order Setting Status Hearing to Determine Date of Trial and/or Need for Case Management Conference on September 14, 2011 which was mailed by the Court to only two attorneys: Marc Cohen and Tanner Andrews.

21.     Admit that the Circuit Court entered a Uniform Order Setting Case for Jury Trial; Pre-Trial Conference and Requiring Pretrial Matters to be Completed on September 23, 2011 which was mailed by the Court to only two attorneys: Marc Cohen and Tanner Andrews.

22.     Admit that Marc B. Cohen served you, on behalf of Wells Fargo, with Wells Fargo's list of Intended Witnesses and List of Intended Exhibits to be Utilized at Trial on or about January 6, 2012.

23.     Admit that the Circuit Court entered an Agreed Order of Referral to Mediation on January 26, 2012 which was mailed by the Court to only Marc Cohen and Tanner Andrews, as well as the mediator Garrick Fox.

24.     Admit that Marc Cohen appeared at the pretrial conference in the Wells Fargo Case on February 15, 2012 during which he acted on behalf of Wells Fargo.

25.     Admit that Marc Cohen appeared at the hearing on Wells Fargo's Motion for Summary Judgment in the Wells Fargo Case on March 16, 2012 during which he argued on behalf of Wells Fargo.

26.     Admit that the Circuit Court entered a Final Summary Judgment order on March 29, 2012 which was mailed by the Court to only Marc Cohen and Tanner Andrews.

27.     Admit that Tanner Andrews, on your behalf, served Marc B. Cohen, on Wells Fargo's behalf, with a Notice of Appeal on April 29, 2012.

28.     Admit that Tanner Andrews, on your behalf, served Marc B. Cohen, on Wells Fargo's behalf, with a Motion for Relief from Judgment on March 14, 2013.

29.     Admit that on March 28, 2013, Marc B. Cohen filed a Notice of Appearance in the Wells Fargo Case, nunc pro tunc to July 20, 2011.

30.     Admit that you did not file the instant lawsuit against Marc B. Cohen and Greenspoon Marder, P.A. until March 15, 2013.

*s/Richard W. Epstein* _____
Richard W. Epstein
Florida Bar No. 229091
richard.epstein@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954. 343.6956 (Facsimile)

*Attorneys for Defendants Marc B. Cohen and Greenspoon Marder, P.A.*

CASE NO. 6:13-CV-418-GKS-GJK

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing to the following counsel of record via electronic and U.S. Mail on this 30th day of August, 2013:


J. Marshall Gilmore, Esq.
1936 Lee Road
Suite 100
Winter Park, FL 32789
407/629-7322
Fax: 407/599-3801
Email: mgilmore@mgilmorelaw.com


*s/ Richard W. Epstein*
RICHARD W. EPSTEIN


I4697845-00154.0192

6