# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-CV-418-GKS-GJK

DANIELLE TACORONTE

       Plaintiff,

v.

MARC B. COHEN, individually,
GREENSPOON MARDER, P.A.,

       Defendants.

_____/

## DEFENDANT MARC B. COHEN'S
## FIRST REQUEST FOR ADMISSIONS TO
## PLAINTIFF DANIELLE TACORONTE

       Defendant Marc B. Cohen, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, requests that Plaintiff Danielle Tacoronte ("Plaintiff" or "Tacoronte") answer, under oath the following requests for admission within the time prescribed by law.

## REQUEST FOR ADMISSIONS

       1.     Admit that a credit report was obtained as to you for purposes of collecting an unpaid indebtedness owed to a client of Marc B. Cohen.

       2.     Admit that Bank of America has filed a mortgage foreclosure action against you and your husband with regards to your residence in Osceola County, Florida styled as *Bank of America v. Danielle Tacoronte*, Case No. 2008 CA 009433, Circuit Court of Osceola County, Florida (the "Foreclosure Action").

       3.     Admit that you filed a chapter 13 bankruptcy (the "Bankruptcy Action") the day before a hearing was scheduled in on Bank of America's Motion for Summary Judgment in the Foreclosure Action.

4.      Admit that neither Wells Fargo Bank, N.A. ("Wells Fargo"), nor Greenspoon Marder, P.A. ("GM"), nor Marc B. Cohen, filed a mortgage foreclosure action against you relating to your residence.

5.      Admit that your chapter 13 bankruptcy action was dismissed by the bankruptcy court.

6.      Admit that in the matter styled *Wells Fargo Bank, N.A. v. Danielle Tacoronte*, Case No. 2009-CA-008077-CI ("State Court Action"), you did not attempt to take the deposition of Wells Fargo until March 2012.

7.      Admit that Marc B. Cohen agreed to produce a witness for deposition in the State Court Action on two days notice.

8.      Admit that the witness Marc B. Cohen wanted to produce for such deposition was based in Iowa, and so, asked Tanner Andrews, Esq. to agree to the deposition being taken by phone.

9.      Admit that Tanner Andrews, Esq. would not agree to the deposition being taken by phone.

10.      Admit that Marc B. Cohen wanted to produce a witness from Wells Fargo's Iowa office because this was the office charged with the responsibility of handling and collecting the debt at issue in the State Court Action

11.      Admit that Marc B. Cohen advised Tanner Andrews, Esq. that a local branch representative would not be the person with the most knowledge of the account pertaining to the debt at issue in the State Court Action

12.      Admit that Tanner Andrews, Esq. wanted to take the deposition of a Wells Fargo local branch representative.

13.     Admit that a Wells Fargo local branch representative was not the office of Wells Fargo that was attempting to collect the debt at issue in the State Court Action.

14.     Admit that in the Affidavit in support of the Motion for Summary Judgment signed by Wells Fargo in the State Court Action was signed by a representative of Wells Fargo's office in Iowa.

15.     Admit that at all times Tanner Andrews, Esq. sought to coordinate the deposition of Wells Fargo with Marc B. Cohen and no other attorney.

16.     Admit that Tanner Andrews, Esq. served Marc B. Cohen with discovery in the State Court Action.

17.     Admit that Tanner Andrews, Esq. served your list of witnesses and exhibits on Marc B. Cohen and no other attorneys.

18.     Admit that the first document filed by Marc B. Cohen in the State Court Action was a Notice of Hearing dated July 21, 2011.

19.     Admit that you never filed a motion to strike any document or pleading filed by Marc B. Cohen in the State Court Action at any time.

20.     Admit that your credit report was not used to assert any position or argument at any hearing or conference in the State Court Action.

21.     Admit that Equifax was not contacted by you as to the address for the inquirer referred to as "Cohen Conway" on your credit report.

22.     Admit that you never filed an objection to Marc B. Cohen attending a mediation conference with you in the State Court Action.

23.     Admit that the basis for your Motion for Relief from Judgment, filed in the State Court Action, was the fact that a notice of appearance had not been filed by Marc B. Cohen and/or GM prior to the entry of the order of Final Summary Judgment.

24.     Admit that Judge Jordan denied your Motion for Relief from Judgment in the State Court Action.

25.     Admit that in the Amended Complaint you filed on August 15, 2013, you did not allege, nor reference the Order entered by Judge Jordan on June 26, 2013 denying your Motion for Relief from Judgment in the State Court Action.

_s/Richard W. Epstein_
Richard W. Epstein
Florida Bar No. 229091
richard.epstein@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954. 343.6956 (Facsimile)

*Attorneys for Defendants Marc B. Cohen and Greenspoon Marder, P.A.*

CASE NO. 6:13-CV-418-GKS-GJK

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing to the following counsel of record via electronic and U.S. Mail on this 30th day of August, 2013:

J. Marshall Gilmore, Esq.
1936 Lee Road
Suite 100
Winter Park, FL 32789
407/629-7322
Fax: 407/599-3801
Email: mgilmore@mgilmorelaw.com

*s/ Richard W. Epstein*
RICHARD W. EPSTEIN

14738849-00154.0192

5