# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-CV-418-GKS-GJK

DANIELLE TACORONTE

     Plaintiff,

v.

MARC B. COHEN, individually,
GREENSPOON MARDER, P.A.,

     Defendants.
_____/

## DEFENDANT GREENSPOON MARDER, P.A.'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF DANIELLE TACORONTE

Defendant Greenspoon Marder, P.A., pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, serves these interrogatories upon Plaintiff Danielle Tacoronte and requests that they be answered fully in writing and under oath within the time prescribed by law.

                                                                                          *s/Richard W. Epstein*
                                                                                          Richard W. Epstein
                                                                                          Florida Bar No. 229091
                                                                                         richard.epstein@gmlaw.com
                                                                                         GREENSPOON MARDER, P.A.
                                                                                         200 East Broward Boulevard, Suite 1500
                                                                                         Fort Lauderdale, Florida 33301
                                                                                         954.491.1120 (Telephone)
                                                                                         954. 343.6956 (Facsimile)

                                                                                         *Attorneys for Defendants Marc B. Cohen and Greenspoon Marder, P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing to the following counsel of record via electronic and U.S. Mail on this 30th day of August, 2013:

J. Marshall Gilmore, Esq.
1936 Lee Road
Suite 100
Winter Park, FL 32789
407/629-7322
Fax: 407/599-3801
Email: mgilmore@mgilmorelaw.com

*s/ Richard W. Epstein*
RICHARD W. EPSTEIN

## DEFENDANT GREENSPOON MARDER, P.A.'S
## FIRST SET OF INTERROGATORIES TO
## PLAINTIFF DANIELLE TACORONTE

If Plaintiff is unable to answer a question completely, the question should be answered to the fullest extent possible.

You are requested not to respond to interrogatories by referring to the responses to other interrogatories or by adoption, since some of the interrogatories may be introduced into evidence and should be for this purpose complete in itself. These interrogatories shall be deemed continuing so as to require supplemental and/or amended responses or answers if Plaintiff, her attorneys, investigators, agents, employees, or other representatives obtain further information between the time the answers are served and the time set this matter is set for trial.

### DEFINITIONS AND INSTRUCTIONS

1. The terms "you" and "your" means Plaintiff Danielle Tacoronte.

2. If an interrogatory can be answered based on the knowledge of your agent(s), lawyer(s), representative(s) or anyone else acting on your behalf, please answer the interrogatory using that information. If answering based on the knowledge of others, please identify (by name, address and telephone number) each person that possessed, provided, and/or communicated the information to you and specify the information each person provided.

3. The term "GM" means Greenspoon Marder, P.A. and any of its employees, agents, attorneys, or representatives, or anyone else acting on its behalf.

4. The "Complaint" means the First Amended Complaint which was filed in this action on August 15, 2013.

5. The term "document" means every writing or record of every type and description that is or has been in your possession, custody, or control or of which you have knowledge,

including but not limited to correspondence, memoranda, tapes, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, drawings and photographs, films, microfilms, voice recordings, maps, reports, surveys, minutes or statistical compilations, or any other reported or graphic material in whatever form, including copies, drafts, and reproductions. "Document" also refers to any other data compilations from which information can be obtained, and translated, if necessary, by you through computers or detection devices into reasonably usable form.

6. "Communications" or "communicated" means any oral or written statements, dialogues, colloquialisms, discussions, conversations or agreements. It also includes all information noted in any computer or in any magnetic or other medium and all forms and kinds of electronically stored and/or retrieved electronic information, including but not limited to, electronic mail, electronic mail logs, electronic calendar and every record of any kind, whether in word, graphics, numerical or other, wherever maintained, and includes any office computer hard drives, home computers, laptops, personal digital assistants, network systems drives, servers, data from Internet user groups, hard and floppy disks, e-mail communications, calendars, BlackBerrys, electronic appointment books, cell phones, back-up tapes, instant messages, telephone conference call recordings, answering machine records, fax machine data and logs, Web sites, Web logs and chat room transcripts. In response to this request, electronic data should be produced in CD-ROM format, clearly labeled as to the kind of software used to prepare, organize, and manipulate the data contained.

7. The term "all documents" means every document or group of documents for communication as above defined known to you and every such document or communication which can be located or discovered by reasonable diligent efforts.

8. The term "describe in detail" means to state with particularity all facts known to you, connected with, bearing upon, or relating in any way to matters of which the inquiry is made.

