UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:13-CV-418-GKS-GJK

DANIELLE TACORONTE

    Plaintiff,

v.

MARC B. COHEN, individually,
and GREENSPOON MARDER, P.A.,

    Defendants.
_____/

**DEFENDANTS' MARC B. COHEN AND GREENSPOON MARDER, P.A. RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS COUNTS I AND II OF <u>AMENDED COMPLAINT</u> [sic]**

Defendants Marc B. Cohen ("Cohen") and Greenspoon Marder, P.A. ("GM") (collectively "Defendants") in accordance with Local Rules 3.01(b), file this Response in Opposition to Plaintiff Danielle's Tacorante's ("Plaintiff") Motion to Dismiss Counts I and II of Amended Complaint [sic] ("Motion"). While Defendants have no opposition to this matter being dismissed with prejudice, Paragraph three (3) of Plaintiff's Motion improperly attempts to preclude the Defendants from seeking reasonable attorneys' fees and costs in connection with claims Plaintiff moves to voluntarily dismiss. Furthermore, this Court has the discretion to set terms and conditions of Plaintiff's dismissal including that Plaintiff be required to pay Defendants' costs and attorneys' fees. Defendants would suffer "plain prejudice" if the Court allows Plaintiff to voluntarily dismiss the causes of action in a way that would preclude defendants from recovering reasonable attorneys' fees and costs and if the dismissal is not conditioned on terms the Court deems proper pursuant to Rule 41(a)(2), Federal Rules of Civil Procedure, including but not limited to, the payment of reasonable attorneys' fees and costs.

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

## I. INTRODUCTION

Plaintiff now moves to voluntarily dismiss, with prejudice, Counts I and II of the Amended Complaint almost one (1) year after the instant lawsuit was filed.[1] While defending the claims Plaintiff now effectively agrees lacked merit, Defendants used an exorbitant amount of effort and incurred considerable litigation related expenses. Despite these facts, Paragraph three (3) of Plaintiff's Motion unilaterally seeks to prevent the Defendants from recovering reasonable attorneys' fees and costs in connection with the claims sought to be dismissed. Plaintiff also fails to offer any excuse for the voluntary dismissal, strongly suggesting it is being requested to avoid an adverse ruling on Defendants' Motion for Summary Judgment. For these reasons, Plaintiff's Motion should be denied to the extent the dismissal with prejudice precludes Defendants from recovering reasonable attorneys' fees and costs through appropriate Federal Rules of Civil Procedure, and in the interest of equity and justice, the Court should condition Plaintiff's voluntary dismissal with prejudice on Plaintiff's payment of Defendants' fees and costs associated with defending Counts I and II of the Complaint.

## II. BACKGROUND

Plaintiff filed the initial Complaint on March 15, 2013, which included, Count I alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), Count II alleging violations of the Florida Consumer Collection Practices Act ("FCCPA"), Count III alleging a conspiracy to defraud and Count IV alleging violations of the Fair Credit Reporting Act ("FCRA").[2] Each cause of action was premised on certain conduct that occurred during the Florida State Court

---

1. DE 82.
2. DE 1.

Case 6:13-cv-00418-GKS-GJK Document 83 Filed 02/21/14 Page 3 of 10 PageID 1857

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

proceedings in the Circuit Court of Osceola County in the case styled *Wells Fargo Bank, N.A. v. Tacorante*, Case No. 2009-CA-008077 CI (the "State Action"), which concluded with a Final Judgment in Wells Fargo's favor that served to substantiate the collection activities upon which this matter is based.[3]

Because the State Action arose from the same set of operative facts as the instant matter, on July 8, 2013, Defendants filed a Request for Judicial Notice[4] seeking to have several documents originating in the State Action considered by this Court in connection with Defendants' Motion to Dismiss the Complaint.[5] Furthermore, Defendants' Motion to Dismiss argued that the issues asserted in the Complaint were fully litigated in the State Court Action for which there has been a judgment on the merits and that as a result Plaintiff is precluded from relitigating those issues here.[6] Among other things, Defendants' Motion to Dismiss also argued that Plaintiff's claims were barred by the doctrine of equitable estoppel and that Count I of the Complaint was barred by the statute of limitations.[7]

Before Defendants' Motion to Dismiss was decided and without court approval, Plaintiff filed her First Amended Complaint, which included, Count I alleging violations of the FDCPA, Count II alleging violations of the FCCPA and Count III alleging violations of the FCRA.[8] Soon thereafter, Defendants filed their Answers and Affirmative Defenses to Plaintiff's First Amended

---

3. Doc 70-4; Plaintiff subsequently filed a Motion for Relief from Judgment, which was denied (DE 32-11).
4. DE 32.
5. DE 33.
6. DE 33 at p. 1-2.
7. DE 33 at p. 1-2.
8. DE 43.

