# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

George C. Young Courthouse and Federal Building
401 West Central Boulevard
Orlando, FL 32801
www.flmd.uscourts.gov

Sheryl L. Loesch
Clerk

Sara Boswell
Orlando Division Manager

**DATE:**       May 16, 2014

**TO:**         Clerk, U.S. Court of Appeals for the Eleventh Circuit

**DANIELLE TACORONTE,**

        **Plaintiff,**

**v.**                                             **Case No:  6:13-cv-418-Orl-18GJK**

**MARC B. COHEN and GREENSPOON
MARDER, P.A.,**

        **Defendants.**

_____

**U.S.C.A. Case No.:**       *[USCA Case Number]*

- Honorable G. Kendall Sharp, United States District Judge appealed from.

- Appeal filing fee was paid.

- Certified copy of Notice of Appeal, docket entries, judgment and/or Order appealed from.  Opinion was not entered orally.

SHERYL L. LOESCH, CLERK

By:      s/J. Thigpen, Deputy Clerk

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

DANIELL TACORONTE,

                    Plaintiff,          District Court Case No. **6:13-cv-418-Orl-18GJK**

vs.

MARC B. COHEN, GREENSPOON MARDER P.A.;

                    Defendants.

## PLAINTIFF'S NOTICE OF APPEAL
## TO THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

Notice is hereby given that Plaintiff, DANIELLE TACORONTE  hereby appeals to the United States Court of Appeals for the Eleventh Circuit, the Order entered May 9th , 2014 ( Doc __128__) Granting Defendants Motion for Sanctions (Motion For Sanctions Doc 97) and Defendants Motion for Contempt and Sanctions (Doc 99) and Defendants Motion for Attorney Fees ( Doc 100), a true and correct copy of which May 9th 2014 Order is attached hereto.

The parties to this case and the Order appealed from and the name and address of its attorneys are:


Plaintiff/Appellant:  Danielle Tacoronte

J. Marshall Gilmore, Esq.
FBN 840-181
Counsel for Plaintiff/ Appellant
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone 407 937-8675/(321) 591-9922
Fax 407 599-3801
mgilmore@mgilmorelaw.com

Defendants/Appellees:   Marc B. Cohen and Greenspoon Marder, P.A.

Richard Epstein and Meredith Leonard
Greenspoon Marder, P.S.
Attorney for Party Defendants
200 East Broward Blvd., Suite 200
Ft. Lauderdale, FL 33301
(941) 941-1120 -319-5230
Richard.epstein@gmlaw.com

Dated: May 16, 2014

Respectfully submitted,

/s/ J. Marshall Gilmore___
J. Marshall Gilmore, Esq.
FBN 840-181
Counsel for Plaintiff/ Appellant
1936 Lee Road, Suite 100
Winter Park, FL 32789
Phone 407 937-8675/(321) 591-9922
Fax 407 599-3801

mgilmore@mgilmorelaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 16th day of May, 2014 by U.S. Mail and electronically and via Clerk of the Court to:

Richard Epstein, Esq. and
Meredith Leonard, Esq.
Greenspoon Marder, P.S.
200 East Broward Blvd., Suite 200
Ft. Lauderdale, FL 33301
Richard.epstein@gmlaw.com

/s/ J. Marshall Gilmore___
J. Marshall Gilmore, Esq.
Attorney for Plaintiff/Appellant

2

APPEAL, CLOSED, INTAPP

# U.S. District Court
## Middle District of Florida (Orlando)
## CIVIL DOCKET FOR CASE #: 6:13-cv-00418-GKS-GJK

| | |
|---|---|
| Tacoronte v. Cohen et al | Date Filed: 03/15/2013 |
| Assigned to: Senior Judge G. Kendall Sharp | Date Terminated: 05/09/2014 |
| Referred to: Magistrate Judge Gregory J. Kelly | Jury Demand: Plaintiff |
| Case in other court:  USCA, 14-11395 | Nature of Suit: 480 Consumer Credit |
|                  USCA, 14-11755 | Jurisdiction: Federal Question |
| Cause: 15:1692 Fair Debt Collection Act | |

**Plaintiff**

**Danielle Tacoronte**                    represented by  **J. Marshall Gilmore**
J. Marshall Gilmore, Esq.
Suite 100
1936 Lee Rd
Winter Park, FL 32789
407/937-8675
Fax: 407/599-3801
Email: mgilmore@mgilmorelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Marc B. Cohen**                    represented by  **Jeffrey Aaron Backman**
*Individually*                                                      Greenspoon Marder, PA
Suite 1500
200 E Broward Blvd
Ft Lauderdale, FL 33301
954/491-1120
Fax: 407/771-9264
Email: jeffrey.backman@gmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith Hamilton Leonard**
Greenspoon Marder, PA - Ft. Lauderdale
Suite 1500
200 E Broward Blvd
Ft Lauderdale, FL 33301
954/331-2029

Fax: 954/213-0069
Email: meredith.leonard@gmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard W. Epstein**
Greenspoon Marder, PA
Suite 1500
200 E Broward Blvd
Ft Lauderdale, FL 33301
954/491-1120
Fax: 954/343-6956
Email: Richard.Epstein@gmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Greenspoon Marder & Associates, Inc**          represented by   **Jeffrey Aaron Backman**
*TERMINATED: 09/11/2013*                                          (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

                                                                 **Richard W. Epstein**
                                                                 (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

### Defendant

**Wells Fargo Bank, N.A.**
*TERMINATED: 08/26/2013*

### Defendant

**Jodi N. Cohen**          represented by   **Clay Holden Coward**
*Individually*                             Wicker, Smith, O'Hara, McCoy & Ford,
*TERMINATED: 06/12/2013*                   PA
                                           390 N Orange Ave - Ste 1000
                                           PO Box 2753
                                           Orlando, FL 32802-2753
                                           407/843-3939
                                           Fax: 407/649-8118
                                           Email: CCoward@Wickersmith.com
                                           *TERMINATED: 03/12/2014*
                                           *LEAD ATTORNEY*

                                           **Jennifer Nicole Yencarelli**
                                           Wicker, Smith, O'Hara, McCoy & Ford,
                                           PA

390 N Orange Ave - Ste 1000
PO Box 2753
Orlando, FL 32802-2753
407/843-3939
Fax: 407/649-8118
Email: jyencarelli@wickersmith.com
*TERMINATED: 03/12/2014*
*LEAD ATTORNEY*

**Richard A. Beauchamp**
Panza, Maurer & Maynard, PA
Bank of America Bldg - 3rd Floor
3600 N Federal Hwy
Ft Lauderdale, FL 33308
305/467-2727
Email: rbeauchamp@panzamaurer.com
*TERMINATED: 06/05/2013*

**Defendant**

**Greenspoon Marder, P.A.**      represented by   **Jeffrey Aaron Backman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Meredith Hamilton Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Richard W. Epstein**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/15/2013 | 1 | COMPLAINT against All Defendants with Jury Demand (Filing fee $ 350 receipt number Orl-23904) filed by Danielle Tacoronte. (Attachments: # 1 Exhibit A - G, # 2 Civil Cover Sheet)(CH) (Additional attachment(s) added on 6/11/2013: # 3 Complaint) (IGC). (Entered: 03/15/2013) |
| 03/15/2013 | 2 | SUMMONS issued as to Marc B. Cohen, Jodi N. Cohen, Greenspoon Marder & Associaltes, Inc., Wells Fargo Bank, N.A.. (Over the Counter) (CH) Modified on 3/18/2013 (CH). (Entered: 03/15/2013) |
| 03/19/2013 | 3 | RELATED CASE ORDER, NOTICE OF DESIGNATION under Local Rule 3.05-Track 2. Response due within 14 days from the date of this order. Signed by |

| | | |
|---|---|---|
| | | Senior Judge G. Kendall Sharp on 3/19/2013. ctp(SC) (Entered: 03/19/2013) |
| 03/19/2013 | 4 | INTERESTED PERSONS ORDER. Response due within 14 days from the date of this order. Signed by Senior Judge G. Kendall Sharp on 3/19/2013. ctp(SC) (Entered: 03/19/2013) |
| 04/10/2013 | 5 | ORDER to show cause. Signed by Senior Judge G. Kendall Sharp on 4/10/2013. (DB) (Entered: 04/10/2013) |
| 04/10/2013 | 6 | SUMMONS returned unexecuted by Danielle Tacoronte as to Jodi N. Cohen. (IGC) (Entered: 04/10/2013) |
| 04/10/2013 | 7 | ALIAS SUMMONS issued as to Jodi N. Cohen. (issued at intake) (IGC) (Entered: 04/10/2013) |
| 04/23/2013 | 8 | CERTIFICATE of interested persons and corporate disclosure statement re 4 Interested persons order, 5 Order to show cause by Danielle Tacoronte. (Gilmore, J.) (Entered: 04/23/2013) |
| 04/23/2013 | 9 | NOTICE of pendency of related cases re 3 Related case/interested persons/ECF-2, 5 Order to show cause per Local Rule 1.04(d) by Danielle Tacoronte. Related case(s): no (Gilmore, J.) (Entered: 04/23/2013) |
| 04/23/2013 | 10 | RESPONSE TO ORDER TO SHOW CAUSE re 5 Order to show cause filed by Danielle Tacoronte. (Gilmore, J.) (Entered: 04/23/2013) |
| 04/29/2013 | 11 | SUMMONS returned unexecuted by Danielle Tacoronte as to Marc B. Cohen. (IGC) (Entered: 04/29/2013) |
| 04/29/2013 | 12 | SUMMONS returned unexecuted by Danielle Tacoronte as to Greenspoon Marder & Associates, Inc. (IGC) (Entered: 04/29/2013) |
| 04/29/2013 | 13 | ALIAS SUMMONS issued as to Greenspoon Marder & Associates, Inc, Marc B. Cohen. (IGC) (Entered: 04/29/2013) |
| 05/10/2013 | 14 | MOTION to Dismiss Complaint by Jodi N. Cohen. (Beauchamp, Richard) (Entered: 05/10/2013) |
| 05/10/2013 | 15 | INTERESTED PERSONS ORDER directed to defendant, JODI N. COHEN. Response due within 14 days from the date of this order. Signed by Senior Judge G. Kendall Sharp on 5/10/2013. ctp(SC) (Entered: 05/10/2013) |
| 05/13/2013 | 16 | CERTIFICATE of interested persons and corporate disclosure statement re 15 Interested persons order by Jodi N. Cohen. (Beauchamp, Richard) (Entered: 05/13/2013) |
| 05/28/2013 | 17 | Unopposed MOTION for Extension of Time to 6/24/13 to File Answer re 1 Complaint by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Text of Proposed Order)(Epstein, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 5/29/2013 (IGC). (Entered: 05/28/2013) |
| 05/29/2013 | 18 | INTERESTED PERSONS ORDER directed to GREENSPOON MARDER & ASSOCIATES, INC. AND MARC B. COHEN. Response due within 14 days from the date of this order. Signed by Senior Judge G. Kendall Sharp on 5/29/2013. ctp(SC) |

