UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DANIELLE TACORONTE,**

            **Plaintiff,**

**-vs-**                                                  **Case No.  6:13-cv-418-Orl-18GJK**

**MARC B. COHEN, GREENSPOON MARDER, P.A.,**

            **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS  (Doc. No. 131)
>
> **FILED:** May 23, 2014
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.     BACKGROUND.**

The background facts of this case are set forth in the District Court's orders granting summary judgment (Doc. No. 120) in favor of Marc B. Cohen and Greenspoon Marder, P.A. (collectively, the "Defendants"), and granting their motion for Rule 11 sanctions against Plaintiff (Doc. No. 128).  Except as otherwise noted, those facts are adopted herein.

On March 15, 2013, Plaintiff filed a complaint against Defendants, Jodi Cohen, and Wells Fargo Bank, N.A., alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (the "FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* (the "FCRA"), and the Florida Consumer Collection Practices Act, § 559.72(9), Fla. Stat., *et. seq.* (the "FCCPA"), as well as conspiracy to defraud. Doc. No. 1-3. On June 12, 2013, the Court entered an order dismissing the complaint against Cohen without prejudice for failure to state a claim. Doc. No. 23. On July 12, 2013, by stipulation of the parties, Plaintiff's claims against Cohen were dismissed with prejudice. Doc. No. 35.

On August 15, 2013, Plaintiff filed a three-count amended complaint against Defendants, alleging violations of the FDCPA, the FCRA, and the FCCPA. Doc. No. 43.[1] On March 4, 2014, the Court entered an order granting Plaintiff's motion to dismiss Plaintiff's FDCPA and FCCPA claims with prejudice conditioned upon Plaintiff paying Defendants' attorneys' fees and costs associated with defending against those claims. Doc. No. 86 at 2-3. On April 14, 2014, the Court entered an order granting summary judgment in favor of Defendants as to Plaintiff's FCRA claim. Doc. No. 120 at 6. On May 9, 2014, the Court entered an order granting Defendants' motion for Rule 11 sanctions and ordered Plaintiff to pay the reasonable attorneys' fees and costs Defendants have incurred since the date Plaintiff filed the amended complaint – August 15, 2013. Doc. No. 128 at 21.

In its order granting Rule 11 sanctions, the Court stated that "[e]ach of [Plaintiff's] claims lacked arguable merit." Doc. No. 128 at 7. The Court found that Plaintiff's allegations in the amended complaint under the FDCPA were clearly barred on their face by the statute of

---

[1] The amended complaint did not raise any claims against Wells Fargo Bank, N.A., and it is no longer a party to this action. *See* Doc. No. 128 at 4 (explaining same).

2

limitations, and Plaintiff was alerted to the limitations period issue prior to filing the amended complaint. Doc. No. 128 at 9. The Court further found that Plaintiff's FDCPA claims "were brought without evidentiary support and without any reasonable expectation that the discovery process would produce any evidentiary support for these claims." Doc. No. 128 at 11. *See also Id*. at 12-14 (finding Plaintiff failed to provide "a single citation to any primary legal authority" supporting Plaintiff's legal theory of liability). With respect to Plaintiff's claims under the FCCPA and the FCRA, the Court found that they lacked evidentiary support or arguable legal merit. *Id*. at 14-17. The Court concluded:

> In sum, it is clear that prior to filing the First Amended Complaint, [Plaintiff's] counsel failed to conduct a reasonable inquiry into the facts of this case and the relevant law. Further, after reviewing the pleadings, motions, and other materials in this case, the Court is left with the general impression that [Plaintiff] initiated and prosecuted this case – including by filing her First Amended Complaint – solely in the interest of vexatious retaliation towards Wells Fargo and its attorneys. . . . In other words, the claims [Plaintiff] brought . . . were frivolous, presented for the improper purpose of harassment, and asserted without evidentiary support through further investigation or discovery. Rule 11 forbids such conduct. Therefore, pursuant to Rule 11, the Court will order [Plaintiff] to pay the reasonable attorney's fees and costs that Defendants have incurred in defending this case since the date [Plaintiff] filed her First Amended Complaint.

Doc. No. 128 at 17-18. In addition, the Court awarded Defendants their reasonable attorneys' fees and costs from the date Plaintiff filed the amended complaint – August 15, 2013 – pursuant to the Court's inherent authority and under 15 U.S.C. § 1681n(c) with respect to Plaintiff's FCRA claim. Doc. No. 128 at 18-19.