9. "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, or group of natural persons or other entity.

10. "Identify" when used with reference to a natural person, means to state that person's full name, title, or affiliation, and last known address and telephone number. To "identify" a person that is a business, organization, or group of persons means to state the full name of such business, organization or group of persons, the form of the business, organization, or group of persons (e.g., government agency, corporation, partnership, joint venture, etc.), and to "identify" the natural person who would have knowledge of the information sought by the interrogatory.

11. "Identify", when used with reference to a document or communication, means to provide the following information irrespective of whether the document is deemed privileged or subject to any claim of privilege:

    a. The title or other means of identification of each such document;
    b. The type of document (e.g., letter, memorandum, record);
    c. The date of each such document;
    d. The date of receipt by Plaintiff of such document;
    e. The author of each such document;
    f. The recipient or recipients of each such document, including but not limited to Plaintiff or anyone who purports to represent the Plaintiff.
    g. The present location of any and all copies of each such document in the care, custody, or control of Plaintiff.
    h. The names and current addresses of any and all persons who have custody or control of each such document or copies thereof; and
    i. If all copies of the document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the document and the date the document was destroyed

You may, in lieu of identifying any document, attach a true copy of such document or communication as an exhibit to your answers to these interrogatories along with an explicit reference to the interrogatory to which each such attached document or communication relates.

12.     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

13.     Whenever these interrogatories request information which is not available to the Plaintiff in the form requested, but is available in another form or can be obtained elsewhere, so state or either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

14.     Each interrogatory should be construed independently and not with reference to any other interrogatory for purposes of limitation, except where specifically so designated.

15.     In answering each interrogatory, identify each document or communication or act (a) relied upon in the preparation of each answer; (b) which forms all or part of the basis for that answer; (c) which corroborates the answer; or (d) the substance of which forms all or part of the answer.

## INTERROGATORIES

1.     State all facts which support your allegation in paragraph 29 of the Complaint "Plaintiff was injured by having the action prosecuted by Cohen who despite having a pending motion to compel, filed 14-Mar-2012 could not produce a witness for deposition before judgment despite the fact that Wells Fargo had offices in the area."

2.     Explain what you mean by, and all facts supporting, your allegations in paragraph 33 of the Complaint that "M. Cohen then not file a Notice of Co-Council with RPR&S. Plaintiff contends it's because RPR&S did not know who Cohen was and like, J. Cohen has never had any contact with him or Green."

3. Explain what you mean by, and all facts supporting, your allegations in paragraph 34 of the Complaint that "Jodi Cohen, the RPR&S make it painfully obvious why Cohen and Green did not file a notice of co-council with the attorneys of record, but chose rather an attorney and firm who had been off the record, out of business, and in jail only a few months after the inception of the case."

4. State all facts which support your allegations in paragraph 44 of the Complaint that "By the repeated unauthorized appearances, repeated unauthorized actions to collect a debt, and acting as self-admitted debt collectors, Defendants Cohen and Green have misrepresented their authority to collect the debt, used false pretenses to collect a debt and used false, deceptive, or misleading representation or means in connection with the debt collection."

5. State all facts which support your allegations in paragraph 45 of the Complaint that the acts of Defendants caused you "undue stress, public humiliation, high blood pressure, stomach problems, anxiety, further expenses, and judgment against" you.

6. State all facts which support your allegation in paragraph 46 of the Complaint that an unauthorized inquiry was made on your credit report without a permissible purpose.

7. State all facts which support your allegation in paragraph 53 of the Complaint that "CCC&P met none of the requirements under 15 U.S.C. § 1681b."

8. State all facts which support your allegations in paragraph 59 of the Complaint that "At all times material hereto, all Defendants agreed, between and among themselves and in combination with each other and various agents, as to each overt act in furtherance of the conspiracy and enterprise, to engage in unlawful actions for a common purpose, to wit: to appear in court without authority, to take unauthorized actions to collect a debt, to appear in court multiple times without legal authority and represent that they were the legally authorized attorney collecting a debt,

to obtain Plaintiff's credit report with a proper purpose, and to perpetrate a fraud and obtain an unlawful judgment against Tacoronte."

9. State all facts which support your allegation in paragraph 63 of the Complaint that "Defendant Green is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as part of their firm regularly collects debts of behalf of others."