Case 6:13-cv-00418-GKS-GJK Document 83 Filed 02/21/14 Page 4 of 10 PageID 1858

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

Complaint.[9] Importantly, Defendants' Answers raised a variety of issues, including once again, the preclusive effect of the Final Judgment in the State Court Action,[10] the fact that Plaintiff's FDCPA claim is barred by the statute of limitations[11] and an estoppel defense.[12]

Subsequently, discovery commenced, which necessitated Defendants' Motion for a Protective Order filed on November 27, 2013[13] and pleadings related to Plaintiff's late responses to Defendants' Requests for Admissions.[14] Discovery also included Discovery Requests pursuant to the Federal Rules of Civil Procedure and the depositions of Defendant Cohen, John Sloan and Susan Sloan of GM, and Plaintiff.

Thereafter, on January 14, 2014, Defendants moved for summary judgment.[15] Defendants' Summary Judgment Motion once again included arguments relating to preclusion, estoppel and statute of limitations.

Approximately two weeks after Defendants' Motion for Summary Judgment was filed, Plaintiff (and/or her counsel) finally came to realize the lack of merit to their case. In doing so, Plaintiff filed a Motion for Leave to File a Second Amended Complaint,[16] which represents a thinly veiled attempt to avoid an adverse ruling relating to Plaintiff's precluded and/or statutorily barred FDCPA and FCCPA causes of action. Ultimately, Plaintiff's Motion for Leave was

---

9. DE 56 and DE 57.
10. DE 56 at ¶¶ 91, 92 and 116-117.
11. DE 56 at ¶ 101.
12. DE 56 at ¶ 107-109.
13. DE 60.
14. DE 62, DE 64 and DE 67.
15. DE 70.
16. DE 73.

Case 6:13-cv-00418-GKS-GJK Document 83 Filed 02/21/14 Page 5 of 10 PageID 1859

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

opposed by Defendants as untimely and then denied by the Court.[17] Finally, having failed to circumvent an adverse ruling that could subject Plaintiff to a Rule 54 Motion for Prevailing Party Fees and Costs, Plaintiff filed the subject Motion pursuant to Rule 41(a)(2)[18] with the intent of preventing Defendants from obtaining reimbursement for fees and costs.[19]

Quite obviously, since the filing of the initial Complaint, the parties litigated the claims asserted, engaged in extensive discovery and expended considerable costs and attorneys' fees. Now, while Defendants' Motion for Summary Judgment is pending Plaintiff seeks to dismiss "voluntarily" Counts I and II of the Complaint. While Defendants do not oppose the dismissal with prejudice of Counts I and II of the Complaint, they believe that on these facts Plaintiff's attempt to prevent Defendants from recovering reasonable attorneys' fees and costs is improper and prejudicial and that the Court should exercise its discretion under Rule 41 to impose terms and conditions on the dismissal of Counts I and II of the Complaint, including the payment of reasonable attorneys' fees and costs.

---

17. DE 79.
18. DE 82 at ¶ 3.
19. *Salas v. Marietta*, 6:11-CV-1909-ORL-31, 2012 WL 398264, *3 (M.D. Fla. Feb. 8, 2012) (citing *Silberstein v. Digital Art Solutions, Inc.,* 2003 WL 21297291 at *1 (S.D.N.Y.2003) (citing *Espada v. Rosado,* No. 00cv6469, 2001 WL 1020549, at *2 (S.D.N.Y. Sept.5, 2001))) ("Where the case terminates because the plaintiff filed a notice of voluntary dismissal, a court must examine the circumstances surrounding the voluntary dismissal to determine if the defendant may property be considered a 'prevailing party'."); *Espada v. Rosado*, 00 CIV 6469 JSM, 2001 WL 1020549 (S.D.N.Y. Sept. 5, 2001) (finding that when a calculating plaintiff obtains a dismissal in order to avoid an adverse ruling on the merits, the defendant's case for an award of attorney's fees becomes more compelling).