| | | |
|---|---|---|
| | | (Entered: 05/29/2013) |
| 05/29/2013 | 19 | NOTICE of Appearance by Clay Holden Coward and Jennifer N. Yencarelli on behalf of Jodi N. Cohen (Coward, Clay) Modified on 5/30/2013 (JET). (Entered: 05/29/2013) |
| 05/29/2013 | 20 | ENDORSED ORDER granting 17 Motion for Extension of Time to Answer or respond Greenspoon Marder & Associates, Inc answer or response due 6/24/2013; Marc B. Cohen answer or response due 6/24/2013. Signed by Magistrate Judge Gregory J. Kelly on 5/29/2013. (PAB) (Entered: 05/29/2013) |
| 06/04/2013 | 21 | Unopposed MOTION to Substitute Attorney by Jodi N. Cohen. (Coward, Clay) (Entered: 06/04/2013) |
| 06/05/2013 | 22 | ENDORSED ORDER granting 21 Motion to Substitute Attorney.. Signed by Senior Judge G. Kendall Sharp on 6/5/2013. (DB) (Entered: 06/05/2013) |
| 06/12/2013 | 23 | ORDER granting 14 motion to dismiss. Plaintiff Danielle Tacoronte's Complaint (Doc. 1-3) is DISMISSED without prejudice as to Defendant Jodi N. Cohen. The Clerk of the Court is directed to TERMINATE Jodi N. Cohen as a party to this case. Signed by Senior Judge G. Kendall Sharp on 6/12/2013.(FMM) (Entered: 06/12/2013) |
| 06/12/2013 | 24 | CERTIFICATE of interested persons and corporate disclosure statement re 18 Interested persons order by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Epstein, Richard) (Entered: 06/12/2013) |
| 06/21/2013 | 25 | Unopposed MOTION to Appear Telephonically *at the Case Management Meeting* by Marc B. Cohen and Greenspoon Marder P.A. (Epstein, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 6/24/2013 (JET). GREENSPOON MARDER P.A. IS NOT A PARTY NAMED IN THIS CASE. (Entered: 06/21/2013) |
| 06/24/2013 | 26 | ENDORSED ORDER granting 25 Motion to Appear Telephonically, provided the parties agree on the essentials of the case management report. Otherwise, they shall meet in person. Signed by Magistrate Judge Gregory J. Kelly on 6/24/2013. (MDH) (Entered: 06/24/2013) |
| 06/24/2013 | 27 | MOTION to extend time up to & including 7/1/13 to Respond to the Complaint by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Text of Proposed Order A)(Epstein, Richard) Modified on 6/25/2013 (IGC). (Entered: 06/24/2013) |
| 06/24/2013 | 28 | Amended MOTION for Extension of Time until 7/1/13 to Answer the Complaint by Greenspoon Marder & Associates, Inc, and Marc B. Cohen. (Attachments: # 1 Text of Proposed Order A)(Epstein, Richard) Modified on 6/25/2013 (IGC). Modified on 6/25/2013 (JET). (Entered: 06/24/2013) |
| 06/25/2013 | 29 | ENDORSED ORDER denying as moot 27 Motion to extend time; granting 28 amended motion for extension of time until July 1, 2013, to respond to the Complaint. Signed by Magistrate Judge Gregory J. Kelly on 6/25/2013. (PAB) (Entered: 06/25/2013) |
| 06/25/2013 | | Set/reset deadlines/hearings for Greenspoon Marder & Associates, Inc, Marc B. Cohen. Answer due by 7/1/2013. (JET) (Entered: 06/25/2013) |

| 06/28/2013 | 30 | MOTION for Extension of Time up to & including 7/8/13 to File Response to Complaint and up to & including 7/16/13 to Conduct Case Management Meeting by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Text of Proposed Order)(Epstein, Richard) Modified on 7/1/2013 (IGC). (Entered: 06/28/2013) |
|---|---|---|
| 07/01/2013 | 31 | ENDORSED ORDER granting 30 motion for extension of time to respond to the complaint until July 8, 2013, and motion for extension of time to conduct case management conference until July 16, 2013. Signed by Magistrate Judge Gregory J. Kelly on 7/1/2013. (PAB) (Entered: 07/01/2013) |
| 07/02/2013 | | Set/reset deadlines/hearings Answer due by 7/8/2013., Case management report due by 7/16/2013 (JEV) (Entered: 07/02/2013) |
| 07/08/2013 | 32 | MOTION for miscellaneous relief, specifically Judicial Notice by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W-Declaration, # 24 Text of Proposed Order)(Epstein, Richard) (Entered: 07/08/2013) |
| 07/08/2013 | 33 | MOTION to Dismiss Plaintiff's Complaint by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Exhibit 1, # 2 Exhibit 1-continued, # 3 Text of Proposed Order)(Epstein, Richard) (Entered: 07/08/2013) |
| 07/11/2013 | 34 | Joint MOTION to Dismiss with prejudice of Defendant Jodi Cohen by Jodi N. Cohen. Danielle Tacoronte (Coward, Clay) Modified on 7/12/2013 (JEV). (Entered: 07/11/2013) |
| 07/12/2013 | 35 | ENDORSED ORDER granting 34 motion to dismiss with prejudice. Signed by Senior Judge G. Kendall Sharp on 7/12/2013. (DB) (Entered: 07/12/2013) |
| 07/22/2013 | 36 | MOTION for Extension of Time until 8/5/13 to File Response/Reply as to 33 MOTION to Dismiss Plaintiff's Complaint by Danielle Tacoronte. (Gilmore, J.) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 7/23/2013 (JEV). (Entered: 07/22/2013) |
| 07/24/2013 | 37 | ENDORSED ORDER granting 36 Motion for Extension of Time to File Response re 33 MOTION to Dismiss Plaintiff's Complaint . Responses due by 8/5/2013. Signed by Magistrate Judge Gregory J. Kelly on 7/24/2013. (PAB) (Entered: 07/24/2013) |
| 07/31/2013 | 38 | CASE MANAGEMENT REPORT. (Gilmore, J.) (Entered: 07/31/2013) |
| 08/05/2013 | 39 | RESPONSE in Opposition re 33 MOTION to Dismiss Plaintiff's Complaint filed by Danielle Tacoronte. (Gilmore, J.) (Entered: 08/05/2013) |
| 08/05/2013 | 40 | NOTICE of mediation conference/hearing to be held on October 4, 2013 @ 10:00 a.m. before Jeffrey M. Fleming, Esq.. (Epstein, Richard) (Entered: 08/05/2013) |
| 08/06/2013 | 41 | CASE MANAGEMENT AND SCHEDULING ORDER. Signed by Senior Judge G. Kendall Sharp on 8/6/2013. (SC) (Entered: 08/06/2013) |

| 08/06/2013 | | Set/reset scheduling order deadlines: Amended Pleadings due by 8/16/2013, Joinder of Parties due by 8/16/2013, Discovery due by 11/13/2013, Dispositive motions due by 1/14/2014, Pretrial statement due by 4/4/2014, All other motions due by 3/11/2014, Jury Trial set for 5/1/2014 at 09:00 AM before Senior Judge G. Kendall Sharp, Defendant disclosure of expert report due by 9/13/2013, Plaintiff disclosure of expert report due by 9/13/2013 (JET) (Entered: 08/07/2013) |
| 08/09/2013 | 42 | MOTION for leave to file *Reply to Plaintiff's Response to Motion to Dismiss* by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Proposed Order)(Epstein, Richard) (Entered: 08/09/2013) |
| 08/15/2013 | 43 | AMENDED document by Danielle Tacoronte. *Amended Complaint (Gilmore, J.) (Entered: 08/15/2013)* |
| 08/20/2013 | 44 | ENDORSED ORDER granting 42 Motion for Leave to File Reply. Signed by Senior Judge G. Kendall Sharp on 8/20/2013. (DB) (Entered: 08/20/2013) |
| 08/22/2013 | 45 | MOTION for Extension of Time until 9/13/13 to File Answer to 43 Amended Complaint by Greenspoon Marder & Associates, Inc, and Marc B. Cohen. (Attachments: # 1 Text of Proposed Order)(Epstein, Richard) Modified on 8/23/2013 (JET). (Entered: 08/22/2013) |
| 08/23/2013 | 46 | ORDER denying as moot 32 Motion ; denying as moot 33 motion to dismiss. Signed by Senior Judge G. Kendall Sharp on 8/23/2013. (DB) (Entered: 08/23/2013) |
| 08/23/2013 | 47 | ENDORSED ORDER granting 45 Motion for Extension of Time to Answer or respond Greenspoon Marder & Associates, Inc answer or response due 9/13/2013; Marc B. Cohen answer or response to amended complaint due 9/13/2013. Signed by Magistrate Judge Gregory J. Kelly on 8/23/2013. (PAB) (Entered: 08/23/2013) |
| 08/27/2013 | 48 | CORPORATE Disclosure Statement by Danielle Tacoronte. (Gilmore, J.) Modified on 8/28/2013 (JET). THIS IS A CERTIFICATE OF INTERESTED PERSONS; ATTORNEY WAS ASKED TO REFILE USING CORRECT EVENT. (Entered: 08/27/2013) |
| 08/27/2013 | 49 | STRICKEN PER ORDER AT DOCUMENT NO. 50 - Rule 26 Disclosures by Danielle Tacoronte. (Gilmore, J.) Modified on 8/28/2013 (JET). Modified on 9/5/2013 (IGC). (Entered: 08/27/2013) |
| 09/04/2013 | 50 | ENDORSED ORDER to strike re: 49 Rule 26 disclosures. See Local Rule 3.03(d). Signed by Magistrate Judge Gregory J. Kelly on 9/4/2013. (PAB) (Entered: 09/04/2013) |
| 09/10/2013 | 51 | Unopposed MOTION for extension of time until 9/20/13 to file Answer to 43 Amended Complaint by Greenspoon Marder & Associates, Inc, Marc B. Cohen. (Attachments: # 1 Text of Proposed Order)(Epstein, Richard) Modified on 9/11/2013 (JET). (Entered: 09/10/2013) |
| 09/16/2013 | 52 | AMENDED NOTICE of mediation conference/hearing to be held on 12.10.13 @ 10:00 a.m. before Jeffrey M. Fleming, Esq.. (Epstein, Richard) Modified on 9/17/2013 (IGC). (Entered: 09/16/2013) |