On May 23, 2014, Defendants filed a Motion for Attorneys' Fees and Costs (the "Motion"), seeking to quantify the amount of attorneys' fees and costs. Doc. No. 131.

Defendants request a total award of $200,089.77, representing $198,787.81 in attorneys' fees and $1,301.96 in costs. Doc. No. 131 at 2. In support of the Motion, Defendants provide a detailed affidavit and time sheet showing the number of hours worked by each individual who performed each task, the blended hourly rate for that individual, a description of each task, and the amount of time expended. Doc. Nos. 131-1 at 6, 9-46. The chart below reflects the blended hourly rate for the partner/shareholders, associates, and paralegals who worked on the case, the total number of hours expended by those groups, and Defendants' own reduction for billing judgment:

| **Attorney / Paralegal** | **Hours Expended** | **Hourly Rate** | **Fees** |
|---|---|---|---|
| Partner/Shareholder | 350.1 | $327.44 | $114,636.74 |
| Associate | 572 | $184.60 | $105,591.20 |
| Paralegal/Law Clerk | 39.9 | $78.03 | $3,113.40 |
| Subtotal | | | $223,341.34 |
| Reduction for Billing Judgment | | | ($24,554.68) |
| **TOTAL** | 962 | | **$198,786.66** |

Doc. No. 131-1 at 6.[2] Thus, Defendants request an award of attorneys' fees for $198,786.66 based upon 962 hours of work, which includes a reduction of $24,554.68 – roughly 11% of the gross amount of attorneys' fees requested – by Defendants for the exercise of billing judgment. Doc. No. 131-1 at 6.[3] Setting aside Defendants' reduction for billing judgment, the total amount of attorneys' fees claimed is $223,341.34. Defendants also provide the affidavit of an outside fee expert, Jay A. Gayoso, Esq., who opines that the hourly rates requested, number of hours incurred, and the exercise of billing judgment are reasonable. Doc. No. 131-2 at 1-7. With

---

[2] The chart above reflects accurate calculations based upon the number of hours and the blended hourly rates provided by Defendants. Thus, the total amount of attorneys' fees requested by Defendants – $198,787.81 – is miscalculated by $1.15. *Compare* chart supra p. 4 *with* Doc. No. 131-1 at 6.

[3] Neither the Motion nor the supporting documentation provides a detailed description or an itemization of the $24,554.68 that Defendants excised from their request for attorneys' fees. Doc. Nos. 131-1 at 1-46. As set forth below, the Court cannot determine which hours or entries the Defendants excised to reach their $24,555.68 or if Defendants simply determined that an 11% reduction of the total amount of attorneys' fees claim is reasonable. Nevertheless, for the reasons set forth below the undersigned finds that an 11% reduction is insufficient.

respect to costs, Defendants request $1,301.96, which represents the cost of Plaintiff's deposition transcript. Doc. No. 131-1 at 7.

On June 19, 2014, Plaintiff filed a response (the "Response") to the Motion. Doc. No. 134.[4] In general, Plaintiff argues that the Court should either deny the Motion because the amount of attorneys' fees and costs sought "is so exorbitant and excessive," or "drastically reduce" the amount of attorneys' fees awarded. Doc. No. 134 at 2. More specifically, Plaintiff argues that the Court should award Defendants a maximum hourly rate of $300.00 for the partners/shareholders who worked on the case (Doc. No. 134 at 5-7), and apply an across-the-board reduction in the 962 hours of work requested by 67% to 75% (*Id*. at 6-9). In support, Plaintiff attaches the affidavit of Ernest H. Kohlmyer, III, Esq., an outside fee expert, who avers that a reasonable hourly rate for partners/shareholders in this community is $300.00 per hour, the number of hours requested are "grossly excessive," and the total amount of attorneys' fees and costs awarded should be between $45,000.00 and $50,000.00. Doc. Nos. 134-1 at 3-4; 134-2 at 2-15. Plaintiff does not object to the hourly rates requested by Defendants' associates and paralegals or law clerks. Doc. No. 134-2 at 3. Neither the Response nor Mr. Kohlmyer's affidavit contain a specific objection as to the amount of costs requested. Doc. Nos. 134, 134-1, 134-2.