10. State all facts which support your allegation in paragraph 64 of the Complaint that "Defendant Cohen is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6) as M.Cohen regularly collects debts on behalf of others."

11. State all facts which support your allegation in paragraph 65(a) of the Complaint that "Defendants violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, of the debt overcharging $9000.00 over the agreement limit."

12. State all facts which support your allegation in paragraph 65(d) of the Complaint that "Defendants violated 15 U.S.C.§ 1692 e(10) Any false representation or deceptive means to collect a debt or obtain information about a consumer, by conspiring to unlawfully gain further information about Tacoronte by making unlawful credit inquiries, without permissible purpose or reason. "

13. State all facts which support your allegation in paragraph 65(e) of the Complaint that "Defendants violated 15 U.S.C.§ 1692f Any unfair or unconscionable means to collect or attempt to collect the alleged debt, by making unlawful credit inquiries, without permissible purpose or reason. By attempting to collect more than is allowed by the alleged agreement and by representing to Tacoronte that they had the authority to pursue the action."

14. State all facts which support your allegation in paragraph 71(a) of the Complaint that "Defendants violated Fla. St. §559.72. Defendant's violations include, but are not limited to, the

following: (a) 559.72 (9) by asserting the existence of some other legal right when such person knows that the right does not exist[.]"

15. State all facts which support your allegation in paragraph 71(b) of the Complaint that "Defendants violated Fla. St. §559.72. Defendant's violations include, but are not limited to, the following: (b) 559.72 (10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not[.]"

16. State all facts which support your allegation in paragraph 71(c) of the Complaint that "Defendants violated Fla. St. §559.72. Defendant's violations include, but are not limited to, the following: (c) 559.72 (15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt[.]"

17. State all facts which support your allegation in paragraph 77 of the Complaint that "At very early stages of the underlying litigation, Cohen and his co-conspirator's set out upon a course of conduct, which willfully violated both the spirit and the letter of the Fair Credit Reporting Act by trampling recklessly upon the Plaintiffs rights and invading her rights to privacy the FCRA was designed to protect."

18. State all facts which support your allegation in paragraph 79 of the Complaint that "Defendants, Cohen and Green, conspired to use the knowledge gleaned from the Plaintiffs credit report against the Plaintiff during litigation."

19. State all facts which support your allegation in paragraph 80 of the Complaint that "Cohen used 'CCC&P', the name of a dissolved corporation, in an attempt to hide the true name, Greenspoon Marder, from the Plaintiff and the Plaintiffs council."

20. State all facts which support your allegation in paragraph 81 of the Complaint that "Defendants provided false information to the credit reporting agencies in order to unlawfully obtain Plaintiffs credit reports."

21. State all facts which support your allegation in paragraph 86 of the Complaint that "Defendant Green and J. Cohen co-conspired with Cohen and knew at all times that Cohen was using CCCP in order to unlawfully obtain Plaintiffs credit report."

22. State all facts which support your allegation in paragraph 87 of the Complaint that "Plaintiff believes that this is a common practice between the Defendants and plans to identify other possible victims through discovery."

23. State all facts which support your allegation in paragraph 88 of the Complaint that "Defendants, Green and Cohen hoped to gain some unknown litigation advantage from the unlawfully obtained credit report."

24. State all facts which support your allegation in paragraph 89 of the Complaint that "Defendants, Green and Wells knew that Cohen and Green willfully, negligently, and under false pretense obtained the Plaintiff's Credit Report."

25. For all Requests for Admission served on you by GM to which you responded with a complete or partial denial, explain the reason(s) for such denial.

CASE NO. 6:13-CV-418-GKS-GJK

_____
DANIELLE TACORONTE

STATE OF _____ )
                        ) ss:
COUNTY OF _____  )

   BEFORE ME the undersigned officer, authorized to administer oaths and take acknowledgments, personally appeared _____, who after being duly sworn, deposes and says that the answers to the above and foregoing Interrogatories are true and correct to the best of ☐ his ☐ her knowledge and belief.

   SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2013.

                            NOTARY PUBLIC
                            STATE OF _____ AT LARGE
[SEAL]

                            _____
                            Signature of Notary Public

                            _____
                            Typed/Printed Name of Notary Public

                            My Commission Expires:____

☐   Personally Known OR
☐   Produced Identification
☐   Type of Identification Produced: _____

14686469-00154.0192