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

## III. ARGUMENTS

### A. The Court Is Vested With the Power to Grant or Deny a Voluntary Dismissal To Avoid Prejudicing the Defendants

The decision whether to grant a plaintiff's voluntary dismissal motion is within the sound discretion of the Court.[20] When exercising its discretion, the court "should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants."[21] The court should weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate.[22]

Ultimately, a voluntary dismissal should only be granted in a way that prevents the Defendants from suffering "plain prejudice."[23] As written, Plaintiff's Motion would severely prejudice the Defendants. Initially, granting the motion as is would effectively prevent the Defendants from recovering reasonable attorneys' fees and costs through any procedural means, including a prevailing party motion for fees and costs pursuant applicable sections of the FDCPA

---

20. *See, e.g.*, *Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001).
21. *See Fisher v. Puerto Rico Marine Management, Inc.,* 940 F.2d 1502, 1503 (11th Cir. 1991) *citing LeCompte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976); *Merrill Lynch Credit Corp. v. Lenz*, 2010 WL 2103016 (S.D. Fla. 2010); In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.
22. *See McCants v. Ford Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir.1986) (citations omitted); Ordinarily, a court should grant a Rule 41(a)(2) a voluntary dismissal motion unless a defendant can show that it will suffer some plain legal prejudice as a result. *See e.g.,County of Santa Fe, N.M. v. Public Service Co. of New* Mexico, 311 F.3d 1031, 1047 (10th Cir. 2002) (the important aspect is whether the opposing party will suffer prejudice). In cases where the dismissal is granted, the court has the discretion to set terms and conditions on the dismissal, as the court deems proper. *See* Fed.R.Civ.P. 41.
23. *Merrill Lynch Credit Corp., v. Lenz*, 2010 WL 2103016 (S.D. Fla. 2010) (striking Plaintiff's Motion for Voluntary Dismissal in order to avoid "plain prejudice").

Case 6:13-cv-00418-GKS-GJK Document 83 Filed 02/21/14 Page 7 of 10 PageID 1861

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

and FCCPA and Rule 54 as a result of Plaintiff's voluntary dismissal.[24] Moreover, the facts of this case and the procedural history reveal that granting the Motion as is would also prejudice the Defendants unless the dismissal is conditioned on requiring Plaintiff to reimburse the Defendants for reasonable attorneys' fees and costs.

### B. The Court Is Vested With the Power to Condition a Voluntary Dismissal To Serve The Interests of Equity and Justice

"It is recognized that the 'power to set terms and conditions is vested in the court.'"[25] As mentioned above, conditions attached to a voluntary dismissal are intended to protect the defendant and are imposed in the interests of equity and justice.[26] Examples of conditions imposed in the 11th Circuit, include, among other things, the "payment of Defendant's reasonable costs and attorney's fees incurred in the defense" of an action.[27] Moreover, an award of fees and costs is particularly appropriate when Plaintiff seeks a voluntary dismissal with prejudice, such as the case here. As explained in *Tesma v. Maddox-Joines, Inc.*:[28]

> A usual condition for such a dismissal is the requirement that the plaintiff pay the defendant's attorney's fees incurred in the dismissed action if the plaintiff refiles

---

24. *Salas v. Marietta*, 6:11-CV-1909-ORL-31, 2012 WL 398264, *3 (M.D. Fla. Feb. 8, 2012) (citing *Silberstein v. Digital Art Solutions, Inc.,* 2003 WL 21297291 at *1 (S.D.N.Y.2003) (citing *Espada v. Rosado,* No. 00cv6469, 2001 WL 1020549, at *2 (S.D.N.Y. Sept.5, 2001))) ("Where the case terminates because the plaintiff filed a notice of voluntary dismissal, a court must examine the circumstances surrounding the voluntary dismissal to determine if the defendant may property be considered a 'prevailing party'."); *Espada v. Rosado*, 00 CIV 6469 JSM, 2001 WL 1020549 (S.D.N.Y. Sept. 5, 2001) (finding that when a calculating plaintiff obtains a dismissal in order to avoid an adverse ruling on the merits, the defendant's case for an award of attorney's fees becomes more compelling).
25. *Tesma v. Maddox-Joines, Inc.*, 254 F.R.D. 699, 701 (S.D. Fla. 2008).
26. *Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 660-61 (N.D. Fla. 2010); *Pottenberg*, 252 F.3d at 1256.
27. *Id.*; *Ortega Trujillo v. Banco Central Del Ecuador*, 379 F.3d 1298 (11th Cir. 2004).
28. *Tesma*, 254 F.R.D. at 701.