| | | |
|---|---|---|
| 09/17/2013 | 53 | ENDORSED ORDER granting 51 Motion for Extension of Time to Answer or respond. Marc B. Cohen answer or response due 9/20/2013; Greenspoon Marder, P.A. answer or response due 9/20/2013. Signed by Magistrate Judge Gregory J. Kelly on 9/17/2013. (PAB) (Entered: 09/17/2013) |
| 09/18/2013 | 54 | MOTION for Extension of Time until 9/30/13 to File Answer re 43 Amended Complaint by Marc B. Cohen, Greenspoon Marder, P.A. (Attachments: # 1 Text of Proposed Order)(Epstein, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 9/19/2013 (JET). (Entered: 09/18/2013) |
| 09/23/2013 | 55 | ENDORSED ORDER denying 54 Motion for Extension of Time to Answer or respond for failure to show good cause. Defendants shall file their response to the amended complaint on or before Friday, September 27, 2013. Signed by Magistrate Judge Gregory J. Kelly on 9/23/2013. (PAB) (Entered: 09/23/2013) |
| 09/23/2013 | | Reset deadlines for Marc B. Cohen, Greenspoon Marder, P.A.. Answer due by 9/27/2013. (IGC) (Entered: 09/23/2013) |
| 09/27/2013 | 56 | *Defendant* ANSWER and affirmative defenses to Complaint *Amended Complaint* by Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Epstein, Richard) (Entered: 09/27/2013) |
| 09/27/2013 | 57 | *Defendant* ANSWER and affirmative defenses to Complaint *Amended Complaint* by Marc B. Cohen. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Epstein, Richard) (Entered: 09/27/2013) |
| 10/30/2013 | 58 | MOTION for Extension of Time until 12/10/13 to Complete Discovery by All Parties (Attachments: # 1 Proposed Order)(Epstein, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. Modified on 10/31/2013 (JET). (Entered: 10/30/2013) |
| 11/05/2013 | 59 | ENDORSED ORDER granting 58 Motion for Extension of Time to Complete Discovery until December 4, 2013. The granting of this motion shall not constitute good cause for the extension of any other deadline, including the dispositive motions deadline. Signed by Magistrate Judge Gregory J. Kelly on 11/5/2013. (PAB) (Entered: 11/05/2013) |
| 11/05/2013 | | Set/reset scheduling order deadlines: Discovery due by 12/4/2013 (JEV) (Entered: 11/05/2013) |
| 11/27/2013 | 60 | MOTION for protective order *As to Non-Party Subpoena* by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Epstein, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 11/27/2013) |
| 11/27/2013 | 61 | REQUEST for oral argument re 60 MOTION for protective order *As to Non-Party Subpoena* by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 11/27/2013) |
| 12/04/2013 | 62 | MOTION for miscellaneous relief, specifically Deem Answers Timely filed by Danielle Tacoronte. (Gilmore, J.) (Entered: 12/04/2013) |

| | | |
|---|---|---|
| 12/05/2013 | 63 | ENDORSED ORDER denying without prejudice for failure to comply with Local Rule 3.01(g) 62 Motion to deem late responses to requests for admissions propounded by Defendants as timely filed. Signed by Magistrate Judge Paul A. Zoss on 12/5/2013. (PAB) Modified on 12/6/2013 (JEV). (Entered: 12/05/2013) |
| 12/05/2013 | 64 | AMENDED MOTION for miscellaneous relief, specifically allow late filed responses to requests for admissions by Danielle Tacoronte. (Gilmore, J.) Modified on 12/6/2013 (JEV). (Entered: 12/05/2013) |
| 12/16/2013 | 65 | ORDER granting unopposed 60 Motion for Protective Order. Plaintiff failed to file a timely response. See Doc. No. 41 at 5. Signed by Magistrate Judge Paul A. Zoss on 12/16/2013. (PAB) (Entered: 12/16/2013) |
| 12/16/2013 | 66 | MEDIATION report: Hearing held on 12/10/13. Hearing outcome: IMPASSE. (IGC) (Entered: 12/16/2013) |
| 12/19/2013 | 67 | RESPONSE in Opposition re 64 AMENDED MOTION for miscellaneous relief, specifically allow late filed responses to requests for admissions by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12)(Epstein, Richard) (Entered: 12/19/2013) |
| 01/03/2014 | 68 | ORDER denying 64 Amended Motion to deem late responses to requests for admission propounded by Defendants as timely filed. Signed by Magistrate Judge Paul A. Zoss on 1/3/2014. (PAB) (Entered: 01/03/2014) |
| 01/14/2014 | 69 | Renewed NOTICE to the Courts to take judicial notice regarding additional documents by Marc B. Cohen, Greenspoon Marder, P.A. (Attachments: # 1 Exhibit 1, # 2 Exhibit A Part I, # 3 Exhibit A Part II, # 4 Exhibit B)(Epstein, Richard) Modified on 1/15/2014 (JET). (Entered: 01/14/2014) |
| 01/14/2014 | 70 | MOTION for summary judgment by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7)(Epstein, Richard) (Entered: 01/14/2014) |
| 01/15/2014 | 71 | REQUEST for oral argument re 70 MOTION for summary judgment by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 01/15/2014) |
| 01/17/2014 | 72 | MILBURN ORDER Signed by Senior Judge G. Kendall Sharp on 1/17/2014. (DB) (Entered: 01/17/2014) |
| 01/31/2014 | 73 | MOTION for Leave to file Second Amended Complaint 43 Amended document by Danielle Tacoronte. (Attachments: # 1 Exhibit, # 2 Exhibit)(Gilmore, J.) Modified on 2/3/2014 (IGC). (Entered: 01/31/2014) |
| 01/31/2014 | 74 | MOTION for summary judgment by Danielle Tacoronte. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Affidavit)(Gilmore, J.) Modified on 4/2/2014 (JET). AFFIDAVIT STRICKEN PER ORDER #110. (Entered: 01/31/2014) |

| 02/03/2014 | 75 | MOTION to Strike 73 MOTION for Leave to file Second Amended Complaint 43 Amended document , 74 MOTION for summary judgment by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 02/03/2014) |
|---|---|---|
| 02/03/2014 | 76 | NOTICE of supplemental authority re 70 MOTION for summary judgment by Marc B. Cohen, Greenspoon Marder, P.A. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Epstein, Richard) (Entered: 02/03/2014) |
| 02/05/2014 | 77 | RESPONSE in Opposition re 75 MOTION to Strike 73 MOTION for Leave to file Second Amended Complaint 43 Amended document , 74 MOTION for summary judgment filed by Danielle Tacoronte. (Gilmore, J.) (Entered: 02/05/2014) |
| 02/05/2014 | 78 | NOTICE of supplemental authority re 77 Response in Opposition to Motion *Exhibit is support of Response* by Danielle Tacoronte (Gilmore, J.) (Entered: 02/05/2014) |
| 02/11/2014 | 79 | ORDER denying 73 motion to amend/correct complaint; denying 75 Motion to Strike. Signed by Senior Judge G. Kendall Sharp on 2/11/2014. (DB) (Entered: 02/11/2014) |
| 02/11/2014 | 80 | MILBURN ORDER Signed by Senior Judge G. Kendall Sharp on 2/11/2014. (DB) (Entered: 02/11/2014) |
| 02/17/2014 | 81 | RESPONSE in Opposition re 70 MOTION for summary judgment filed by Danielle Tacoronte. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Gilmore, J.) (Entered: 02/17/2014) |
| 02/19/2014 | 82 | MOTION to Dismiss Counts I and II of 43 Amended Complaint by Danielle Tacoronte. (Gilmore, J.) Modified on 2/20/2014 (JEV). (Entered: 02/19/2014) |
| 02/21/2014 | 83 | RESPONSE in Opposition re 82 MOTION to Dismiss Counts I and II of Amended Complaint filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 02/21/2014) |
| 03/03/2014 | 84 | NOTICE of Appearance by Meredith Hamilton Leonard on behalf of Marc B. Cohen, Greenspoon Marder, P.A. (Leonard, Meredith) (Entered: 03/03/2014) |
| 03/03/2014 | 85 | REPLY to Response to Motion re 70 MOTION for summary judgment filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Leonard, Meredith) (Entered: 03/03/2014) |
| 03/04/2014 | 86 | ORDER granting 82 motion to dismiss counts I and II of the amended complaint. Counts I and II dismissed with prejudice. Plaintiff shall pay attorney's fees and costs andt defedants have incurred in connection with defending the claims asserted in Countrs I and II of the First Amended Complaint. Signed by Senior Judge G. Kendall Sharp on 3/4/2014. (DB) (Entered: 03/04/2014) |
| 03/07/2014 | 87 | MOTION to Strike *Affidavit in Support of 74 Motion for Summary Judgment* by Marc B. Cohen, Greenspoon Marder, P.A. (Attachments: # 1 Exhibit A)(Epstein, Richard) Modified on 3/10/2014 (JET). (Entered: 03/07/2014) |
| 03/07/2014 | 88 | RESPONSE in Opposition re 74 MOTION for summary judgment *and Incorporated Memorandum of Law* filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit A)(Epstein, Richard) (Entered: 03/07/2014) |