---

[4] The Response is somewhat confusing because Plaintiff repeatedly refers to himself as the "Defendant," while other times correctly identifying himself as the "Plaintiff." *See* Doc. No. 134 at 1 (title of Response), 3 ("Plaintiff understands that the Defendants were ordered to pay the Defendants reasonable attorney fees pursuant to the Court's Order. . . ."), 4 ("Defendant requests the court to ignore Defendants suggestion in the [Motion]. . . ."), 8 ("Plaintiff seeks an across-the-board reduction of at least 67% to 75% as a reasonable reduction. . . ."). Nevertheless, the undersigned was able to discern Plaintiff's arguments.

5

## II.     ANALYSIS.

In the Eleventh Circuit, reasonableness is generally determined using the familiar lodestar approach. "The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party moving for fees has the burden of establishing that the hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). In making such determinations, the Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended. *Norman*, 836 F.2d at 1303; *Loranger*, 10 F.3d at 782.

### A. Reasonable Hourly Rate.

With respect to the requested hourly rates, the only issue here is reasonableness of the hourly rate requested for the partners/shareholders. Doc. No. 134 at 5-7. Courts determine a reasonable hourly rate by considering the prevailing market rate in the relevant legal community – Orlando, Florida – for similar services by similarly situated attorneys. *Gaines v. Dougherty Cnty. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985). In this case, Defendants seek a blended hourly rate of $327.44 for the partners/shareholders who performed work on this case. Doc. No. 131 at 8. The supporting documentation shows that five (5) partners/shareholders worked on this case – Richard W. Epstein, Esq., Haas Hatic, Esq., Rebecca Faith Bratter, Esq., Jeffrey A. Backman, Esq., and John H. Pelzer, Esq. *See generally* Doc. No. 131-1 at 26, 34, 48-55.

Judges within this District have approved hourly rates ranging from $275.00 to $394.00 per hour as reasonable for attorneys with more than fifteen years' experience in FDCPA cases. *See Cook v. Law Offices of Forster & Garbus*, No. 6:10-cv-934-Orl-28KRS, 2010 WL 4941439, at *3 (M.D. Fla. Nov. 3, 2010) (citing authority within the District). However, not all of the partners who performed work on this case have more than fifteen years' experience. Messrs. Epstein and Hatic have more than fifteen years' experience in FDCPA cases, but Ms. Bratter and Mr. Backman have less than fifteen years' experience, and no information has been provided with respect to Mr. Pelzer. Doc. No. 131-1 at 48-55. Courts within the Orlando Division of the Middle District of Florida have routinely found that $300.00 per hour is a reasonable hourly rate for partner level work in consumer protection litigation. *See Walker v. Ruben & Rosenthal, Inc.*, No. 6:13-cv-798-Orl-18DAB, 2013 WL 5720248, at *7 (M.D. Fla. Oct. 21, 2013) (citing authority). Moreover, Plaintiff has provided evidence from its fee expert, Mr. Kohlmyer, supporting an award of $300.00 per hour as a reasonable hourly rate in the Orlando market. Doc. Nos. 134-1 at 3; 134-2 at 2-3. Based on the foregoing, it is **RECOMMENDED** that the Court find the reasonable hourly rate for the partners/shareholders who worked on this case is $300.00 per hour. It is further **RECOMMENDED** that the Court approve as unopposed the hourly rates requested by the associates and paralegals/law clerks.

    B.    **Reasonable Hours.**

When submitting the hours reasonably expended, the moving party must exercise "billing judgment." *Hensley*, 461 U.S. at 434. This requires the moving party to exclude hours that are "redundant, excessive, or otherwise unnecessary." *Id.* The court will excise redundant, excessive or unnecessary hours when a party fails to. *See Am. Civil Liberties Union of Ga. v.*

7

*Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). In proving reasonable hours, a movant "should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so [the court] can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. A party opposing a fee application should also submit objections and proof that are "specific and reasonably precise" concerning those hours that should be excluded. *Barnes*, 168 F.3d at 428. A fee opponent's failure to explain with specificity the particular hours he views as unnecessary or duplicative is generally fatal. *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387 (11th Cir. 1997).