Case 6:13-cv-00418-GKS-GJK   Document 83   Filed 02/21/14   Page 8 of 10 PageID 1862

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

an action involving the same claims and parties…However, that condition could not serve to protect Defendant in this case, both because the record clearly establishes that Plaintiff could never refile this action in good faith against Defendant and because the instant Motion…seeks dismissal with prejudice.

Furthermore, Relevant factors when considering a voluntary dismissal under Rule 41(a)(2) include:[29]

[T]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

Plaintiff's voluntary dismissal on the heels of Defendants' Motion for Summary Judgment and the denial of Plaintiff's Motion for Leave to File a Second Amended Complaint should not prevent Defendants from recovering reasonable attorneys' fees and costs through the Federal Rules of Civil Procedure and should be conditioned on Plaintiff reimbursing the Defendants for attorneys' fees and costs incurred while defending the claims Plaintiff now seeks to voluntarily dismiss.

### IV. <u>CONCLUSION</u>

As detailed above, Defendants have gone to great lengths to prepare themselves for trial and to otherwise posture this case for disposition in their favor at summary judgment. Furthermore, Plaintiff offers no explanation for the dismissal and a summary judgment motion is pending before the Court. Because the only available condition pursuant to Rule 41(a)(2) that would now protect the Defendants and ensure that principles of equity and justice are served is Plaintiff's reimbursement of Defendants' fees and costs, Plaintiff should not be permitted to simply dismiss this action after Defendants have been put to considerable expense in defending

---

29. *Pezold Air Charters v. Phoenix Corp.,* 192 F.R.D. 721, 726 (M.D. Fla. 2000).

Case 6:13-cv-00418-GKS-GJK   Document 83   Filed 02/21/14   Page 9 of 10 PageID 1863

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

the claims that Plaintiff now apparently recognizes lack merit. Likewise, Plaintiff should not be permitted to unilaterally preclude the Defendants from pursuing reimbursement of fees and costs through other procedural means, including Rule 54.

For the reasons stated above, Defendants Marc B. Cohen and Greenspoon Marder, P.A. respectfully request that Plaintiff's Motion be denied to the extent that the dismissal of Counts I and II with prejudice precludes Defendants from recovering reasonable attorneys' fees and costs as per the Federal Rules of Civil Procedure, and the dismissal with prejudice should be conditioned on Plaintiff reimbursing Defendants for attorneys' fees and costs incurred in defending the claims Plaintiff seeks to voluntarily dismiss, together with such other and further relief as the Court deems just.

Respectfully submitted,

*/s/Richard W. Epstein*
Richard W. Epstein, Esq.
Florida Bar No. 229091
richard.epstein@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Boulevard, Suite 1500
Fort Lauderdale, Florida 33301
954.491.1120 (Telephone)
954. 343.6958 (Facsimile)

*Attorneys for Defendants Marc B. Cohen*
 *and Greenspoon Marder, P.A.*

*Tacorante v. Cohen, et. al.*
*Defendants' Response in Opposition to Plaintiff's*
*Motion to Dismiss Counts I and II of Amended Complaint*
Case No.: 6:13-CV-418-GKS-GJK

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using CM/ECF service which will provide copies to all counsel of record registered to receive CM/ECF notification to the parties below on this 21st day of February, 2014:

J. Marshall Gilmore, Esq.
1936 Lee Road
Suite 100
Winter Park, FL 32789
407/629-7322
Fax: 407/599-3801
Email: mgilmore@mgilmorelaw.com

                                          *s/ Richard W. Epstein*
                                          RICHARD W. EPSTEIN