Case 6:13-cv-00418-GKS-GJK   Document 130   Filed 05/16/14   Page 14 of 39 PageID 2364

| 03/11/2014 | 89 | MOTION to Withdraw re 82 Motion to Dismiss Counts I and II of Amended Complaint by Danielle Tacoronte. (Gilmore, J.) Modified on 3/12/2014 (MAL). (Entered: 03/11/2014) |
| 03/11/2014 | 90 | MOTION in limine by Danielle Tacoronte. (Gilmore, J.) (Entered: 03/11/2014) |
| 03/11/2014 | 91 | NOTICE of filing supplemental authority re 70 MOTION for summary judgment by Marc B. Cohen, Greenspoon Marder, P.A. (Attachments: # 1 Exhibit A)(Leonard, Meredith) Modified on 3/12/2014 (MAL). (Entered: 03/11/2014) |
| 03/11/2014 | 92 | NOTICE of compliance re 87 MOTION to Strike *Affidavit in Support of 74 Motion for Summary Judgment Regarding Updated L.R. 3.01(G) Certification of Good Faith Conference* by Marc B. Cohen, Greenspoon Marder, P.A. (Leonard, Meredith) (Entered: 03/11/2014) |
| 03/11/2014 | 93 | MOTION in limine by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit A)(Leonard, Meredith) (Entered: 03/11/2014) |
| 03/12/2014 | 94 | MOTION for miscellaneous relief, specifically To Remove Counsel from CM/ECF Service List by Jodi N. Cohen. (Coward, Clay) (Entered: 03/12/2014) |
| 03/12/2014 | 95 | ENDORSED ORDER granting 94 Motion. Signed by Senior Judge G. Kendall Sharp on 3/12/2014. (DB) (Entered: 03/12/2014) |
| 03/18/2014 | 96 | NOTICE by Marc B. Cohen, Greenspoon Marder, P.A. *of Filing Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11* (Attachments: # 1 Exhibit A)(Leonard, Meredith) (Entered: 03/18/2014) |
| 03/18/2014 | 97 | MOTION for sanctions *Pursuant to Federal Rule of Civil Procedure 11 and Incorporated Memorandum of Law* by Marc B. Cohen, Greenspoon Marder, P.A.. (Leonard, Meredith) (Entered: 03/18/2014) |
| 03/18/2014 | 98 | RESPONSE in Opposition re 89 MOTION to Withdraw *Motion to Dissmiss Counts I and II* filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Composite Exhibit A)(Epstein, Richard) (Entered: 03/18/2014) |
| 03/18/2014 | 99 | MOTION for miscellaneous relief, specifically contempt and sanctions by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 03/18/2014) |
| 03/18/2014 | 100 | MOTION for Attorney Fees *And Costs And Incorporated Memorandum of Law* by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Epstein, Richard) Motions referred to Magistrate Judge Gregory J. Kelly. (Entered: 03/18/2014) |
| 03/19/2014 | 101 | NOTICE by Marc B. Cohen, Greenspoon Marder, P.A. re 96 Notice (Other) Defendants' Notice of Filing Supplement to L.R. 3.01(G) Certification As To Defendants' Notice Of Filing 97 Motion For Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Leonard, Meredith) Modified on 3/20/2014 (IGC). (Entered: 03/19/2014) |
| 03/20/2014 | 102 | ENDORSED ORDER denying 89 Motion to Withdraw Motion to Dismiss. Signed by Senior Judge G. Kendall Sharp on 3/20/2014. (DB) (Entered: 03/20/2014) |

| 03/24/2014 | 103 | RESPONSE in Opposition re 90 MOTION in limine filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 03/24/2014) |
| 03/24/2014 | 104 | RESPONSE in Opposition re 93 MOTION in limine filed by Danielle Tacoronte. (Gilmore, J.) (Entered: 03/24/2014) |
| 03/25/2014 | 105 | ENDORSED ORDER ruling deferred until trial 93 Motion in Limine. Signed by Senior Judge G. Kendall Sharp on 3/25/2014. (DB) (Entered: 03/25/2014) |
| 03/25/2014 | 106 | ENDORSED ORDER denying 90 Motion in Limine. Signed by Senior Judge G. Kendall Sharp on 3/25/2014. (DB) (Entered: 03/25/2014) |
| 03/26/2014 | 107 | ELEVENTH HOUR SETTLEMENTS and JURY COSTS Signed by Senior Judge G. Kendall Sharp on 3/26/2014. (DB) (Entered: 03/26/2014) |
| 03/28/2014 | 108 | NOTICE OF INTERLOCUTORY APPEAL as to 86 Order on motion to dismiss by Danielle Tacoronte. Filing fee paid; receipt number ORL032850. (JET) (Entered: 03/31/2014) |
| 03/31/2014 | 109 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 108 Notice of Interlocutory Appeal. (JET) (Entered: 03/31/2014) |
| 03/31/2014 |  | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Middle District of Florida certifies that the record is complete for the purposes of this appeal re: 108 Notice of Interlocutory Appeal. All documents are imaged and available for the USCA to retrieve electronically. (JET) (Entered: 03/31/2014) |
| 04/01/2014 | 110 | ENDORSED ORDER granting 87 Motion to Strike. Signed by Senior Judge G. Kendall Sharp on 4/1/2014.(FMM) (Entered: 04/01/2014) |
| 04/01/2014 | 111 | ENDORSED ORDER denying 74 Motion for summary judgment. Signed by Senior Judge G. Kendall Sharp on 4/1/2014.(FMM) (Entered: 04/01/2014) |
| 04/01/2014 | 112 | RESPONSE in Opposition re 99 MOTION for miscellaneous relief, specifically contempt and sanctions filed by Danielle Tacoronte. (Attachments: # 1 Exhibit) (Gilmore, J.) (Entered: 04/01/2014) |
| 04/02/2014 | 113 | Joint MOTION for Extension of Time to File Joint Jury Instructions and Joint Jury Verdict Form by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Proposed Order)(Epstein, Richard) (Entered: 04/02/2014) |
| 04/02/2014 | 114 | RESPONSE in Opposition re 100 MOTION for Attorney Fees *And Costs And Incorporated Memorandum of Law* filed by Danielle Tacoronte. (Gilmore, J.) (Entered: 04/02/2014) |
| 04/03/2014 | 115 | ENDORSED ORDER granting 113 Motion for Extension of Time to File. Signed by Senior Judge G. Kendall Sharp on 4/3/2014.(FMM) (Entered: 04/03/2014) |
| 04/04/2014 | 116 | Joint MOTION for Extension of Time up through and including April 9, 2014 to File Joint Final Pretrial Statement by Marc B. Cohen, Greenspoon Marder, P.A. and Danielle Tacoronte. (Attachments: # 1 Proposed Order)(Epstein, Richard) Modified on 4/7/2014 (MAL). (Entered: 04/04/2014) |

| | | |
|---|---|---|
| 04/07/2014 | 117 | ENDORSED ORDER granting 116 Motion for Extension of Time to File Joint Final Pretrial Statement until April 9, 2014. Signed by Magistrate Judge Gregory J. Kelly on 4/7/2014. (PAB) (Entered: 04/07/2014) |
| 04/07/2014 | | Reset deadlines: Joint Final Pretrial statement due by 4/9/2014. See Order #117. (JET) (Entered: 04/08/2014) |
| 04/09/2014 | 118 | Joint PRETRIAL statement by Marc B. Cohen, Greenspoon Marder, P.A., Danielle Tacoronte. (Attachments: # 1 Exhibit A, Plaintiff's Exhibit List, # 2 Exhibit B, Defendants' Exhibit List)(Epstein, Richard) Modified on 4/10/2014 (JEV). (Entered: 04/09/2014) |
| 04/11/2014 | 119 | Joint MOTION for Extension of Time to File Joint Jury Instructions and Joint Verdict Form by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Proposed Order)(Epstein, Richard) (Entered: 04/11/2014) |
| 04/14/2014 | 120 | ORDER granting 70 Motion for summary judgment; denying as moot 93 Motion in Limine; denying as moot 119 Motion for Extension of Time to File Jury Instructions. The Clerk of the Court is directed to ENTER JUDGMENT in favor of defendant Marc B. Cohen and Greenspoon Marder, P.A. The Court retains jurisdiction over this case for the purpose of determining whether sanctions, contempt, or both are appropriate and, if so, the nature and amount of such. Signed by Senior Judge G. Kendall Sharp on 4/14/2014. (DB) (Entered: 04/14/2014) |
| 04/14/2014 | 121 | MEMORANDUM in opposition re 112 Response in Opposition to Motion *to Strike* filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 04/14/2014) |
| 04/14/2014 | 122 | MEMORANDUM in opposition re 114 Response in Opposition to Motion *For Stay And Other Relief* filed by Marc B. Cohen, Greenspoon Marder, P.A.. (Epstein, Richard) (Entered: 04/14/2014) |
| 04/15/2014 | 123 | Summary JUDGMENT in favor of Greenspoon Marder, P.A., Marc B. Cohen and against Danielle Tacoronte (Signed by Deputy Clerk). (JEV) (Entered: 04/15/2014) |
| 04/18/2014 | 124 | NOTICE OF INTERLOCUTORY APPEAL as to 111 Order on motion for summary judgment, 120 Order on motion for summary judgment, Order on Motion in Limine, Order on Motion for Extension of Time to File by Danielle Tacoronte. Filing fee paid. Receipt No. ORL33450. (Attachments: # 1 Exhibit)(IGC) (Entered: 04/21/2014) |
| 04/18/2014 | | USCA appeal fees received $ 505 receipt number ORL33450 re 124 Notice of Interlocutory Appeal filed by Danielle Tacoronte (IGC) (Entered: 04/21/2014) |
| 04/21/2014 | 125 | TRANSMITTAL of initial appeal package to USCA consisting of copies of notice of appeal, docket sheet, order/judgment being appealed, and motion, if applicable to USCA re 124 Notice of Interlocutory Appeal. (IGC) (Entered: 04/21/2014) |
| 04/23/2014 | 126 | MOTION for Extension of Time to 5/13/14 to File Motion for Attorneys' Fees by Marc B. Cohen, Greenspoon Marder, P.A.. (Attachments: # 1 Proposed Order) (Epstein, Richard) Modified on 4/24/2014 (IGC). (Entered: 04/23/2014) |

| 04/24/2014 | 127 | ENDORSED ORDER granting 126 Motion for Extension of Time to File motion for attorneys' fees. On or before May 13, 2014, Defendants shall file their motion for attorneys' fees. Signed by Magistrate Judge Gregory J. Kelly on 4/24/2014. (PAB) (Entered: 04/24/2014) |
| --- | --- | --- |
| 05/09/2014 | 128 | ORDER granting 97 Motion for Sanctions; denying 99 Motion Contempt and Sanctions ; denying without prejudice to refiling 100 Motion for Attorney Fees. Clerk of the Court is directed to CLOSE the case. Signed by Senior Judge G. Kendall Sharp on 5/9/2014. (DB) (Entered: 05/09/2014) |
| 05/16/2014 | 129 | NOTICE OF APPEAL as to 128 Order by Danielle Tacoronte. Filing fee $505, receipt number ORL034153. (JET) (Entered: 05/16/2014) |

| PACER Service Center | | |
| --- | --- | --- |
| Transaction Receipt | | |
| 05/16/2014 16:18:50 | | |
| **PACER Login:** | ux2690 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:13-cv-00418-GKS-GJK |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DANIELLE TACORONTE,

      **Plaintiff,**

v.