"When a district court finds the numbers of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board-cut." *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Thus, the Court has the discretion to provide an across-the-board cut in the number of hours claimed if it concludes that the number of hours claimed is excessive. *Galdames v. N&D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (citing *Bivins*, 548 F.3d at 1350).

In this case, Defendants seek an award of attorneys' fees for 962 hours of work performed in a straightforward consumer protection case that was facially and fatally flawed from the outset. For the reasons set forth below, the undersigned finds that the number of hours requested is unreasonably high and that an hour-by-hour analysis is impractical. Thus, it is **RECOMMENDED** that the Court find that an across-the-board cut in the number of hours is appropriate.

1. Unreasonably High.

As set forth above, Defendants are entitled to their reasonable attorneys' fees from August 15, 2013, for defending against Plaintiff's frivolous claims. Doc. No. 128 at 14-19. However, as the Court noted in the Rule 11 sanctions order, Plaintiff's claims were clearly barred by the statute of limitations and brought without evidentiary support or arguable legal merit. Doc. No. 128 at 7-21. Setting aside the frivolous nature of Plaintiff's claims, consumer protections cases under Plaintiff's legal theories are straightforward. Thus, the undersigned finds that on its face 962 hours of work in this matter from August 15, 2013 through May 9, 2014, the date the Rule 11 order was entered, is patently unreasonable.

2. Redundant Entries.

Defendants' time sheets demonstrate numerous instances of redundant time entries performed by multiple attorneys. *See generally* Doc. No. 131-1 at 10-46. For example, Defendants' time records show that four partners/shareholders and two associates expended approximately 66.4 hours researching, drafting, editing, and conferring with respect to Defendants' motion for summary judgment (Doc. No. 70) and a notice of supplemental authority related thereto (Doc. No. 76). *See* Doc. No. 131-1 at 25, 28-31. While the motion for summary judgment was well drafted and supported, having six different attorneys spending more than sixty (60) hours on such a motion, considering the facts of this particular case and the legal theories presented, is redundant and excessive. Similarly, time records show that three partners, two associates, and one paralegal spent approximately 46.3 hours over seven calendar days researching, drafting, editing, and conferring on a garden-variety motion for protective order

related to a third-party subpoena (Doc. No. 60). *See* Doc. Nos. 131-1 at 20-22.[5] Thus, Defendants' counsel essentially expended 112.7 hours of work on two motions. The undersigned finds such work was clearly excessive in this case.

        3. Block Billing.

Courts in this District have found that one basis for employing an across-the-board reduction in the number of hours requested is where the fee applicant engages in block billing, "which refers to the practice of including multiple distinct tasks within the same time entry." *Hiscox Dedicated Corporate Member, Ltd. v. Matrix Grp., Ltd., Inc.*, No. 8:09-cv-2465-T-33AEP, 2012 WL 2226441, at *4 (M.D. Fla. June 15, 2012) (citing authority). In this case, some of Defendants' time records constitute block billing. Doc. No. 131-1 at 9-46. The chart below reflects a sample of such entries:

| Date | Entry | Hours |
|---|---|---|
| 11/13/13 | Conferred with MHL re: Motion to Compel Discovery; Reviewed and analyzed Local Rules; reviewed and analyzed Federal Rules of civil procedure relating to RFP; Interrogatories, and Motions to Compel Discovery; phone correspondence with Equifax re: Subpoena; Phone correspondence with Transunion re: Subpoena | 3.8 |
| 12/3/13 | Drive to/from Orlando for deposition; deposition prep; Take Deposition of [Plaintiff]; multiple correspondence with OC re: mediation, confidentiality order, and documents; Correspondence with Equifax | 12.5 |
| 12/4/13 | Correspondence with JAB, RWE, and HAH re: outcome of deposition; Correspondence with Cohen re: same and mediation info; Correspondence with RWE re: mediation statement; continue drafting same | 5.4 |

Doc. No. 131-1 at 19, 23. While Defendants did submit many time entries that include specific amounts of time for each distinct task within a single entry (*see* Doc. No. 131-1 at 10), the time

---

[5] The motion for protective order, which was granted as unopposed because Plaintiff failed to file a timely response (*see* Doc. No. 65), involved a challenge to the scope of a third-party subpoena, the procedural propriety thereof under Rule 45, Federal Rules of Civil Procedure, and Defendants' assertion of privacy to some of the information sought. Doc. No. 60 at 1-4.

sheets clearly contain impermissible block billing entries, which warrants an across-the-board cut in the number of hours.