                                      **Case No. 6:13-cv-418-Orl-18GJK**

MARC B. COHEN and
GREENSPOON MARDER, P.A.,

      **Defendants.**

---

# ORDER

THIS CAUSE comes for consideration on the following:

1. Defendants Marc B. Cohen and Greenspoon Marder, P.A.'s ("GM") (collectively "Defendants") Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. 97), to which Plaintiff Danielle Tacoronte filed no timely response in opposition;

2. Defendants' Motion for Contempt and Sanctions (Doc. 99), to which Tacoronte responded in opposition (Doc. 112); and

3. Defendants' Motion for Attorneys' Fees and Costs (Doc. 100), to which Tacoronte responded in opposition (Doc. 114).

## I. BACKGROUND

This case arises out of Defendants' efforts to collect a debt Tacoronte owed to a third party. On May 10, 2006, Tacoronte obtained an equity line loan from Wells Fargo Bank, N.A. ("Wells Fargo") with a credit limit of $130,000.00.  (Doc. 70-1 ¶ 1.)[1]  Tacoronte drew on the line of credit

---

[1] GM's First Request for Admissions to Plaintiff Danielle Tacoronte is filed with the Court as Doc. 70-1, and Cohen's First Request for Admissions to Plaintiff Danielle Tacoronte is filed with the Court as Doc. 70-2.  After being served with GM's First Request for Admissions and Cohen's First Request for Admissions, Tacoronte failed to timely serve a

up to approximately its limit. (*See* Doc. 70-4 at 4.) Tacoronte initially made payments to Wells Fargo but later ceased making payments, defaulting on a balance of approximately $129,000.00. (*Id.* at 5; *see also* Doc. 70-1 ¶¶ 2, 10.) In July 2009, Wells Fargo served Tacoronte with a summons and a copy of the complaint it filed in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida ("Osceola Circuit Court") in the case styled *Wells Fargo Bank, N.A. v. Danielle Tacoronte*, 2009-CA-8077 (the "Wells Fargo Case"). (Doc. 70-1 ¶ 5; Doc. 70-3 ¶ 10.) Wells Fargo initiated the Wells Fargo Case in order to assert a breach of contract action to recover the amount Tacoronte owed under her equity line loan. (*See* Doc. 32-2 at 2-4.)

In February of 2010, Wells Fargo became GM's client. (Doc. 70-3 ¶ 9.) Cohen is a shareholder attorney with GM, and he represented Wells Fargo in the Wells Fargo Case beginning in approximately July 2011. (*Id.* ¶¶ 6-7, 10; Doc. 70-1 ¶¶ 8-9.) Cohen's first action in connection with the Wells Fargo Case was his filing of a notice of hearing on Tacoronte's motion to dismiss on July 21, 2011. (Doc. 70-3 ¶ 10.)

From July 2011 until the conclusion of proceedings in Florida's courts, Cohen appeared for Wells Fargo in all court proceedings for the Wells Fargo Case. (*Id.* ¶ 11.) Cohen also appeared for Wells Fargo at a mediation and a pre-trial conference. (*Id.* ¶ 14-15.) Additionally, Cohen filed Wells Fargo's motion for summary judgment and appeared for Wells Fargo at the hearing held on the motion. (*Id.* ¶¶ 16-17.) Despite this, Cohen apparently failed to file a notice of appearance in the Wells Fargo Case. (*See* Doc. 74-2 at 75.) In any event, the judge presiding over the Wells Fargo Case acknowledged that Cohen was Wells Fargo's attorney and directed orders solely to

---

written answer or objection. (*See* Doc. 64 at 1-2.) Long after the deadline had passed to serve a written answer or objection to Defendants' requests for admissions, Tacoronte filed a motion to deem her untimely written answers as timely filed. (*See id.* at 1-2.) United States Magistrate Judge Paul A. Zoss denied Tacoronte's motion. (*See* Doc. 68 at 5.) Therefore, by operation of Rule 36 of the Federal Rules of Civil Procedure, Tacoronte is deemed to have admitted each of GM's requests and each of Cohen's requests. *See* Fed. R. Civ. P. 36(a)(3), (b).

Cohen and Tacoronte's attorney. (*Id.*)  Approximately one year after he appeared in the Wells Fargo Case, Cohen filed a notice of appearance *nunc pro tunc* to the date he began representing Wells Fargo. (*Id.*)  Wells Fargo's prior counsel never filed a motion to withdraw in the Wells Fargo Case. (*Id.* at 79.)  Once Cohen began representing Wells Fargo in the Wells Fargo Case, Tacoronte's attorney communicated with Cohen in a manner consistent with Cohen's representation of an opposing party. (*See id.* at 75-76.)

On January 26, 2012, in preparation for mediation of the Wells Fargo case, Cohen obtained a copy of Tacoronte's consumer report maintained by Equifax Information Services, LLC ("Equifax"). (Doc. 74-5 at 1-2; Doc. 74-2 at 38-39.)  Cohen explained that when representing clients on collection matters—such as in Tacoronte's case—he would typically obtain the defendant's consumer report to gain insight regarding the defendant's financial standing. (*See* Doc. 74-2 at 38-40, 46.)  Although Cohen was a shareholder attorney with GM at the time he acquired a copy of Tacoronte's Equifax consumer report, Cohen's Equifax subscriber account continued to reflect the name of his former law firm, Cohen, Conway, Copeland, & Pavia, P.A. ("CCCP"). (*Id.* at 31-32.)  Therefore, despite Cohen's submission of change of address forms to Equifax each time he changed law firms, the inquiry on Tacoronte's Equifax consumer report stated that the inquiry was made by CCCP. (*Id.* at 32-33, 94-95; *see* Doc. 74-5 at 2.)  Tacoronte never contacted Equifax regarding this inquiry. (Doc. 67-2 ¶ 21.)  Additionally, Tacoronte appears to have understood that the inquiry reflected that Cohen had obtained her Equifax consumer report. (*See* Doc. 70-4 at 8.)

On March 29, 2012, the Osceola Circuit Court entered a judgment against Tacoronte in the amount of $129,000.00. (Doc. 70-1 ¶¶ 5, 10.)  Tacoronte appealed the Osceola Circuit Court's judgment, and Florida's Fifth District Court of Appeal dismissed Tacoronte's appeal as untimely. (*Id.* ¶¶ 12-13.)  Tacoronte also filed a motion for relief from the judgment entered against her by

the Osceola Circuit Court. (*Id.* ¶ 14.) Tacoronte's motion was focused primarily on two issues: (1) whether Cohen properly appeared in the Wells Fargo Case and (2) whether Cohen's filings, appearances, and the court's resulting orders were void as a result of Cohen's purportedly improper appearance. (*Id.* ¶ 17.) The court held a hearing and denied Tacoronte's motion. (*Id.* ¶ 18.)

On March 15, 2013, Tacoronte brought this case against Cohen and GM, as well as Jodi N. Cohen and Wells Fargo. (*See* Doc. 1-3.) Tacoronte's initial complaint included the following claims: violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, as to defendants Cohen, GM, and Jodi N. Cohen (Count I); violation of the Florida Consumer Collection Practices Act ("FCCPA"), sections 559.55-785, Florida Statutes, as to all defendants (Count II); conspiracy to defraud as to all defendants (Count III); and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., as to defendants Cohen, GM, and Jodi N. Cohen (Count IV mislabeled as Count VI). Jodi N. Cohen moved to dismiss the claims Tacoronte asserted against her. (*See* Doc. 14.) The Court granted Jodi N. Cohen's motion, generally stating that Tacoronte failed to allege facts sufficient to support any of the claims she asserted against Jodi N. Cohen. (*See* Doc. 23 at 5-7.)

Defendants also filed a motion to dismiss Tacoronte's initial complaint. (*See* Doc. 33.) Without leave of court or Defendants' prior consent (*i.e.* in contravention of the Federal Rules of Civil Procedure), Tacoronte filed an amended complaint on August 15, 2013. (*See* Doc. 43.) After, the fact, Defendants consented to allowing Tacoronte to amend her complaint, and the Court deemed Tacoronte to have filed her First Amended Complaint with Defendants' written consent. (Doc. 46 at 1.) Tacoronte's First Amended Complaint dropped Wells Fargo as a defendant. (*See* Doc. 43 at 1.) In her First Amended Complaint, Tacoronte asserted the following claims against

Defendants: violation of the FDCPA (Count I); violation of the FCCPA (Count II); and violation of the FCRA (Count III).

On January 14, 2014, Defendants filed their Motion for Summary Judgment.  (Doc. 70.) On January 31, 2014, Tacoronte filed her Motion for Summary Judgment.  (Doc. 74.)  Curiously, on the same date, Tacoronte also sought leave to file a second amended complaint, through which she would abandon all of her claims except her FCRA claim.  (*See* Doc. 73 at 1.)  Because this case had progressed to a late stage of litigation and because the parties' cross-motions for summary judgment were pending, the Court denied Tacoronte's motion for leave to file a second amended complaint.  (*See* Doc. 79 at 2-3.)