        4. Vague Entries.

As noted by Plaintiff's fee expert, Defendants' time sheets also contain numerous, largely vague entries for a significant number of hours worked by partners/shareholders. *See* Doc. No. 134-2 at 10-13. For example on November 25, 2013, a partner expended 8.2 hours performing the following: "Attention to issue analysis and major revisions to motion for protective order against non-party subpoena served on Equifax." Doc. No. 131-1 at 21. The following day that same partner expended 3.7 hours performing: "Ongoing attention to motion for protective order vis-à-vis Equifax based on plaintiff's third subpoena, including additional legal research." Doc. No. 131-1 at 22. The partner at issue has over twenty (20) years' experience in complex commercial litigation. Doc. No. 131-1 at 50. It is entirely unclear from the time entries why a partner of such skill and experience would require more than eleven (11) hours to analyze, revise, and research a discovery matter, especially when other partners and associates were also working on the same issues at the same time. *See* Doc. No. 131-1 at 21-22. Thus, Defendants' time records contain vague entries that do not clearly support the number of hours claimed.

        5. Application.

Due to Defendants' unreasonably high number of hours requested (962), redundant entries, block billing, and vague entries described above, the undersigned finds that it is impractical to engage in a hour-by-hour review and that an across-the-board cut in the number of hours is warranted. *See Hiscox Dedicated*, 2012 WL 2226441, at *4. As set forth above, Defendants have made some effort to exercise billing judgment in this case by reducing the gross

amount of attorneys' fees requested in their Motion by $24,554.68 or roughly 11%. *See* Doc. No. 131-1 at 6. However, Defendants provide no information, which would allow the Court to determine the reasonableness of those reductions. For example, it is unclear whether Defendant chose to excise certain hours or entries or simply determined that an 11% reduction in the total amount of fees requested was appropriate.

Because Defendants failed to specify how they arrived at their proposed $24,554.68 reduction the undersigned has no basis to determine what hours worked and/or billable hour rates were included in the proposed reduction. Therefore, the undersigned disregarded that proposed reduction and reviewed the total amount of fees included in the affidavits Defendants submitted to the Court. After carefully reviewing the time records, the docket, and other supporting documents provided by the parties, the undersigned finds that the Defendants' reduction is insufficient to account for the redundant and excessive number of hours claimed in this case. Upon review, the undersigned finds that a 45% reduction, across-the-board, in the total number of hours requested is necessary to account for the redundant and excessive hours claimed. Based on this record, it is **RECOMMENDED** that the Court find that a 45% reduction, across-the-board, in the number of hours requested is warranted and reasonable in this case.

### C. Lodestar.

The chart below reflects the undersigned's above-stated recommendations:

| Attorney / Paralegal | Hours Expended | Hourly Rate | Fees |
|---|---|---|---|
| Partner/Shareholder | 192.55 (45% less than 350.1) | $300.00 | $57,765.00 |
| Associate | 314.6 (45% less than 572) | $184.60 | $58,075.16 |
| Paralegal/Law Clerk | 21.94 (45% less than 39.9) | $78.03 | $1,711.97 |
| **TOTAL** | 529.10 (45% less than 962) | | **$117,552.13** |

Accordingly, it is **RECOMMENDED** that the Court award Defendants a total of $117,552.13 in attorneys' fees, which reflects a reduction of the hourly rates for Defendants' partners/shareholders to $300.00 per hour, and an across-the-board cut in the total number of hours by 45%.

### D. Costs.

Defendants request an award of $1,301.96 in costs, representing the costs of Plaintiff's deposition transcript.  Doc. No. 131 at 2, 18.  Plaintiff does not specifically oppose Defendants' request in the Response, and such costs are taxable under 28 U.S.C. § 1920(2).   Doc. No. 134. Accordingly, it is **RECOMMENDED** that the Court award Defendants $1,301.96 in costs.

## III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT in part and DENY in part** the Motion (Doc. No. 131);

2. Award Defendants a total of $118,854.09, representing $117,552.13 in attorneys' fees and $1,301.96 in costs;

3. Direct the Clerk to enter judgment in the above-stated amounts against Plaintiff; and

4. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report **within fourteen (14) days** from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record