On February 19, 2014, Tacoronte moved to voluntarily dismiss Counts I and II of her First Amended Complaint.  (*See* Doc. 82 at 2.)  The Court granted the motion and dismissed Counts I and II of Tacoronte's First Amended Complaint.  (*See* Doc. 86 at 2.)  However, for the reasons stated in the Court's March 4, 2014 Order, the Court conditioned dismissal of Counts I and II on Tacoronte paying the attorney's fees and costs that Defendants incurred in connection with defending the claims asserted in Counts I and II of Tacoronte's First Amended Complaint.  (*See id.* at 3.)  After the Court issued its Order, Tacoronte sought to withdraw her motion to voluntarily dismiss Counts I and II of her First Amended Complaint.  (*See* Doc. 89.)  The Court denied Tacoronte's motion to withdraw.  (Doc. 102.)  Thereafter, Tacoronte initiated an interlocutory appeal of the Court's March 4, 2014 Order.  (*See* Doc. 108.)

At the time the parties' cross-motions for summary judgment became ripe for adjudication, the only remaining count from Tacoronte's First Amended Complaint was Count III—Tacoronte's FCRA claim.  On April 1, 2014, the Court denied Tacoronte's motion for summary judgment. (Doc. 111.)  Thereafter on April 14, 2014, the Court granted Defendants' motion for summary

judgment and directed that the Clerk of the Court enter judgment in favor of Defendants. (Doc. 120 at 6.) On April 15, 2014, the Clerk of the Court entered judgment in favor of Defendants. (Doc. 123.) Thereafter, Tacoronte appealed the Court's order granting summary judgment in favor of Defendants and the Court's order denying Tacoronte's motion for summary judgment. (*See* Doc. 124 at 1.)

Defendants now seek to have Tacoronte held in contempt for her failure to promptly tender the attorney's fees and costs Defendants have demanded following the Court's March 4, 2014 Order. Additionally, Defendants move the Court to sanction Tacoronte under Rule 11 of the Federal Rules of Civil Procedure, specifically by ordering Tacoronte to pay all of the reasonable attorney's fees and costs that Defendants have incurred in defending this case since the time that Tacoronte filed her First Amended Complaint.[2]

## II. ANALYSIS

### A. Whether the Court Should Impose Rule 11 Sanctions

#### 1. Legal Standard for Rule 11 Sanctions

Defendants seek to have the Court sanction Tacoronte under Rule 11 of the Federal Rules of Civil Procedure, arguing that, "[t]he claims asserted in the First Amended Complaint are factually and legally baseless from an objective perspective, which any reasonable and competent inquiry would have revealed before [Tacoronte's First Amended Complaint] was signed and filed." (Doc. 97 at 1.) Rule 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

---

[2] On January 15, 2014, Defendants served on Tacoronte a copy of their Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. 97), as required under Rule 11(c)(2) of the Federal Rules of Civil Procedure, prior to filing their motion with the Court. (*See* Doc. 97 at 6 n.23.)

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The United States Court of Appeals for the Eleventh Circuit has held that Rule 11 sanctions are warranted "'when a party files a pleading that has no reasonable factual basis[,][] when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law[,] and [] when the party files a pleading in bad faith for an improper purpose.'" *Didie v. Howes*, 988 F.2d 1097, 1104 (11th Cir. 1993) (quoting *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir. 1991)). When determining the propriety of Rule 11 sanctions, a federal district court applies an objective reasonableness standard to the circumstances of the particular case and is "'required to evaluate whether the motion, pleading or other paper reflected what could reasonably have been believed by the signer at the time of signing.'" *Id.* (quoting *Aetna Ins. Co. v. Meeker*, 953 F.2d 1328, 1331 (11th Cir. 1992)).

2. Tacoronte's First Amended Complaint

Generally, Tacoronte's First Amended Complaint is centered around (1) Cohen's failure to file a notice of appearance in the Wells Fargo Case until nearly a year after Cohen began representing Wells Fargo and (2) Cohen's obtaining Tacoronte's Equifax consumer report, which caused an inquiry to be placed on the report in the name of CCCP. As a result of being purported aggrieved by each, Tacoronte brought claims under the FDCPA, FCCPA, and FCRA. Each of Tacoronte's claims lacked arguable merit, and the Court will discuss each in turn.

As an initial matter, the Court notes that while cross-motions for summary judgment were pending before the Court, Tacoronte sought to withdraw Counts I and II of her First Amended Complaint. Additionally, in her response to Defendants' motion for summary judgment, Tacoronte failed to address any of Defendants' arguments with respect to Counts I and II in her First Amended Complaint. The Court interprets these actions as a concession that the claims Tacoronte asserted in Counts I and II of her First Amended Complaint lacked any arguable merit and evidentiary support.

### a. FDCPA Claims

In Count I of her First Amended Complaint, Tacoronte alleged that Defendants violated the FDCPA in five separate ways: (1) by charging $9,000.00 over the equity line loan's limit in violation of 15 U.S.C. § 1692e(2); (2) by attempting to collect amounts not expressly authorized by the equity line agreement in violation of § 1692f(1); (3) by making false, deceptive, or misleading statements while collecting a debt by having unauthorized attorneys at the hearings for the Wells Fargo Case through March 16, 2012 in violation of § 1692e; (4) by using false and deceptive means to collect a debt by making unlawful inquiries into Tacoronte's consumer report without permissible purpose in violation of § 1692e(10); and (5) by using an unfair or unconscionable means to collect a debt by making unlawful credit inquiries, attempting to collect more than what was allowed by the equity line agreement, and Cohen's representation to Tacoronte that he had authority to pursue the debt on behalf of Wells Fargo, all in violation of § 1692f. The Court will evaluate the legal merit and factual support for each of Tacoronte's FDCPA claims; however, the Court first turns to the issue of whether these claims were time-barred.

### i. Whether Tacoronte's FDCPA Claims were Time-barred

15 U.S.C. § 1692k(d) provides that an action to enforce any liability created by the FDCPA must be brought within one year from the date on which a violation occurs. *See* 15 U.S.C. §

-8-

1692k(d).  Tacoronte initiated this case on March 15, 2013.  (*See* Doc. 1 at 1.)  Therefore, any alleged violation that occurred prior to March 16, 2012 is time-barred.  Many of the purported violations committed in the course of the Wells Fargo Case occurred throughout the case, or at least a portion of that case.  Courts, including this Court, have rejected the notion that, for limitations purposes, each action taken in the course of litigating a collection case constitutes a new or continuing violation.  *See Farrell v. Patrick A. Carey, P.A.*, No. 6:12-cv-1206-Orl-28DAB, 2012 WL 6803654, at *3 (M.D. Fla. Dec. 19, 2012) (collecting cases), *adopted*, 2013 WL 85132, at *1 (M.D. Fla. Jan. 8, 2013).

The Wells Fargo Case was initiated in July 2009.  (*See* Doc. 32-2 at 2.)  Cohen began representing Wells Fargo in connection with the Wells Fargo Case beginning in July 2011.  (*See* Doc. 32-3 at 2.)  Even if the Court were to accept the argument that any FDCPA violation accrued with respect to Defendants on the date that Cohen first appeared for Wells Fargo rather than the date the Wells Fargo Case began, Tacoronte's FDCPA claims related to Cohen's failure to timely file a notice of appearance and the amount of the debt would have accrued in July 2011—well outside of the FDCPA's limitations period.  Likewise, Cohen obtained Tacoronte's Equifax consumer report on January 26, 2012.  (Doc. 74-5 at 1-2.)  Therefore, any purported FDCPA claim arising out of Cohen's obtaining Tacoronte's Equifax consumer report was also time-barred before Tacoronte initiated this case.

Moreover, even if she did not realize such before filing her initial complaint, Tacoronte was alerted to the FDCPA's limitations period and the fact that she brought her FDCPA claims outside of the FDCPA's limitations period once Jodi N. Cohen raised the issue in a motion to dismiss.  (*See* Doc. 14 at 10-11.)  Additionally, Defendants also raised this issue in their motion to dismiss Tacoronte's initial complaint.  (*See* Doc. 33 at 14-15.)  Each of these documents were filed with

the Court (and therefore served on Tacoronte through CM/ECF) before the date Tacoronte filed her First Amended Complaint.

>            ii. Whether Defendants' Violated the FDCPA with Respect to the Amount of
>            the Debt

15 U.S.C. § 1692e(2) prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.   15 U.S.C. § 1692f(1) prohibits a debt collector from collecting or attempting to collect any amount unless it is expressly authorized by the agreement creating the debt or permitted by law.   Tacoronte alleges that Defendants violated each of these sections by charging $9,000 over the limit of the equity loan.   In asserting each of these claims, Tacoronte fails to recognize that, for many reasons, a debt collector could lawfully attempt to collect an amount in excess of a loan's credit limit from a debtor.   For instance, a debtor could spend up to the credit limit, fail to make payments as agreed, and then, as provided in the loan agreement, incur finance charges and fees, which would push the amount owed over the loan's credit limit.   In fact, this is precisely what appears to have occurred in this case.

Tacoronte's equity line loan had a credit limit of $130,000.00, and Tacoronte stated in her deposition that she ceased making payments on the loan when it had a remaining balance of approximately $129,000.00.   (*See* Doc. 70-4 at 4-5.)   Tacoronte's loan agreement provides for repayment of finance charges, annual fees, and late payment charges.   (*See* Doc. 32-2 at 6, 9.)   Additionally, the agreement provides: "If I am in default, I will pay the [Wells Fargo's] collection costs, attorney's fees and other expenses of enforcing [Wells Fargo's] rights under this Agreement and the Security Instrument, unless otherwise prohibited by applicable law." (*Id.* at 10.)   In support of its motion for summary judgment in the Wells Fargo Case, Wells Fargo submitted an affidavit from an employee explaining that Tacoronte owed Wells Fargo a principal sum of $130.000.00 along with interest for the time period from June 22, 2010 to February 13, 2012 in the amount of $9,287.00.

(*See* Doc. 69-2 at 8-9.) Tacoronte failed to present any evidence to the contrary. Therefore, it is abundantly clear that any amount sought by Wells Fargo in excess of the credit limit on the loan was authorized by the agreement between Tacoronte and Wells Fargo that created the debt.[3] Accordingly, the Court finds that Tacoronte's claims under § 1692e(2) and § 1692f(1) contained in Count I of her First Amended Complaint were brought without evidentiary support and without any reasonable expectation that the discovery process would produce any evidentiary support for these claims.

> iii. Whether Defendants Violated the FDCPA through Cohen's Failure to File a Timely Notice of Appearance

Tacoronte alleged that Defendants violated 15 U.S.C. § 1692e through Cohen's representation of Wells Fargo in connection with the Wells Fargo Case despite his failure to file a formal notice of appearance with the court until March 16, 2012.[4] Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The statute provides a non-inclusive list of sixteen debt collection practices that constitute violations. *See* 15 U.S.C. § 1692e. An attorney's representation of a client in a collection case pending before a court while not having filed a formal notice of appearance is not among the sixteen practices detailed in § 1692e, nor is any similar or analogous conduct. Despite this, § 1692e might reach Cohen's conduct if such was "false, deceptive, or [a] misleading representation or means . . . ." *Id.* However, it simply was not. During the time that Cohen appeared on Wells Fargo's behalf in connection with the Wells Fargo Case, Cohen was an attorney licensed to practice law in Florida and was Wells Fargo's attorney. Tacoronte fails to provide a

---

[3] The state court entered judgment in the Wells Fargo Case in the amount of $129,000.00 because Cohen voluntarily reduced the amount owed by Tacoronte by $9,000.00.

[4] Although Tacoronte repeatedly contends that Cohen's appearances were unauthorized, the reality is that the court, in allowing Cohen to proceed and appear despite having not filed a formal notice of appearance, authorized Cohen to proceed and appear on behalf of Wells Fargo in connection with the Wells Fargo Case.

single citation to any primary legal authority that supports her legal theory with respect to this claim.[5] Nor does Tacoronte present this theory as a good faith argument for extending existing law, modifying existing law, or establishing new law.  Further, there is no evidence that Tacoronte or her attorney were actually deceived or misled by Cohen's failure to immediately file a notice of appearance in connection with the Wells Fargo Case.

> iv. Whether Defendants Violated § 1692e(10) in Obtaining Tacoronte's Consumer Report

15 U.S.C. § 1692e(10) prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Tacoronte's claim under § 1692e(10) appears to be two-pronged: (1) Defendants violated the FDCPA by obtaining her Equifax consumer report without permissible purpose; and (2) Defendants violated the FDCPA by causing a record of an inquiry in the name of CCCP to be placed on her Equifax consumer report.

The Court has addressed the first prong of Tacoronte's § 1692e(10) claim in detail in its Order granting Defendants' motion for summary judgment.  (*See* Doc. 120 at 4-5.)  15 U.S.C. § 1681b delineates permissible purposes for which a consumer reporting agency may disclose a consumer report.  Section 1681b(a)(3)(A) explicitly provides that a consumer reporting agency may furnish a consumer report to a person which it has reason to believe intends to use the information in connection with "review or collection of an account of[] the consumer . . . ."  15 U.S.C. § 1681(a)(3)(A); *see also Pinson v. United Recovery Sys., LP*, No. 12-80792-Civ, 2013 WL 3717739, at *2 (S.D. Fla. July 15, 2013) ("In other words, [§ 1681b(a)(3)(A)] permits a debt collector to request a credit report if it uses the report to review or collect on an account.")  Tacoronte repeatedly

---

[5] Even when faced with motions for sanctions and attorney's fees, Tacoronte failed to provide any defense of this theory or any good faith argument that the Court should accept her novel theory of § 1692e liability.

quoted § 1681b in her filings with this Court, each time curiously neglecting to reproduce the phrase "review or collection of an account of[] the consumer . . . ." A plain reading of § 1681b(a)(3)(A) reveals that Defendants had permissible purpose in obtaining Tacoronte's Equifax consumer report for the purpose of reviewing or collecting upon the account Tacoronte had with Wells Fargo. Tacoronte's § 1692e(10) claim therefore fails because it is premised on Defendants' lack of permissible purpose to obtain her Equifax consumer report.

Even if there was any uncertainty, abundant case law supports a plain reading of § 1681b(a)(3)(A). *See, e.g., Pinson*, 2013 WL 3717739, at *2. Tacoronte's attempts to ignore and hide relevant, controlling authority are sanctionable in themselves. *See United States v. Stringfellow*, 911 F.2d 225, 226 (9th Cir. 1990) (attorney's omission of relevant case law or statutory provisions that would render his argument frivolous was a proper basis for sanctions under Rule 11). Tacoronte fails to identify any contrary legal authority, nor does she present any argument (let alone a reasonable or good faith argument) as to why the Court should not have applied § 1681b(a)(3)(A) in the manner suggested by Defendants and existing legal authority.

With respect to the second prong of Tacoronte's § 1692e(10) claim, Tacoronte's Equifax consumer report did contain the inaccurate statement that CCCP obtained her report on January 26, 2012. By that time, CCCP was a defunct entity. However, Equifax—not either defendant—generated Tacoronte's consumer report.[6] Cohen explained that he updated the information regarding his Equifax subscriber account each time that he changed law firms. (*See* Doc. 74-2 at 32-33, 94-95.) Most importantly, though, no provision of the FDCPA imposes liability on a user

---

[6] If she had not done so earlier, Tacoronte should have explored whether her FCRA claim would be more appropriately lodged against Equifax, rather than Defendants, at the time Defendants argued that Tacoronte's initial complaint should be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for Tacoronte's failure to join an indispensable party—Equifax. (*See* Doc. 33 at 22-23.) In that motion, Defendants explained that Equifax is a third party over which Defendants have no control and that Equifax generated the consumer report at issue. (*See id.* at 22.)

of a consumer report (such as Defendants) for a consumer reporting agency's misstatement on a consumer report that the agency furnishes to the consumer.   Unsurprisingly, Tacoronte fails to identify any primary legal authority that would support such liability.   Nor does she present any argument for modifying or extending existing law.   Finally, Tacoronte's § 1692e(10) claim is severely undercut by the fact that she was not actually deceived or misled after seeing an inquiry from CCCP.   (*See* Doc. 70-4 at 8.)   Rather, Tacoronte appears to have understood that the inquiry reflected that Cohen had obtained her Equifax consumer report.   (*See id.*)

v. Whether Defendants Violated 15 U.S.C. § 1692f

In Count I of her First Amended Complaint, Tacoronte generally restates each of her purported § 1692e violations as violations of 15 U.S.C. § 1692f.   Section 1692f prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.   *See* 15 U.S.C. § 1692f.   None of the practices that Tacoronte alleges that Defendants engaged in is among the eight practices enumerated as violations of § 1692f.   Just as Tacoronte failed to provide the Court with any relevant legal authority in support of her claims with respect to § 1692e, she failed to provide the Court with any legal authority that would tend to support her theories of liability under § 1692f.   Nor did Tacoronte present her § 1692f claims as a non-frivolous argument for changing existing law or establishing new law.   For the same reasons as discussed above, none of the conduct that Tacoronte alleges Defendants engaged in would constitute a violation of § 1692f.

b. FCCPA Claims

1. Section 559.72(9)

In Count II of her First Amended Complaint, Tacoronte alleges that Defendants violated section 559.72(9), which forbids a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence

-14-

of some other legal right when such person knows that the right does not exist." Tacoronte does

not delineate how either defendant violated section 559.72(9).[7] The Court surmises that this claim

mirrors Tacoronte's claim under 15 U.S.C. § 1692e(2). For the same reasons stated above with

respect to § 1692e(2), Tacoronte's claim under section 559.72(9) would fail. Moreover, a debt

collector's actual knowledge that a debt does not exist or actual knowledge that the debt collector

overreached or asserted an improper claim is an element of a claim under section 559.72(9). *See*

*Bacelli v. MFP, Inc.*, 729 F. Supp. 2d 1328, 1337 (M.D. Fla. 2010); *Reese v. JPMorgan Chase &*

*Co.*, 686 F. Supp. 2d 1291, 1309-10 (S.D. Fla. 2009). All of the evidence before the Court suggests

that Cohen lawfully attempted to collect a legitimate debt from Tacoronte. There is no indication

that Cohen overreached or asserted an improper claim. Ultimately, Tacoronte's claim under section

559.72(9) lacked arguable merit. This claim also lacked evidentiary support, and Tacoronte could

not have reasonably anticipated obtaining evidentiary support for this claim through discovery.

Tacoronte was aware or reasonably should have been aware of these circumstances prior to the time

she filed her First Amended Complaint.

### 2. Section 559.72(10)

Section 559.72(10), Florida Statutes, prohibits a debt collector from using "a communication

that simulates in any manner legal or judicial process or that gives the appearance of being

authorized, issued, or approved by a government, governmental agency, or attorney at law, when it

is not." Tacoronte fails to explain how either defendant violated this subsection, nor can the Court

surmise Tacoronte's basis for this claim. Cohen is an attorney licensed to practice law in Florida

---

[7] Tacoronte was alerted to the fact that she failed to provide factual support for this FCCPA claim by Defendants in their motion to dismiss her initial complaint. (*See* Doc. 33 at 17.) Tacoronte was also alerted that she failed to provide any factual support for any of her FCCPA claims by Jodi N. Cohen in her motion to dismiss Tacoronte's initial complaint. (*See* Doc. 14 at 9.)

and represented Wells Fargo in connection with the Wells Fargo Case.   Therefore, any communication from Cohen in which he held himself out as Wells Fargo's attorney was accurate in that respect.   Ultimately, Tacoronte has not filed any material with the Court that would explain the basis for this claim or provide evidentiary support for this claim.   Nor does Tacoronte present this claim as a non-frivolous argument for changing existing law or creating new law.

### 3. Section 559.72(15)

Of Tacoronte's FCCPA claims, her claim under section 559.72(15) is perhaps the most puzzling.   This subsection prohibits a debt collector from "[r]efus[ing] to provide adequate identification of herself or himself or his employer or other entity whom she or he represents if requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt."   Fla. Stat. § 559.72(15).   Tacoronte's First Amended Complaint is devoid of any fact that would even tend to support such a claim.   Tacoronte does not allege that she (or her attorney) requested that Cohen identify himself or the entity Cohen represented, nor does Tacoronte allege that she (or her attorney) received inadequate identification from Cohen regarding his own identity or that of his client, Wells Fargo.   Ultimately, Tacoronte has not filed any material with the Court that would explain the basis for this claim or provide support for this claim.   Defendants identified this deficiency in their motion to dismiss Tacoronte's initial complaint.   (*See* Doc. 33 at 17.) Finally, Tacoronte does not present this claim as a non-frivolous argument for changing existing law or creating new law.

### c. FCRA Claim

The Court addressed the merit of Tacoronte's FCRA claim in detail in its April 14, 2014 Order, through which the Court granted summary judgment in favor of Defendants.   (*See generally* Doc. 120.)   Tacoronte's FCRA claim lacked any arguable legal merit.   Tacoronte has repeatedly

failed to recognize that a plain reading of 15 U.S.C. § 1681b(a)(3)(A) reveals that Defendants had permissible purpose to obtain her Equifax consumer report. She also refuses or fails to recognize abundant authority supporting such a plain reading and has failed to present the Court with any authority that would reasonably support any other interpretation of § 1681b(a)(3)(A).[8] Tacoronte did not present her FCRA claim as a non-frivolous argument for changing existing law or to establish new law. Therefore, it is clear that Tacoronte's FCRA claim was frivolous and that her counsel failed to conduct even a basic inquiry into the relevant law concerning the FCRA claim contained in the First Amended Complaint.

### 3. Concluding Remarks Regarding Rule 11 Sanctions

In sum, it is clear that prior to filing the First Amended Complaint, Tacoronte's counsel failed to conduct a reasonable inquiry into the facts of this case and the relevant law. Further, after reviewing the pleadings, motions, and other materials in this case, the Court is left with the general impression that Tacoronte initiated and prosecuted this case—including by filing her First Amended

---

[8]    In Tacoronte's response to Defendants' motion for summary judgment, she cites extensively to *Daley v. Haddonfield Lumber, Inc.*, 943 F. Supp. 464 (D.N.J. 1996). *Daley* is inapplicable to the instant case, and the Court is perplexed as to how Tacoronte could assert in good faith that *Daley*, "is directly on point to the determination and application of the law to the facts in this case." (Doc. 81 at 15.) First, *Daley* was decided, in part, on a prior version of the FCRA that has since been substantially amended. Next, *Daley* was decided on a section of the FCRA that it not at issue in this case—15 U.S.C. § 1681b(3)(E) (1994), which concerns permissible purpose pursuant to legitimate business need in connection with a business transaction involving the consumer.

Finally, the facts in *Daley* are not analogous to the facts presented in this case. In *Daley*, a defendant obtained the plaintiff's consumer report without the plaintiff's knowledge or consent. 943 F. Supp. at 465. The defendant was both a member of the Bay Club Board of Directors and an employee of Haddonfield Lumber, Inc. *Id.* The defendant requested the plaintiff's consumer report through Haddonfield Lumber, with which the plaintiff lacked a consumer relationship. *Id.* In reality, the defendant obtained the plaintiff's consumer report for Bay Club because the plaintiff wished to purchase a boat slip. *Id.* Because the defendant obtained the plaintiff's consumer report based on a false representation that Haddonfield Lumber had a permissible purpose to obtain the plaintiff's consumer report, the defendant was subject to liability under 15 U.S.C. § 1681n by willfully violating 15 U.S.C. § 1681q. *See id.* at 469.

In this case, Cohen obtained Tacoronte's Equifax consumer report to support his collection of an account for his client, Wells Fargo. Despite Cohen notifying Equifax of a change of address with respect to his subscriber account, Equifax continued to attribute inquires made by Cohen to his former law firm, CCCP, rather than his current firm, GM. A case that is "directly on point" would address the issue of a user-defendant's liability under the FCRA where a consumer reporting agency inaccurately states the user's name on a consumer's report despite having been provided accurate information from the user. *Daley* simply does not involve that issue, nor did the *Daley* court provide a rule—or even dicta—applicable to such issue. In relying on *Daley*, Tacoronte simply ignores that Defendants had a permissible purpose to obtain her Equifax consumer report.

Complaint—solely in the interest of vexatious retaliation towards Wells Fargo and its attorneys in the Wells Fargo Case.   In other words, the claims Tacoronte brought in her First Amended Complaint were frivolous, presented for the improper purpose of harassment, and asserted without evidentiary support or a reasonable expectation of acquiring evidentiary support through further investigation or discovery.   Rule 11 forbids such conduct.   Therefore, pursuant to Rule 11, the Court will order Tacoronte to pay the reasonable attorney's fees and costs that Defendants have incurred in defending this case since the date Tacoronte filed her First Amended Complaint.

### B. Sanctions Pursuant to the Court's Inherent Power

The Court has inherent power to assess reasonable attorney's fees as a "fine . . . when a losing party has 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.'"   *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 258-59 (1975)).   For the reasons stated above with respect to Rule 11 sanctions, the Court, pursuant to its inherent power, will order Tacoronte to pay the reasonable attorney's fees and costs that Defendants have incurred in defending this case since the date Tacoronte filed her First Amended Complaint.

### C. Fee Award Under the FCRA

Additionally, 15 U.S.C. § 1681n(c)[9] provides:

Upon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

---

[9] Section 1681n concerns willful FCRA violations, and § 1681o concerns negligent noncompliance with the FCRA. Section 1681o contains an identical provision for attorney's fees.  *See* 15 U.S.C. § 1681o(b).   In her First Amended Complaint, Tacoronte alleged that Defendants "willfully, negligently, and under false pretense" obtained her Equifax consumer report in violation of the FCRA.  *See* Doc. 43 ¶ 89.   However, Tacoronte generally phrases her FCRA claim as a willful violation.  *See* Doc. 43 ¶ 80 ("Cohen used ['CCCP'], the name of a dissolved corporation, in an attempt to hide the true name, [GM], from the Plaintiff and the Plaintiff[']s council [sic].")

For the reasons discussed above with respect to Tacortone's FCRA claim against Defendants, the Court will award Defendants the reasonable attorney's fees they have incurred in defending against Tacoronte's FCRA claim since the date that Tacoronte filed her First Amended Complaint.[10]

### D. Contempt

Defendants seek to have the Court hold Tacoronte in contempt for her failure to promptly tender the sum Defendants demanded after the Court issued its March 4, 2014 Order (Doc. 86), in which the Court ordered Tacoronte to "pay the attorney's fees and costs that Defendants have incurred in connection with defending the claims asserted in Counts I and II of Tacoronte's First Amended Complaint." (*Id.* at 3.)  Civil contempt "is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949).  "Courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States,* 384 U.S. 364, 370 (1966)).  The party petitioning to have a purported contemnor held in contempt bears the burden of showing by clear and convincing proof that the purported contemnor violated the court's order.  *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990) (quoting *Newman v. Graddick,* 740 F.2d 1513, 1525 (11th Cir. 1984), and *Piambino v. Bestline Prods., Inc.*, 645 F.Supp. 1210, 1213 (S.D. Fla. 1986)).

In support of their motion to hold Tacoronte in contempt, Defendants cite *S.E.C. v. Yun*, 208 F. Supp. 2d 1279 (M.D. Fla. 2002).  In *Yun*, a jury found Yun liable for fraudulent insider trading, and the Court entered a judgment ordering Yun to "disgorge $269,000 plus pre-judgment interest

---

[10] Although a fee award under the FCRA provides no additional compensation to Defendants beyond that provided by the Court's sanctions pursuant to Rule 11 and its inherent power, an award under the FCRA is mandatory given the Court's findings with respect to Defendants' Rule 11 motion and sanction pursuant to the Court's inherent power.

within ten days."[11]  *Yun*, 208 F. Supp. 2d at 1282.  Despite having the ability to pay the judgment or secure a full supersedeas bond, Yun simply refused to pay the judgment or secure a full supersedeas bond for over six months.  *Id.* at 1285.  The court held a contempt hearing during which the SEC introduced evidence demonstrating that Yun had purposely divested herself of assets since the date of the judgment, spent hundreds of thousands of dollars since the date of the judgment, and withdrew a sum from various accounts greater than the amount due under the judgment.  *Id.* at 1285-86.  Therefore, the court ordered that unless Yun complied with the court's order within ten days, she would be imprisoned so long as necessary to effectuate her compliance.  *See id.* at 1288.

The circumstances in this case are markedly different than those in *Yun*.  First, only two weeks passed between the date that the Court ordered Tacoronte to pay Defendants' attorney's fees and costs incurred in connection with defending the claims asserted in Counts I and II of Tacoronte's First Amended Complaint and the date that Defendants moved for sanctions, contempt and attorney's fees.  Also, at the time Defendants moved for a ruling of contempt, the Court had not (and still has not) adjudicated Defendants' Motion for Attorney's Fees and Costs (Doc. 100), upon which the Court would determine the amount due to Defendants.  Next, the Court has not held a contempt hearing in connection with this case.  Finally, unlike in *Yun*, there is no indication that Tacoronte has the means to pay but is divesting assets or simply refusing to comply with the Court's order.  For these reasons, the Court finds that holding Tacoronte in contempt would not be appropriate at this time.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

---

[11]  With respect to the judgment, Yun was jointly and severally liable for the judgment amount plus a civil penalty with a co-defendant who was "wholly unable to pay any portion of the judgment."  *Id.* at 1282 n.1.

1. Defendants Marc B. Cohen and Greenspoon Marder, P.A.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 (Doc. 97) is **GRANTED**.

2. Plaintiff Danielle Tacoronte is ordered to pay the reasonable attorney's fees and costs that Defendants have incurred in defending this case since the date Tacoronte filed her First Amended Complaint.

3. Defendants' Motion for Contempt and Sanctions (Doc. 99) is **DENIED**.

4. Defendants' Motion for Attorneys' Fees and Costs (Doc. 100) is **DENIED without prejudice to refiling** so that Defendants may present a single, comprehensive motion detailing the reasonable attorney's fees and costs they seek in light of this Order and the Court's March 4, 2014 Order (Doc. 86).

5. On or before fourteen (14) days from the date of this Order, Defendants shall renew their motion for attorney's fees and costs and provide an accounting of the costs, fees, and expenses sought.   Plaintiff may file a response in opposition on or before the later of:

> (1) fourteen (14) days from the date that Defendants timely renew their motion for attorney's fees and costs or

> (2) fourteen (14) days after the date Defendants are due to have renewed their motion for attorney's fees and costs.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of May, 2014.

 

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record